KATHRYN C. WANNER (Cal. Bar No. 269310)
Email: wannerk@sec.gov
M. LANCE JASPER (Cal, Bar No. 244516)
Email: jasperml@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Regional Director
Alka N. Patel, Associate Regional Director
Amy J. Longo, Regional Trial Counsel
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>ZACHARY J. HORWITZ; AND 1INMM CAPITAL, LLC,<br><br>Defendants. | Case No. **2:21-CV-02927-CAS-GJSx**<br><br>**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S *EX PARTE* APPLICATION FOR AN ORDER (1) FREEZING ASSETS; (2) REQUIRING AN ACCOUNTING; (3) PROHIBITING DESTRUCTION OF DOCUMENTS; AND (4) TO SET A HEARING ON ORDER TO SHOW CAUSE**<br><br>**(FILED UNDER SEAL)** |

Plaintiff Securities and Exchange Commission ("SEC") applies, pursuant to Fed. R. Civ. P. 65(b), for an *ex parte,* emergency order freezing the assets of Defendants Zachary J. Horwitz ("Horwitz") and 1inMM Capital, LLC ("1inMM") (collectively "Defendants"), requiring an accounting, prohibiting the destruction of documents, and setting a hearing on an order to show cause why the asset freeze should not continue until this matter is resolved on the merits. This Application is based on the SEC's Complaint, as well as its accompanying Memorandum of Points and Authorities, its supporting declarations and exhibits, and any such other evidence and argument as the Court may receive and permit.

### A.   Basis for Waiver of Notice under Rule 65(b)

Counsel for the SEC has not advised the Defendants of the date, time, or substance of its Application, and the SEC applies for an emergency asset freeze on an *ex parte* basis. Waiver of notice to the Defendants is appropriate, pursuant to Fed. R. Civ. P. 65(b) and Local Rule 7-19.2, because the specific facts set forth in the evidence submitted with the Application establishes that immediate and irreparable injury, loss, or damage will result if the Defendants are notified of the SEC's Application prior to it being heard. *SEC v. Schooler*, No. 12-CV-2164-LAB-JMA, 2012 WL 4049956, at *2 (S.D. Cal. Sept. 13, 2012). This is true because if the Defendants learn of the action prior to the asset freeze order being served on financial institutions and Horwitz's real estate professionals, they are likely to dissipate the profits obtained from their fraudulent conduct or take other action to frustrate collection, and the SEC will be unable to recover money damages.

As set forth in more detail in the SEC's supporting papers, this case concerns Defendants' false and misleading statements and deceptive acts concerning the sale of promissory notes issued by 1inMM. The purported purpose of those notes was to finance the acquisition and licensing of distribution rights in specific movies to major media companies, specifically, for the most part, Netflix of Home Box Office ("HBO"). To persuade investors to purchase the notes, Horwitz represented that he had experience

2

acquiring and licensing distribution rights in movies to HBO and Netflix, and that he had, in the past, used the profits from those transactions to repay investors in 1inMM's promissory notes. He sometimes showed investors fabricated documents to substantiate his claimed deals with HBO and Netflix. In reality, 1inMM and Horwitz had no relationship with either of those entities and never licensed any movie rights to either entity. Instead, Horwitz misappropriated investor funds for lavish personal spending, including $5,727,776 on purchasing a multi-million dollar home, and to pay putative returns on earlier investments.

In light of Defendants' fraudulent behavior and the fact that Horwitz appears to have no other assets beyond his personal home, which was purchased with investor funds and is currently on the market, there is a substantial risk that he will liquidate the house and dissipate the profits or take other actions to frustrate collections. As recently as February 2021, Horwitz transferred $23,756 from one 1inMM bank account to his personal account, leaving that 1inMM bank account with a balance of approximately $5. Pearson Decl. at ¶¶ 30(b) and 31(b). In addition, the only other 1inMM account has a balance of only $3,224 as of February 26, 2021, substantially less than the funds Horwitz raised. In view of the egregious nature of Defendants fraudulent activities, and Horwitz's ongoing effort to sell his home and liquidate those assets, an emergency action freezing Defendants' assets is necessary to protect against any further dissipation of assets and preserve critical records.

If the Defendants are given notice of the Application, they will have the ability to further dissipate and misuse funds, thus placing the funds beyond the reach of the Court. The danger of asset dissipation is a basis for granting a temporary restraining order without notice under Rule 65(b). *See, e.g., SEC v. Schooler*, No. 12–CV–2164–LAB–JMA, 2012 WL 4049956, at *2 (S.D. Cal. Sept. 13, 2012). The Court's immediate intervention is necessary to preserve the *status quo*.

B.   **Request to File the TRO Application under Seal**

Because its Application is made without notice, the SEC has concurrently filed a

separate *ex parte* application asking that the Court seal this Application and the supporting documents, and the Complaint. The requested sealing order is of limited duration. The SEC asks that the Complaint and Asset Freeze Application be sealed: (a) for two (2) business days after the Court issues its ruling on the Asset Freeze Application, or (b) upon application by the SEC to unseal, which shall be granted upon filing with the Clerk of the Court. No further order of the Court shall be necessary for the Clerk of Court to unseal the file. The SEC requests an order placing this case under seal to prevent notice to the Defendants, preserve assets, and preserve critical records, while the Court considers the Asset Freeze Application. If the papers are not filed under seal, posting them on PACER would make the Application and supporting papers publicly available, defeating the purpose of filing the Application without notice.

### C.  Relief Requested

As explained in the accompanying supporting papers, the SEC has demonstrated that it is likely to succeed on the merits, there is a basis to infer that the Defendants violated the securities laws, and that there is a likelihood of dissipation of the Defendants' profits from their fraudulent activities. Having made that showing, the SEC seeks a temporary order to freeze Defendants' assets, as they are substantially less than the $234 million outstanding to investors. The SEC further requests orders requiring the Defendants to provide an accounting and prohibiting the destruction of documents. Finally, the SEC requests an order to show cause why the asset freeze should not continue until this matter is resolved on the merits.

### D.  Local Rule 7-19 Disclosure

Pursuant to Local Rule 7-19, the SEC is aware that, at least as of March 11, 2021, the Defendants were represented by Michael J. Quinn and Ryan Hedges at Vedder Price, 1925 Century Park East, Suite 1900, Los Angeles, CA 90067, telephone number (424) 204-7734.

Counsel for the SEC has not advised the Defendants of the date, time, or substance of its Application, and the SEC applies for an emergency asset freeze on an

*ex parte* basis.  Waiver of notice to the Defendants is appropriate, pursuant to Fed. R. Civ. P. 65(b) and Local Rule 7-19.2, because, as explained above, the specific facts set forth in the evidence submitted with the Application establish that immediate and irreparable injury, loss, or damage will result if the Defendants are notified of the SEC's Application prior to it being heard.

Dated:  April 5, 2021               Respectfully submitted,


                                    */s/ Kathryn C. Wanner*
                                    KATHRYN C. WANNER
                                    M. LANCE JASPER
                                    Attorneys for Plaintiff
                                    Securities and Exchange Commission