KATHRYN C. WANNER (Cal. Bar No. 269310)
Email: wannerk@sec.gov
M. LANCE JASPER (Cal. Bar No. 244516)
Email: jasperml@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Regional Director
Alka N. Patel, Associate Regional Director
Amy J. Longo, Regional Trial Counsel
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>ZACHARY J. HORWITZ; AND 1INMM CAPITAL, LLC,<br><br>Defendants. | Case No. **2:21-CV-02927-CAS-GJSx**<br><br>**ORDER (1) FREEZING ASSETS; (2) REQUIRING AN ACCOUNTING; (3) PROHIBITING DESTRUCTION OF DOCUMENTS; AND (4) TO SET HEARING ON ORDER TO SHOW CAUSE**<br><br>**(FILED UNDER SEAL)** |

This matter came before the Court upon the Application of Plaintiff Securities and Exchange Commission ("SEC") for an Order (1) Freezing Assets; (2) Requiring An Accounting; (3) Prohibiting Destruction of Documents; and (4) To Set Hearing On Order to Show Cause (the "Asset Freeze Application").

The Court, having considered the SEC's Complaint, the Asset Freeze Application, the supporting Memorandum of Points and Authorities, the supporting declarations and exhibits, and the other evidence and argument presented to the Court, finds that:

A.  This Court has jurisdiction over the parties to, and the subject matter of, this action.

B.  The SEC has made a sufficient and proper showing as required by Section 20(b) of the Securities Act of 1933 ("Securities Act") (15 U.S.C. § 77t(b)), and Section 21(d) of the Securities Exchange Act of 1934 ("Exchange Act") (15 U.S.C. § 78u(b)) that it is likely to succeed on the merits of its claims that Zachary J. Horwitz ("Horwitz") and 1inMM Capital, LLC ("1inMM") (collectively "Defendants") violated Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a); Section 10(b) of the Securities Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

C.  Good cause exists to believe that, unless restrained and enjoined by order of this Court, Defendants will dissipate, conceal, or transfer assets which could be the subject to an order directing disgorgement or the payment of civil money penalties in this action. It is appropriate for the Court to issue this Order freezing assets so that prompt service on appropriate financial institutions can be made, thus preventing the dissipation of assets.

///
///

D. Good cause exists to believe that an immediate sworn accounting of assets is necessary to identify the source and location of Defendants' assets.

E. Good cause exists to believe that, unless restrained and enjoined by order of this Court, Defendants may alter or destroy documents relevant to this action.

## I.

IT IS HEREBY ORDERED that the SEC's Asset Freeze Application is GRANTED.

## II.

IT IS FURTHER ORDERED that, pending further action by this Court,

A. All assets, funds, or other property of Defendants, wherever located or by whomever held, and whether acquired before or after institution of this action, are frozen (with allowance for necessary and reasonable living expenses to be granted by this Court only upon good cause shown by application to the Court with notice to and an opportunity for the SEC to be heard);

B. Defendants and their agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, and each of them, shall hold and retain within their control, and otherwise prevent any disposition, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal whatsoever (including the use of any credit cards or other incurring of debt) of any of their funds, property (including money, virtual currency or other digital asset, real or personal property, tangible assets, securities, commodities, choses in action, or other property of any kind whatsoever, in whatever form such assets may exist and wherever located) or other assets or things of value held by them, under their control or over which they exercise actual or apparent investment or other authority, in whatever form such assets may presently exist and wherever located.

1  This Order specifically applies, but is not limited, to the following real
2  property:

| Property Address | Owners |
|---|---|
| 9615 Bolton Road<br>Los Angeles, CA 90034 | MJLZ Trust, a beneficial trust set up on behalf of Zachary J. Horwitz and his spouse. |

C. Any bank, financial, brokerage institution, or other person or entity holding any funds, securities or other assets in the name of, for the benefit of, or under the control of Defendants and their family members, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with him, shall hold and retain within their control and prohibit the withdrawal, removal, transfer or other disposal of any such funds or other assets.

