**VEDDER PRICE (CA) LLP**
Michael Quinn, Bar No. 198349
mquinn@vedderprice.com
Ryan S. Hedges, Bar No. 217617
rhedges@vedderprice.com
1925 Century Park East, Suite 1900
Los Angeles, California 90067
T: +1 424 204 7700
F: +1 424 204 7702

Attorneys for Defendants
*Zachary J. Horwitz and 1inMM Capital, LLC*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ZACHARY J. HORWITZ; and 1INMM CAPITAL, LLC,<br><br>Defendants. | Case No. 2:21-CV-02927-CAS-GJSx<br><br>**DEFENDANT ZACHARY HORWITZ'S <u>RESPONSE</u> TO THE GOVERNMENT'S OBJECTION TO NOTICE OF RELATED CASES**<br><br>*[Filed concurrently with Defendant's Response in United States v. Horwitz, 2:21-CR-00214-MCS]*<br><br>Judge: Christina A. Snyder |

Defendant Zachary J. Horwitz ("Horwitz") hereby submits the following response to the Government's Objection to Horwitz's Notice of Related Cases. Horwitz's Notice of Related Cases was filed with the Honorable Mark C. Scarsi (ECF No. 27) and the Honorable Christina A. Snyder (ECF No. 36). The Government's Objection was filed with the Honorable Mark C. Scarsi (ECF No. 30), but was not filed with the Honorable Christina A. Snyder. A copy of the Government's Objection is attached hereto as **Exhibit A**.

**PRELIMINARY STATEMENT**

Contrary to the Government's argument, no rule prevents this Court from managing its own docket or ensuring the fair administration of justice, including by determining that *United States v. Horwitz*, Case Number 2:21-cr-00214-MCS, is a related case and reassigning the matter to the Honorable Christina A. Snyder, who is already considering the same facts and determinations of law in two other matters.[1] Federal Rule of Civil Procedure 83(b) specifically allows a Court to regulate practice in any manner consistent with federal rules and the district's local rules.  The Local Rules of this Court do not limit that discretion, and do not attempt to limit the jurisdiction of Article III judges to manage their dockets, particularly when it comes to deciding that two cases are related.

There is good reason to exercise that discretion here because the claims in *United States v. Horwitz*, Case Number 2:21-cr-00214-MCS, arise from the same facts, call for the same determinations of law, and would entail substantial duplication of labor if heard by different judges.  Keeping these matters before separate judges effectively provides the Government – the plaintiff in both cases – with two bites at the apple on these questions of fact and law, which is precisely what the Local Rules intended to prevent by obligating parties to notify the Court of related cases.

**ARGUMENT**

**I.   Federal and Local Rules Permit Courts to Deem Civil and Criminal Actions Related.**

The Government argues that the Local Rules of this Court "make[] it clear that a criminal case cannot be deemed related to a civil case."  Gov. Obj. at 7.  The Government is wrong.  Federal Rule of Civil Procedure 83(b), provides that "[a] judge may regulate practice in any manner consistent with federal law, rules adopted

---

[1] The Court previously determined that *Whitmore et al. v. Horwitz et al.*, case number 2:21-cv-03393-CAS-GJS, is related to the SEC case and reassigned the *Whitmore* case to Judge Snyder on that basis.

under 28 U.S.C. §§2072 and 2075, and the district's local rules."  Local Rule 83-1.3, which is based on Federal Rule of Civil Procedure 83(b), speaks to when a party is required to file a Notice of Related Cases.  It reads: "It *shall* be *the responsibility of the parties* to promptly file a Notice of Related Cases whenever two or more civil cases filed in this District" meet certain criteria.  (emphasis added).  Simply put, the Federal Rules provide a judge with discretion and the Local Rules do not limit that discretion.   Rather, the Local Rules obligate *the parties* to assist the judge in exercising discretion by notifying the particular judge(s) of related cases.  Local Rule 83-1.3 does not prevent a party from drawing the Court's attention to a criminal case that also meets the criteria.

