KATHRYN C. WANNER (Cal. Bar No. 269310)
Email: wannerk@sec.gov
M. LANCE JASPER (Cal. Bar No. 244516)
Email: jasperml@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Regional Director
Alka N. Patel, Associate Regional Director
Amy J. Longo, Regional Trial Counsel
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### Western Division

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>ZACHARY J. HORWITZ; AND 1INMM CAPITAL, LLC,<br><br>Defendants. | Case No. 2:21-cv-02927-CAS-GJS<br><br>**STIPULATION TO AN ORDER PROHIBITING THE DESTRUCTION OF DOCUMENTS AND AN ORDER CONTINUING THE ASSET FREEZE AND TO MODIFY THE ASSET FREEZE TO ALLOW CREATION OF A NEW BANK ACCOUNT BY DEFENDANT ZACHARY J. HORWITZ AND PAYMENT OF NECESSARY AND REASONABLE LIVING EXPENSES THEREFROM** |

Plaintiff Securities and Exchange Commission ("SEC"), and Defendants 1inMM Capital LLC ("1inMM") and Zachary J. Horwitz ("Horwitz") (collectively "Defendants"), by and through their undersigned counsel of record, hereby stipulate as follows:

WHEREAS, on April 6, 2021, this Court issued under seal an Order (1) Freezing Assets; (2) Requiring an Accounting; (3) Prohibiting Destruction of Documents; and (4) to Set Hearing on Order to Show Cause (ECF No. 18, hereinafter "Order Freezing Assets");

WHEREAS, on April 14, 2021, this Court entered an Order Continuing the Hearing on the Order to Show Cause; Continuing the Order Freezing Assets; and Extending the Deadlines for an Accounting and Opposition to the Asset Freeze (ECF. No. 26, hereinafter "Order Continuing Asset Freeze");

WHEREAS, on April 27, 2021, this Court entered an Order Continuing the Hearing on the Order to Show Cause; Continuing the Order Freezing Assets; and Extending the Deadlines for an Accounting and Opposition to the Asset Freeze (ECF. No. 30, hereinafter "Second Order Continuing Asset Freeze")

WHEREAS, the Second Order Continuing Asset Freeze sets a Hearing on an Order to Show Cause at 10:00 A.M. on May 17, 2021;

WHEREAS, on May 11, 2021, this Court continued the Hearing on the Order to Show Cause from 10:00 A.M. on May 17, 2021 to 11:00 A.M. on May 17, 2021;

WHEREAS, Defendants do not oppose the entry of an order for an asset freeze and an order prohibiting the destruction of documents;

WHEREAS, Horwitz has advised the SEC that he want to open a new bank account solely for the purposes of (1) depositing funds that were not and are not subject to the asset freeze provisions of the Second Order Continuing Asset Freeze, and (2) withdrawing such funds for payment of his reasonable and necessary living expenses;

///

1       WHEREAS, Horwitz expressly represents and warrant that (1) any and all funds deposited into this proposed new bank account are not, directly or indirectly, connected to or associated with the activities and conduct alleged in the SEC's complaint, and (2) any and all funds deposited into the new account are not traceable, directly or indirectly, to funds provided to him or to 1inMM by a client and/or investor of 1inMM;

      WHEREAS, Horwitz has agreed to provide counsel for the SEC on three (3) days' written notice with copies of all bank records associated with the proposed new account, including the account opening documents, monthly statements, and documents evidencing account transactions (including all credits and debits) in order for counsel for the SEC to ensure that his use of this new account does not violate the asset freeze provisions of the Second Order Continuing Asset Freeze as hereby modified by this Stipulation;

      WHEREAS, counsel for the SEC does not object to the Court's issuance of an Order Modifying the Asset Freeze Provisions of the Second Order Continuing Asset Freeze consistent with the express terms of this Stipulation; and

      WHEREAS, the undersigned parties agree that this Stipulation is made without prejudice to Horwitz seeking modification to the Second Order Continuing Asset Freeze, as modified by this Stipulation, if warranted, including for example, for necessary and reasonable living expenses or attorneys' fees. The SEC reserves its right to object to such requests.

