KATHRYN C. WANNER (Cal. Bar No. 269310)
Email: wannerk@sec.gov
M. LANCE JASPER (Cal. Bar No. 244516)
Email: jasperml@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Regional Director
Alka N. Patel, Associate Regional Director
Amy J. Longo, Regional Trial Counsel
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### Western Division

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>ZACHARY J. HORWITZ; AND 1INMM CAPITAL, LLC,<br><br>Defendants. | Case No. 2:21-cv-02927-CAS-GJS<br><br>**[PROPOSED] ORDER FREEZING ASSETS AND PROHIBITING DESTRUCTION OF DOCUMENTS** |

The Court having considered the parties' Stipulation to an Order Prohibiting the Destruction of Documents and an Order Continuing the Asset Freeze and Modifying the Asset Freeze to Allow the Creation of a New Bank Account by Defendant Zachary J. Horwitz and Payment of Necessary and Reasonable Living Expenses Therefrom, and for good cause shown, it is hereby ORDERED that pending further action by this Court:

## I.

A. All assets, funds, or other property of Defendants, wherever located or by whomever held, and whether acquired before or after institution of this action, are frozen (with allowance for necessary and reasonable living expenses to be granted by this Court only upon good cause shown by application to the Court with notice to and an opportunity for the SEC to be heard, or as otherwise modified by the Court upon a showing of good cause);

B. Defendants and their agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, and each of them, shall hold and retain within their control, and otherwise prevent any disposition, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal whatsoever (including the use of any credit cards or other incurring of debt) of any of their funds, property (including money, virtual currency or other digital asset, real or personal property, tangible assets, securities, commodities, choses in action, or other property of any kind whatsoever, in whatever form such assets may exist and wherever located) or other assets or things of value held by them, under their control or over which they exercise actual or apparent investment or other authority, in whatever form such assets may presently exist and wherever located.

C. Any bank, financial, brokerage institution, or other person or entity holding any funds, securities or other assets in the name of, for the benefit of, or under the control of Defendants and their family members, agents, servants,

employees, attorneys-in-fact, and those persons in active concert or participation with him, shall hold and retain within their control and prohibit the withdrawal, removal, transfer or other disposal of any such funds or other assets.

This Order specifically applies, but is not limited, to the following accounts:

| BANK NAME | ACCOUNT NAME | ACCOUNT NO. |
|---|---|---|
| City National Bank | 1inMM Capital, LLC | XXXXX0290 |
| City National Bank | 1inMM Capital, LLC | XXXXX2944 |
| City National Bank | Zachary J. Horwitz | XXXXX5270 |
| City National Bank | 1inMM Productions | XXXXX1130 |
| City National Bank | MJLZ Trust Account | XXXXX0501 |
| City National Bank | Zachary J. Horwitz | XXXXX9641 |
| City National Bank | One N Million | XXXXX0616 |
| City National Bank | Rogue Black LLC | XXXXX1710 |
| City National Bank | LayJax Ventures | XXXXX7302 |

D. No person or entity, including the Defendants or any creditor or claimant against them or any person acting on behalf of such creditor or claimant, shall take any action to interfere with the asset freeze, including, but not limited to, the filing of any lawsuits (whether to recover assets or seek relief from Defendants or to seek relief on behalf of Defendants), liens, or encumbrances, or bankruptcy cases to impact the property and assets subject to this order; provided, however, that any party or non-party may seek leave from this order upon a proper showing.

E. Copies of this Order may be served by any means, including facsimile transmission and email, upon any entity or person that may have possession, custody, or control of any assets of Defendants that may be subject to any provision of this Order.

F. Horwitz may open one new bank account solely for the purposes of (1) depositing funds that were not and are not subject to the asset freeze provisions

of this Order, and (2) to withdraw funds from that new account for payment of his reasonable and necessary living expenses;

G.   Horwitz will provide counsel for the SEC on three (3) days written notice with copies of all bank records associated with the proposed new account, including the account opening documents, monthly statements, and documents evidencing account transactions (including all credits and debits) in order for counsel for the SEC to ensure that his use of the new account does not violate this Order;

## II.

IT IS FURTHER ORDERED that any person who receives actual notice of this Order by personal service or otherwise, and who holds, possesses or controls assets exceeding $5,000 for the account or benefit of the Defendants, shall within 5 days of receiving actual notice of this Order provide counsel for the SEC with a written statement identifying all such assets, the value of such assets, or best approximation thereof, and any account numbers or account names in which the assets are held.

## III.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, Defendants, and their agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are temporarily restrained and enjoined from, directly or indirectly: destroying, mutilating, concealing, transferring, altering, or otherwise disposing of, in any manner, any documents, which includes all books, records, computer programs, computer files, computer printouts, contracts, emails, correspondence, memoranda, brochures, or any other documents of any kind in their possession, custody or control, however created, produced, or stored (manually, mechanically, electronically, or otherwise), pertaining in any manner to Defendants.

## IV.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction over this action for the purpose of implementing and carrying out the terms of this Order and all orders and decrees which may be entered herein and to entertain any suitable application or motion for modification of such orders, including this Order to provide, for example, for necessary and reasonable living expenses or attorneys' fees, or additional relief within the jurisdiction of this Court.

IT IS SO ORDERED.

Dated: _____, 2021

_____
HON. CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE

Presented by:
Kathryn C. Wanner
M. Lance Jasper
Attorneys for Plaintiff
Securities and Exchange Commission