**VEDDER PRICE (CA) LLP**
Michael Quinn, Bar No. 198349
mquinn@vedderprice.com
Ryan S. Hedges, Bar No. 217617
rhedges@vedderprice.com
1925 Century Park East, Suite 1900
Los Angeles, California 90067
T: +1 424 204 7700
F: +1 424 204 7702

Attorneys for Defendants
*Zachary J. Horwitz and 1inMM Capital, LLC*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ZACHARY J. HORWITZ; and 1INMM CAPITAL, LLC,<br><br>Defendants. | Case No. 2:21-CV-02927-CAS-GJSx<br><br>**DEFENDANT ZACHARY HORWITZ'S NOTICE OF MOTION TO STAY PROCEEDINGS**<br><br>Date:     July 12, 2021<br>Time:    10:00 a.m.<br>Judge:   Christina A. Snyder<br>Courtroom:   8D |

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

YOU ARE HEREBY NOTIFIED that on July 12, 2021, at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 8D, located at the United States Courthouse, 350 West First Street, on the Sixth Floor, Los Angeles, California 90012, Defendants Zachary J. Horwitz ("Horwitz") and 1inMM Capital, LLC ("1inMM"), by and through counsel, hereby moves this Court to stay proceedings in the above-captioned civil case (the "SEC Case") pending resolution of the parallel

criminal case docketed at *United States v. Horwitz*, 2:21-cr-00214-MCS (the "Criminal Case"). The requested stay of the SEC Case would not apply to the Court's Order Freezing Assets [ECF. No. 18] or any future matters seeking modification to the Order Freezing Assets.

This motion is made following conferences of counsel pursuant to L.R. 7-3, which took place on May 4, 2021 and June 1, 2021. Plaintiff Securities and Exchange Commission ("SEC") opposes this motion.

Dated: June 7, 2021

VEDDER PRICE (CA), LLP

By: /s/ Michael Quinn
Michael Quinn
Ryan S. Hedges

Attorneys for Defendants
*Zachary J. Horwitz and 1inMM Capital, LLC*

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY PROCEEDINGS

## I.     Preliminary Statement

In the words of the SEC, the allegations of the Criminal Case are "virtually identical to the allegations of the [SEC Case]." [ECF No. 42]. Both the Criminal Case and the SEC Case allege that "Defendant Zachary J. Horwitz engaged in a scheme to defraud investors by soliciting investments from investors by claiming that 1inMM Capital, LLC was in the business of purchasing distribution rights to films which would then be licensed to online streaming platforms such as HBO and Netflix." [ECF No. 42]. The two matters involve the same claims and individuals and will be supported by the same evidence and witnesses. Given the factual and legal overlap, the Court should stay the SEC Case pending the outcome of the Criminal Case.

First, proceeding with the SEC Case would force Mr. Horwitz to choose between setting aside his Fifth Amendment rights, on the one hand, or invoking those rights, but then suffering the adverse evidentiary inferences that accompany such silence in civil litigation.

Second, discovery in the SEC case could turn into an unfair, unbalanced affair if Mr. Horwitz invokes his Fifth Amendment rights. Mr. Horwitz would be entitled to take affirmative civil discovery but likely required to stand silent when the SEC seeks answers about his conduct in order to preserve his Fifth Amendment rights. The SEC's discovery would therefore, largely consist of negative inferences based on Mr. Horwitz's assertion of his Fifth Amendment rights.

Third, without a stay, the government, and even Defendant Horwitz, can avoid the limitations on criminal discovery by using the SEC Case to pursue wide-ranging discovery through depositions, interrogatories, and third party subpoenas. The SEC

regularly shares information with the Department of Justice in connection with parallel investigations.

Fourth, the SEC Case and Criminal Case overlap significantly in terms of charged conduct, defendants, witnesses, and evidence; the cases therefore cannot realistically proceed independent of one another.

Finally, the SEC Case and the Criminal Case require the same threshold determinations, such as whether certain promissory notes constitute 'securities" as defined by the Securities and Exchange Act of 1934, and staying the SEC Case will therefore save the Court, and the parties, significant resources.

## II. Argument

This Court has the inherent power to stay any action when "the interests of justice seem to require such action." *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  The determination whether to stay a civil proceeding turns on context, and should be reached "in light of the particular circumstances and competing interests" implicated by a given case. *Keating*, 45 F.3d at 324 (internal quotations and citations omitted). The Court should consider the "extent to which the defendant's [F]ifth [A]mendment rights are implicated," *id.* (internal quotations omitted), as well as the following factors:

> (1) The interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons or entities not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

*Id.* at 325.

As this Court has previously noted, "the strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter." *Wimbledon Fund, SPC v. Graybox, LLC*, 2017 U.S. Dist. LEXIS 5517, at *9 (C.D. Cal. 2017).