This Order specifically applies, but is not limited, to the following accounts:

| BANK NAME | ACCOUNT NAME | ACCOUNT NO. |
|---|---|---|
| City National Bank | 1inMM Capital, LLC | XXXXX0290 |
| City National Bank | 1inMM Capital, LLC | XXXXX2944 |
| City National Bank | Zachary J. Horwitz | XXXXX5270 |
| City National Bank | 1inMM Productions | XXXXX1130 |
| City National Bank | MJLZ Trust Account | XXXXX0501 |
| City National Bank | Zachary J. Horwitz | XXXXX9641 |
| City National Bank | One N Million | XXXXX0616 |
| City National Bank | Rogue Black LLC | XXXXX1710 |
| City National Bank | LayJax Ventures | XXXXX7302 |

D. No person or entity, including the Defendants or any creditor or claimant against them or any person acting on behalf of such creditor or claimant, shall take any action to interfere with the asset freeze, including, but not limited to, the filing of any lawsuits (whether to recover assets or seek relief from Defendants or to seek relief on behalf of Defendants), liens, or encumbrances, or bankruptcy

3

cases to impact the property and assets subject to this order; provided, however, that any party or non-party may seek leave from this order upon a proper showing.

E.   Copies of this Order may be served by any means, including facsimile transmission and email, upon any entity or person that may have possession, custody, or control of any assets of Defendants that may be subject to any provision of this Order.

### III.

IT IS FURTHER ORDERED that Defendants within five days of the issuance of this Order, shall prepare and deliver to the SEC a detailed and complete schedule of all personal assets, including all real and personal property exceeding $5,000 in value, including all property held in trust, and all bank, securities, and other accounts identified by institution, branch address and account number. The accounting shall include a description of the sources of all such assets. Such accounting shall be filed with the Court and a copy shall be delivered to the SEC to the attention of Kathryn C. Wanner, counsel for the SEC. After completion of the accounting, Defendants shall produce to the SEC at a time agreeable to the SEC, all books, records and other documents supporting or underlying their accounting.

### IV.

IT IS FURTHER ORDERED that any person who receives actual notice of this Order by personal service or otherwise, and who holds, possesses or controls assets exceeding $5,000 for the account or benefit of the Defendants, shall within 5 days of receiving actual notice of this Order provide counsel for the SEC with a written statement identifying all such assets, the value of such assets, or best approximation thereof, and any account numbers or account names in which the assets are held.

### V.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, Defendants, and their agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this

1  Order, by personal service or otherwise, and each of them, be and hereby are
2  temporarily restrained and enjoined from, directly or indirectly: destroying,
3  mutilating, concealing, transferring, altering, or otherwise disposing of, in any
4  manner, any documents, which includes all books, records, computer programs,
5  computer files, computer printouts, contracts, emails, correspondence, memoranda,
6  brochures, or any other documents of any kind in their possession, custody or control,
7  however created, produced, or stored (manually, mechanically, electronically, or
8  otherwise), pertaining in any manner to Defendants.

## VI.

IT IS FURTHER ORDERED that this Asset Freeze Order shall expire at 12:00 P.M. on April 19, 2021 unless for good cause shown it is extended or the parties against whom it is directed consent that it may be extended for a longer period.

## VII.

IT IS FURTHER ORDERED that at 10:00 A.M. on April 19, 2021, or as soon thereafter as the parties may be heard, the Defendant shall appear before the Honorable Christina A. Snyder, Judge of the United States District Court for the Central District of California, to show cause, if there be any, why the asset freeze should not continue until this matter is determined on the merits.  Any declarations, affidavits, points and authorities, or other submissions in support of, or in opposition to, the issuance of such an Order shall be filed with the Court and emailed to Kathryn C. Wanner, counsel for the SEC, at wannerk@sec.gov, and the offices of the Defendants or their attorneys no later than 4:00 P.M. on April 13, 2021.  Any reply papers shall be filed with the Court and delivered to opposing counsel no later than 4:00 P.M. on April 15, 2021.

/ / /
/ / /
/ / /
/ / /

## VIII.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction over this action for the purpose of implementing and carrying out the terms of all orders and decrees which may be entered herein and to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

IT IS SO ORDERED.

Dated: April 6, 2021

*/s/ Christina A. Snyder*
CHRISTINA A. SNYDER,
UNITED STATES DISTRICT JUDGE

Presented by:
Kathryn C. Wanner
M. Lance Jasper
Attorneys for Plaintiff
Securities and Exchange Commission