The same is true of Local Criminal Rule 7-4, which also specifies when a party must file a Notice of Related Cases in a criminal matter.  It reads: "It *shall* be *the responsibility of the parties* to promptly file a Notice of Related Cases whenever a criminal case previously filed and one or more informations or indictments later filed" meet certain criteria.  (emphasis added).  Local Criminal Rule 7-4 does not limit a judge's discretion nor does it prevent a party from drawing the Court's attention to a civil case that also meets the criteria.

The Government wholly disregards the relevant Federal Rule of Civil Procedure, the statutory basis from which the Local Rules are derived, and mischaracterizes the nature of the Local Rules.  These Local Rules do not concern when this Court may deem two cases related, rather they speak to when a party is obligated to assist a judge in exercising that discretion by filing a Notice of Related Cases.  Nothing in the Local Rules "makes clear that a criminal case cannot be deemed related to a civil case," contrary to the government assertions.  Gov. Obj. at 6.  In fact, drawing the Court's attention to a criminal matter that arises from the same facts and calls for the same determinations of law is consistent with the spirit of the Local Rules, which are intended to avoid substantial duplication of labor in the proceedings if heard by different judges.

It is worth noting that the local rules of other federal courts do address when a court may deem two cases related.  For example, Local Rule 123 of the U.S. District Court for the Eastern District of California defines related cases in a manner that does not distinguish between civil and criminal matters and imposes a broader duty on counsel when it is necessary to file a Notice of Related Cases.  *See also* Local Rule 3-12 of the U.S. District Court for the Northern District of California.  These local rules make it clear that nothing in the Federal Rules prevents a District Court from deeming a civil and criminal case to be related.  In fact, these local rules make it clear that other federal courts encourage assigning criminal and civil matters to the same judge.

Moreover, these other local rules of other courts articulate what conditions must be met in order for two cases to be considered related.  E.D. Cal. L.R. 123(a); N.D. Cal. L.R. 3-12(a).  In contrast, the Local Rules of this Court *do not* impose such limitations on a judge's discretion.  If this Court intended its Local Rules to prevent a criminal case from being deemed related to a civil case, it would have said so explicitly.

## II.   <u>There is Good Cause to Find the Criminal Matter Is Related to the Civil Matters.</u>

As Horwitz explained in his Notice of Related Cases, the civil and criminal matters arise out of the same transactions, happenings, or events and call for the determination of the same or substantially similar questions of law and fact.  For example, both matters require threshold determinations as to whether certain promissory notes constitute "securities" as defined by the Securities and Exchange Act of 1934.  Determining these issues would entail unnecessary duplication and expense of the Court's resources if heard by different judges and could result in inconsistencies.

Whether two judges would be deciding the same issues of fact and law is the critical consideration to evaluate whether the Court should deem the two cases

related.  The Government does not dispute that both judges would be deciding the same facts and law – the government simply ignores the duplication of effort.  This is particularly concerning because the Government benefits from the duplication of efforts—it effectively receives two opportunities to have a judge decide certain threshold questions in its favor.  For example, if one judge does not find the promissory notes at issue in these actions are "securities" as defined by the Securities and Exchange Act of 1934, the Government has a second chance to convince the other judge.

The reasons offered by the Government as to why a transfer is not justified are unfounded.  First, the Government argues that "the rules and statutes governing prompt discovery and speedy trial in criminal cases" means "there is a stronger argument in favor of transferring the SEC case to [the criminal] Court's docket in the interest of efficiency."  Gov. Obj. at 7.  However, the rules and statutes governing criminal proceedings will apply regardless of whether the criminal matter is transferred to Judge Snyder.  There is no doubt that Judge Snyder would apply the appropriate laws in Horwitz's criminal case.  The Government points to no efficiency that is obtained by keeping the cases unrelated and/or keeping the matter with Judge Scarsi.