///
///
///
///
///
///
///

NOW, THEREFORE, the SEC and Defendants hereby stipulate and agree as follows:

1. Defendants do not oppose entry of an Order to prevent the alteration or destruction of documents relevant to this action; and to prevent the dissipation, concealment, or transfer of assets which could be subject to an order directing disgorgement or the payment of civil monetary penalties in this action; and so that prompt service on Defendants' appropriate financial institutions can be made, thus preventing the dissipation of assets;

2. Defendants consent and agree to the entry of an order freezing their assets;

3. Defendants consent and agree to the entry of an order prohibiting them from altering or destroying documents relevant to this action;

4. The SEC and Defendants therefore request that the Court enter the Proposed Order Freezing Assets and Prohibiting the Destruction of Documents, concurrently lodged herewith;

5. The Proposed Order Freezing Assets and Prohibiting the Destruction of Documents will permit Horwitz to open a new bank account solely for the purposes of (1) depositing funds that were not and are not subject to the asset freeze provisions of the Second Order Continuing Asset Freeze and (2) withdrawing such funds from the new account for payment of his reasonable and necessary living expenses; and

6. The Proposed Order Freezing Assets and Prohibiting the Destruction of Documents will order Horwitz to provide counsel for the SEC on three (3) days' written notice with copies of all bank records associated with the proposed new account, including

|   |   |
|---|---|
| 1 | the account opening documents, monthly statements, and |
| 2 | documents evidencing account transactions (including all credits |
| 3 | and debits) in order for counsel for the SEC to ensure that his use |
| 4 | of the new account does not violate the asset freeze provisions of |
| 5 | the Second Order Continuing Asset Freeze as hereby modified by |
| 6 | this Stipulation. |

IT IS SO STIPULATED.

Dated:  May 13, 2021                     */s/ Kathryn C. Wanner*
                                         Kathryn Wanner
                                         Lance Jasper
                                         Counsel for Plaintiff Securities and
                                         Exchange Commission

Dated:  May 13, 2021                     */s/ Michael J. Quinn*
                                         Michael J, Quinn
                                         Ryan S. Hedges
                                         Vedder Price LLP
                                         Counsel for Zachary J. Horwitz and
                                         1inMM Capital, LLC

## **LOCAL RULE 5-4.3.4(A)(2)(I) CERTIFICATION**

Pursuant to L.R. 5-4.3.4(a)(2)(i), I, Kathryn C. Wanner, attest that all signatories identified above, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

                                         */s/ Kathryn C. Wanner*

# PROOF OF SERVICE

I am over the age of 18 years and not a party to this action. My business address is:

>U.S. SECURITIES AND EXCHANGE COMMISSION,
>444 S. Flower Street, Suite 900, Los Angeles, California 90071
>Telephone No. (323) 965-3998; Facsimile No. (213) 443-1904.

On May 13, 2021, I caused to be served the document entitled **STIPULATION TO AN ORDER PROHIBITING THE DESTRUCTION OF DOCUMENTS AND AN ORDER CONTINUING THE ASSET FREEZE AND TO MODIFY THE ASSET FREEZE TO ALLOW CREATION OF A NEW BANK ACCOUNT BY DEFENDANT ZACHARY J. HORWITZ AND PAYMENT OF NECESSARY AND REASONABLE LIVING EXPENSES THEREFROM** on all the parties to this action addressed as stated on the attached service list:

☐ **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☐ **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

☐ **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

☐ **HAND DELIVERY:** I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

☐ **UNITED PARCEL SERVICE:** By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

☐ **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

☒ **E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

☐ **FAX:** By transmitting the document by facsimile transmission. The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date: May 13, 2021                  */s/ Kathryn C. Wanner*
                                                         KATHRYN C. WANNER

*SEC v. Zachary Horwitz, et al.*
United States District Court – Central District of California
Case No. 2:21-cv-02927-CAS-GJS
LA-5212

SERVICE LIST

Michael J. Quinn, Esq.
Ryan C. Hedges, Esq.
Vedder Price
1925 Century Park East, Suite 1900
Los Angeles, CA 90067
Email:  mquinn@vedderprice.com
Email:  rhedges@vedderprice.com
***Attorneys for Defendants Zachary J. Horwitz; and 1inMM Capital, LLC (served via CM/ECF)***