These factors weigh heavily in favor of a stay.

### A. Mr. Horwitz's Fifth Amendment Rights Are Implicated.

The SEC's discovery demands would force Mr. Horwitz into a Hobson's choice. He could invoke his rights under the Fifth Amendment, but would suffer potentially severe consequences – a negative inference can (and often does) attach to silence in civil proceedings. *See*, *e.g.*, *SEC v. Colello*, 139 F.3d 674, 677 (9th Cir. 1998) (affirming summary judgment in civil case based largely on defendant's invocation of his Fifth Amendment rights, even when result "may seem harsh"). To avoid an adverse inference in the civil case, Mr. Horwitz would have to answer questions about precisely the same conduct for which he stands criminally charged – a result that runs up against his Fifth Amendment rights against self-incrimination. Not staying the SEC case therefore would create substantial prejudice to Horwitz. *See SEC v. Rampoldi*, 2017 U.S. Dist. LEXIS 224452, *3 (S.D. Cal. 2017) (granting a stay where Defendants' Fifth Amendment rights would be implicated during the civil discovery process).

To be sure, 1inMM has no privilege against compulsory self-incrimination. Nonetheless, "the Fifth Amendment rights of every director or officer who may speak on behalf of the corporation are implicated, and thus, the corporation is likely to be greatly prejudiced in its ability to meaningfully defend itself in the civil matter." *Graybox*, 2017 U.S. Dist. LEXIS 5517, at *12-13. Mr. Horwitz is 1inMM's sole member and manager and will not be able to testify until the conclusion of the criminal case. *See id.* at *13 (noting an individual criminal defendant was a managing member of an entity defendant in the civil case and would not be able to testify on

behalf of the entity until after the criminal case). 1inMM has no other managers, members or employees to testify on its behalf. If Mr. Horwitz asserts his Fifth Amendment rights, it will undoubtedly prejudice 1inMM. *See id.* at *13.

## B. The Interests of the SEC Also Support a Stay of the SEC Case.

The SEC might suffer significant prejudice, too. This is because Mr. Horwitz could take advantage of the full panoply of discovery available to him under the Federal Rules of Civil Procedure, including third party subpoenas, document requests, depositions (including expert depositions), and interrogatories. At the same time, Mr. Horwitz could resist the SEC's discovery demands by asserting his Fifth Amendment rights. Other witnesses may also assert their Fifth Amendment rights if noticed for depositions. The specter of parties and witnesses invoking their Fifth Amendment rights would render civil discovery largely one-sided—"the SEC would produce scores of documents and witness testimony only to be precluded from gathering reciprocal discovery from the Defendants." *SEC v. Nicholas*, 569 F. Supp. 2d 1065, 1069 (C.D. Cal. 2008); *see also SEC v. Sripetch*, 2021 U.S. Dist. LEXIS 9746 at *10 (S.D. Cal. 2021); *United States v. Booth*, 2010 U.S. Dist. LEXIS 9123, at *8-9 (E.D. Cal. 2020).

## C. Particular Aspects of the SEC Case Will Burden Mr. Horwitz, which Supports Stay of the SEC Case.

The SEC recognized that the allegations of the Criminal Case are "virtually identical to the allegations of the [SEC Case]" in its Notice of Pendency of Other Actions or Proceedings filed in this case on May 14, 2021. [ECF No. 42]. Because these cases are "inextricably intertwined" they "cannot reasonably proceed independent of each other." *Nicholas*, 569 F. Supp. 2d at 1070. "Given the high degree of overlap and interrelatedness of the cases" dual litigation presents the "threat of inconsistent judgments if the Court and/or the jury is asked to resolve issues that are common between both actions." *Id.* Proceeding in parallel effectively provides the government two bites at the same apple on issues that are common to both. If,

for example, the government in one case or the other does not prevail in its claims that the promissory notes at issue are securities as defined by the Securities and Exchange Act of 1934 in the Criminal Case, the government may relitigate the issue in the other case before collateral estoppel may prevent re-litigating the issue.

Moreover, if a stay is not granted, the defenses available to Mr. Horwitz may be limited. *Valenzuela v. Santiesteban*, 2021 U.S. Dist. LEXIS 69535, *6 (E.D. Cal. 2021).  Mr. Horwitz may be limited in the defenses he is able to present out of fear that such arguments may waive his Fifth Amendment rights. *Id.*  For example, presenting the facts necessary to raise an advice of counsel defense may require that Mr. Horwitz waive his Fifth Amendment rights with respect to the underlying conduct.