Second, the Government suggests that we look to the progress of each case, but  at the same time ignores that Judge Snyder has spent substantially more time with the facts of the matter and that the SEC matter is far more developed than the criminal case.  This matter has been before Judge Snyder since April 5, 2021, when the Securities and Exchange Commission complaint was filed.  Since that time, Judge Snyder has issued several orders, including Ordering a Temporary Restraining Order (ECF No. 18) after considering the facts set forth in nine factual declarations (ECF Nos. 6-14).  Notably, and contrary to the Government's claim, these facts *do* relate to the merits.  The criminal matter, however, was initiated by a criminal complaint and was before Magistrate Judge Rosenbluth until an indictment was returned on

May 4, 2021 and the matter was then assigned to Judge Scarsi.  Judge Scarsi has yet to issue an order in the criminal matter, and post-indictment arraignment is not scheduled to occur until May 13, 2021.

Third, the Government argues that both the civil and criminal actions "commenced on the same day."  Gov. Obj. at 7.  To the extent the Government views these matters as commencing on the same day, that is additional evidence that the matters are related.  The Government suggests that this purported tie goes to the criminal matter.  But a criminal complaint is not equivalent to a civil complaint for purposes of commencing an action.  The indictment, which is necessary to initiate the criminal matter, was not filed until a month after the civil complaint.  Before that indictment was filed, the criminal proceedings were heard before a magistrate judge who is no longer assigned to the matter.

Finally, the Government speculates that deeming these cases related might encourage forum shopping.  But this appears to be precisely what the Government is itself doing here.  The Government offers no principled reason why the criminal case should not be transferred to Judge Snyder, but rather misreads the Local Rules in an effort to avoid the matters being deemed related.  This is particularly concerning because keeping these matters before separate judges effectively provides the Government with two chances to have critical threshold questions decided in its favor, which is precisely what the Local Rules were intended to prevent.

//

//

//

//

//

//

//

//

1

**III.    Conclusion**

2

For the foregoing reasons, Horwitz respectfully requests *United States v.*

3

*Horwitz*, Case Number 2:21-cr-00214-MCS, be deemed related to this matter and

4

assigned to the Honorable Christina A. Snyder.

5

Dated:          May 11, 2021                    VEDDER PRICE (CA), LLP

6

7

8

By: /s/ Ryan S. Hedges

9

Michael Quinn
Ryan S. Hedges

10

Attorneys for Defendants

11

*Zachary J. Horwitz and 1inMM*

12

*Capital, LLC*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

```
1   TRACY L. WILKISON
    Acting United States Attorney
2   BRANDON D. FOX
    Assistant United States Attorney
3   Chief, Criminal Division
    ALEXANDER B. SCHWAB (Cal. Bar No. 283421)
4   DAVID H. CHAO (Cal. Bar. No. 273953)
    Assistant United States Attorneys
5   Major Frauds Section
         1100 United States Courthouse
6        312 North Spring Street
         Los Angeles, California 90012
7        Telephone: (213) 894-1259/4586
         Facsimile: (213) 894-0141
8        E-mail:    alexander.schwab@usdoj.gov
                    david.chao@usdoj.gov
9
    Attorneys for Plaintiff
10  UNITED STATES OF AMERICA
```

11            UNITED STATES DISTRICT COURT

12         FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 13  UNITED STATES OF AMERICA, | No. CR 21-214-MCS |
| 14          Plaintiff, | GOVERNMENT'S OBJECTION TO NOTICE OF RELATED CASES |
| 15              v. | |
| 16  ZACHARY JOSEPH HORWITZ, | |
|         aka "Zach Avery," | |
| 17 | |
|          Defendant. | |
| 18 | |

19

20       Plaintiff United States of America, by and through its counsel

21  of record, the Acting United States Attorney for the Central District

22  of California and Assistant United States Attorneys Alexander B.

23  Schwab and David H. Chao, hereby files its Objection to defendant

24  Zachary Joseph Horwitz's Notice of Related Cases (Dkt. 27.)

25  //

26  //

27  //

28  //

1      This Objection is based upon the attached memorandum of points

2 and authorities, the files and records in this case, and such further

3 evidence and argument as the Court may permit.