### D. Efficient Use of Judicial Resources Supports a Stay of the SEC Case.

There is no realistic possibility that the SEC Case will proceed to trial before the conclusion of the Criminal Case.  As the United States has made clear in other matters, "after conviction or acquittal, it is virtually unheard of for a civil trial to take place in a parallel SEC case." *See* United States' Motions to (1) Intervene; and (2) Stay Proceedings, *S.E.C. v. Sripetch et al.*, Case No. 20-CV-1864-H-AGS, at 9 (S.D. Cal., Jan. 6, 2021).  Instead, as the United States has noted "quick resolution of SEC proceedings after (or even before) a criminal trial is the norm, mostly because a criminal conviction usually results in collateral estoppel, and an acquittal (or hung jury) forces the SEC to rethink its settlement position." *Id.* at 10.

In the meantime, allowing the SEC Case to proceed will require the Court's attention and the resources of the parties.  Mr. Horwitz will soon be required to respond to the Complaint and the parties will proceed with numerous obligations arising from the discovery process.  The volume of discovery in the civil case is likely to be massive and its breadth and complexity is almost certain to cause delay in the criminal case.  *See Nicholas*, 569 F. Supp. 2d at 1069.  Presiding over these events would likely require substantial judicial resources.  *Id.* ("Civil discovery will . . .

require the devotion of substantial resources both by the parties, in reviewing documents, propounding and responding to discovery, and taking and defending depositions, and by the Court in resolving the myriad of disputes that are likely to arise."). All the while, and despite such judicial efforts, the litigants will simply be waiting for the culmination of the criminal proceedings before they fully attend to the critical aspects of the SEC Case or will be inviting this Court to duplicate the efforts of the Criminal Case.

Moreover, in the unlikely event a trial transpires in the SEC Case, the parties may be able to prepare for trial and try the SEC Case more efficiently. *See Trs. of Plummers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1140 (S.D.N.Y.) ("resolution of the Criminal Case may reduce the scope of discovery in the civil case and the evidence gathered during the criminal prosecution can later be used in the civil action"). Simply put, staying the SEC Case will allow the Court and parties to focus on the Criminal Case. After the Criminal Case terminates, the SEC Case can proceed apace, or (as often happens) be resolved without the expenditure of significant resources. *See Sripetch*, 2021 U.S. Dist. LEXIS 9746, at * 9 (S.D. Cal. 2021) (finding "efficient use of judicial resources" was furthered by "a stay of the civil action").

### E. The Interest of Persons Not Party to the SEC Case Support a Stay of the SEC Case.

Because this Court has already issued an order freezing assets [ECF No. 18], there is little risk that Defendants could abscond with recoverable assets should the SEC prevail if a stay is entered in this matter. *See Graybox*, 2017 U.S. Dist. LEXIS 5517, *15 (considering risk that defendants will "dissipate assets and thereby impede [Plaintiff]'s ability to recover the money stolen from it"). While a stay in civil proceedings could potentially delay recovery by non-party investors, there is no indication that a stay would diminish the likelihood of eventual recovery. Any pertinent records are no longer in Mr. Horwitz's custody or control because such

records were seized by the United States in the course of executing a search warrant on Mr. Horwitz's property in connection with the Criminal Case. There is therefore little risk that records will not be adequately preserved for any trial in the SEC Case.

### F. The Interest of the Public in the Pending Cases Support a Stay of the SEC Case.

Advancing the Criminal Case should take precedence over the SEC Case primarily because the Criminal Case implicated Mr. Horwitz's liberty interest. "Staying the civil case, which carries only civil sanctions and monetary penalties, is not of an equally pressing nature." *Nicholas*, 569 F. Supp. 2d at 1073. The "public's interest in the integrity of the criminal case is entitled to precedence over the civil litigant." *Graybox*, 2017 U.S. Dist. LEXIS 5517, *18. Moreover both matters advance the same public interest in promoting "the integrity of public markets, efficient punishment of wrongdoers, and deterrence of similar conduct by other corporate officers." *Nicholas*, 569 F. Supp. 2d at 1072. The Criminal Case, therefore, will advance these interests even if the SEC Case is stayed.

### III. Conclusion

For the foregoing reasons, Mr. Horwitz respectfully requests this Court grant its Motion to stay the above-captioned proceedings pending resolution of the parallel criminal case docketed at *United States v. Horwitz*, 2:21-cr-00214-MCS.

Dated: June 7, 2021

VEDDER PRICE (CA), LLP

By: /s/ Michael Quinn
    Michael Quinn
    Ryan S. Hedges

Attorneys for Defendants
*Zachary J. Horwitz and 1inMM Capital, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on June 7, 2021, I caused to be electronically filed a true and correct copy of the foregoing with the Clerk of Court using the CM/ECF system and that all counsel of record will be served via the Notice of Electronic Filing generated by CM/ECF.

                                          /s/ Michael Quinn
                                            Michael Quinn