4 Dated: May 10, 2021                    Respectfully submitted,

5                                        TRACY L. WILKISON
                                         Acting United States Attorney
6
                                         BRANDON D. FOX
7                                        Assistant United States Attorney
                                         Chief, Criminal Division
8

9                                        _____/s/_____
                                         ALEXANDER B. SCHWAB
10                                       DAVID H. CHAO
                                         Assistant United States Attorneys
11
                                         Attorneys for Plaintiff
12                                       UNITED STATES OF AMERICA

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

The government objects to defendant's Notice of Related Cases. (Dkt. 27.) The notice is not permitted under the Local Rules in this district and has no legal basis. Even if the Court were inclined to entertain it, the notice lacks merit because the civil action before the Honorable Christina Snyder was not filed first and has not progressed beyond this case. For these reasons, discussed further below, defendant's Notice of Related Cases should be stricken.

### II. STATEMENT OF FACTS

On April 5, 2021, the government filed a criminal complaint against defendant charging him with wire fraud, in violation of 18 U.S.C. § 1343. (Dkt. 1.) The following day, agents with the Federal Bureau of Investigation arrested defendant and executed a search warrant at his house. See In re Matter of the Search Warrant, Case No. 2:21-mj-01633-DUTY. Defendant was released on bond subject to the filing of an affidavit of surety secured by property, which was completed on April 23, 2021. (Dkt. 6, 20.)

On May 4, 2021, the grand jury returned a 13-count indictment against defendant charging him with five counts of securities fraud, six counts of wire fraud, and two counts of aggravated identity theft. (Dkt. 25.) The indictment alleges that between 2014 and 2019, defendant raised hundreds of millions of dollars by issuing promissory notes to victim-investors that guaranteed a specified return on a specified maturity date. (Id. ¶¶ 5, 7.) To induce these investments, defendant falsely told the victim-investors that his company, 1inMM Capital, was in the business of acquiring distribution rights to films and then licensing them to online streaming platforms

such as HBO and Netflix for further distribution outside the United States.  (Id. ¶ 6(a).)  Defendant falsely claimed that 1inMM Capital would satisfy its obligations under each promissory note through the profits 1inMM Capital would reap by acquiring and licensing the distribution rights to the films.  (Id. ¶ 6(b).)  Defendant further asserted that the funds raised by each promissory note would be used to finance the purchase of a specified film, and that each note would be secured by an assignment of rights to the specified film.  (Id. ¶¶ 6(b), (f).)  To bolster these lies, defendant provided victim-investors with fraudulent copies of purported license agreements between 1inMM Capital and the sales agent for the production companies of the films identified in the promissory notes.  (Id. ¶ 6(c).)  He also provided victim-investors with fraudulent copies of purported distribution agreements with HBO and Netflix for the films identified in the promissory notes.  (Id. ¶ 6(d).)

As it turns out, the entire operation was a fabrication.  As defendant then knew, neither he nor 1inMM Capital had any business relationships with Netflix or HBO, or the main sales agent from whom defendant claimed to acquire licensing rights for films.  (Id. ¶ 6(c)-(d).)  Instead, defendant diverted the investor funds for his personal benefit while making payments to earlier victim-investors in the style of a classic Ponzi scheme.  (Id. ¶ 6(f).)  When he could no longer sustain the Ponzi payments, defendant kept the scheme alive by telling victim-investors that the delayed payments on promissory notes were caused by the online streaming platforms.  (Id. ¶ 6(g).)  To dress up this falsehood, defendant sent victim-investors emails and text messages containing spoofed correspondence with Netflix and HBO purportedly discussing the delays and resumption of payments.

2

1  (Id.)  To date, defendant, through 1inMM Capital, is in default to
2  investors on a total outstanding principal of approximately $230
3  million.  (Id. ¶ 7.)

4  **III. ARGUMENT**

5      In his Notice of Related Cases, defendant requests that the
6  instant criminal case be deemed related to a civil action, <u>Securities</u>
7  <u>and Exchange Commission v. Horwitz</u>, Case No. 2:21-CV-02927-CAS-GJSx
8  ("SEC case"), and be reassigned to District Judge Christina Snyder.
9  Defendant's request should be denied because it is both procedurally
10 improper and substantively unjustified.

11     **A.   Defendant's Request Conflicts with the Local Rules**

12     Defendant's request is not permitted by the Local Rules in this
13 district.  Defendant cannot cite any rule that supports his notice.
14 Instead, the Local Rules call for notices of related cases to be
15 filed in a criminal case when it is related to another criminal case
16 or civil forfeiture case, and in a civil case when it is related to
17 another civil case.  See C.D. Cal. L. Cr. R. 7-4 (requiring notice
18 "whenever a criminal case previously filed and one or more
19 informations or indictments later filed" are sufficiently related);
20 C.D. Cal. L.R. 83-1.3.1 (requiring notice "whenever two or more civil
21 cases filed in this District" are sufficiently related); C.D. Cal.
22 L.R 83-1.3.2 (requiring notice "whenever a civil forfeiture case and
23 a criminal case" are sufficiently related).  Here, defendant's
24 request to deem this criminal case related to a civil case is not
25 permitted by the Local Rules and has no legal basis.  If the Court
26 had wished to include a local rule to allow for criminal and civil
27 cases to be deemed related and subject to reassignment, it could have
28 easily done so.  That the Local Rules do not provide for such a

1    mechanism, and expressly enumerate other circumstances in which cases
2    may be deemed related, makes clear that a criminal case cannot be
3    deemed related to a civil case.

4        It is telling that the cases defendant cites are from other
5    districts: our Local Rules are not the same as those in the Northern
6    and Eastern Districts of California, which expressly allow for a
7    criminal case to be deemed related to a civil action.  <u>See</u> N.D. Cal.
8    L. Cr. R. 8-1(b); E.D. Cal. L.R. 123.  Unless this judicial district
9    changes its rules to match theirs, there is no legal ground for
10   defendant's request.

11       Nor is this an instance where there is good cause to disregard
12   the Local Rules.  The Ninth Circuit has stated that departures from
13   the Local Rules are only appropriate when they "are so slight and
14   unimportant that the sensible treatment is to overlook them." <u>Allen</u>
15   <u>v. U.S. Fidelity & Guar. Co.</u>, 342 F.2d 951, 954 (9th Cir. 1965).
16   That is not the case here.  To the contrary, the rules on relating
17   cases help ensure uniformity and predictability in the administration
18   of criminal cases and civil cases, respectively.  If the Court
19   decided, as a matter of policy, to amend the Local Rules to allow for
20   criminal and civil matters to be deemed related, that would be
21   another matter entirely.  But criminal defense counsel does not have
22   the authority to make exceptions to the Local Rules on an ad hoc
23   basis.  To hold otherwise would render the applicable rule a nullity
24   and invite a patchwork of likely inconsistent rulings across
25   different judges on a matter that should be decided on a court-wide
26   basis.  Ignoring or selectively applying the rules would only
27   encourage disparate outcomes and forum shopping, and call into
28   question the case assignments of numerous existing and future

parallel actions, such as the many health care fraud cases in which there are parallel civil and criminal proceedings.  Therefore, the Court should adhere to the Local Rules.

**B.    A Case Transfer Is Not Justified In Any Event**

Even if the Court is inclined to entertain defendant's notice, this criminal case should not be transferred.  As an initial matter, the civil action before Judge Snyder was not charged first; it commenced on the same day as the filing of the criminal complaint, April 5, 2021.  (SEC Case Dkt. 1.)  Moreover, the SEC case has not progressed in any meaningful way on the merits, such that a transfer would afford any material savings in labor.  (SEC Case Dkt. 30.)  If anything, given the rules and statutes governing prompt discovery and speedy trial in criminal cases, there is a stronger argument in favor of transferring the SEC case to this Court's docket in the interest of efficiency.  Thus, transferring this case to Judge Snyder is neither supported by the Local Rules nor by considerations of judicial economy.

**IV.  CONCLUSION**

For the foregoing reasons, the government respectfully requests that the Court strike defendant's notice of related case.

5

1

## **CERTIFICATE OF SERVICE**

2
       I hereby certify that on May 11, 2021, I caused to be electronically filed a

3
true and correct copy of the foregoing with the Clerk of Court using the CM/ECF

4
system and that all counsel of record will be served via the Notice of Electronic

5
Filing generated by CM/ECF.

6

7
                                          /s/ Ryan S. Hedges
                                          Ryan S. Hedges

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28