KATHRYN C. WANNER (Cal. Bar No. 269310)
Email: wannerk@sec.gov
M. LANCE JASPER (Cal. Bar No. 244516)
Email: jasperml@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Regional Director
Alka N. Patel, Associate Regional Director
Amy J. Longo, Regional Trial Counsel
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

## Western Division

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>ZACHARY J. HORWITZ; AND 1INMM CAPITAL, LLC,<br><br>Defendants. | Case No. 2:21-cv-02927-CAS-GJS<br><br>**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S OPPOSITION TO DEFENDANT ZACHARY J. HORWITZ'S MOTION TO STAY THE PROCEEDINGS**<br><br>Date: July 12, 2021<br>Time: 10:00 a.m.<br>Ctrm: 8D<br>Judge: The Hon. Christina A. Snyder |

**TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................... 1

II. BACKGROUND ....................................................................................... 2

    A. The SEC's Action ............................................................................. 2

    B. The Emergency Relief ...................................................................... 3

    C. The Criminal Case ........................................................................... 3

    D. Neither Horwitz nor 1inMM Has Provided an Accounting or Response to the Complaint ............................................................... 3

III. ARGUMENT ............................................................................................ 4

    A. Horwitz Cannot Satisfy the *Keating* Standards ............................... 5

    B. Horwitz Has Failed to Make a Showing of the Extent to which His Fifth Amendment Interests Are Implicated .................................. 7

    C. Horwitz's Proposed Stay of an Indeterminate Length Is Unnecessary in Light of Other Relief Available ................................. 9

    D. The Request Is Overbroad and Sweeps in a Corporate Defendant with No Fifth Amendment Rights ..................................................... 10

IV. CONCLUSION ........................................................................................ 11

# TABLE OF AUTHORITIES

## CASES

*Alcala v. Texas Webb Cnty.*,
  625 F. Supp. 2d 391 (S.D. Tex. 2009) ................................................................. 10

*Blue Cross and Blue Shield of Alabama v. Unity Outpatient Surgery Center, Inc.*,
  490 F.3d 718 (9th Cir. 2007) ................................................................................. 9

*Braswell v. United States*,
  487 U.S. 99 (1984) ............................................................................................... 11

*Doe v. City of San Diego*,
  No. 12-cv-689-MMA-DHB, 2012 U.S. Dist. LEXIS 174773
  (S.D. Cal. Dec. 10, 2012) ...................................................................................... 9

*FDIC v. Molinaro*,
  889 F.2d 899 (9th Cir. 1989) ......................................................................... 4, 5, 6

*FTC v. J.K. Publications, Inc.*,
  99 F. Supp. 2d 1176 (C.D. Cal. 2000) .............................................................. 6, 10

*Gonzalez v. United States*,
  No. 2:15–cv–1997 MCE DB PS, 2017 WL 2773668
  (E.D. Cal. June 27, 2017) ...................................................................................... 4

*International Business Machines Corp. v. Brown*,
  857 F. Supp. 1384 (C.D. Cal. 1994) ............................................................ 6, 9, 11

*Keating v. Office of Thrift Supervision*,
  45 F.3d 322 (9th Cir. 1994) ........................................................................... 4, 5, 7

*Landis v. North American Co.*,
  299 U.S. 248 (1936) ............................................................................................... 5

*O. Thronas, Inc. v. Blake*,
  No. 09-00353 DAE-LEK, 2010 WL 931924 (D. Haw. Mar. 10, 2010) ........... 10

*SEC v. Arias*,
  No. CV 12-2937 ADS GRB, 2012 WL 4849151
  (E.D.N.Y. Sept. 14, 2012) ..................................................................................... 1

*SEC v. Braslau*,
  No. CV-14-01290-ODW (AJWx), 2015 WL 9591482
  (C.D. Cal. Dec. 29, 2015) .................................................................................... 10

*SEC v. CMKM Diamonds, Inc.*,
  No. 2:08-CV-00437-LRH, 2011 WL 1343004 (D. Nev. Apr. 7, 2011),
  aff'd, 729 F.3d 1248 (9th Cir. 2013) .................................................................. 6, 7

*SEC v. Dresser Indus.*,
  628 F.2d 1368 (D.C. Cir. 1980) ..................................................................... 4, 5, 6

*SEC v. First Fin. Group of Texas, Inc.*,
 659 F.2d 660 (5th Cir.1981) ................................................................. 4, 6, 10

*SEC v. Global Materials & Servs.*,
 Case No. SACV 08-0881 DOC (RNBx), 2008 U.S. Dist. LEXIS 97243
 (C.D. Cal. Nov. 17, 2008) ............................................................................. 9

*SEC v. Musella*,
 1983 WL 1297 (S.D.N.Y. April 4, 1983) ................................................... 4, 8

*SEC v. Zimmerman*,
 854 F. Supp. 896 (N.D. Ga. 1993) ................................................................. 7

*United States v. $ 506,641.00 in U.S. Currency*,
 No. 93 C 1603, 1996 U.S. Dist. LEXIS 1766 (N.D. Ill. Feb. 20, 1996) ......... 8

*United States v. Certain Real Property 566 Hendrikson Boulevard*,
 986 F.2d 990 (6th Cir. 1993) ......................................................................... 8

*United States v. Kordel*,
 397 U.S. 1 (1970) .......................................................................................... 5

*United States v. Little Al*,
 712 F.2d 133 (5th Cir. 1983) ......................................................................... 8

*Wang v. Reno*,
 81 F.3d 808 (9th Cir. 1996) ........................................................................... 1

*Wilson v. United States*,
 221 U.S. 361 (1911) .................................................................................... 11

**FEDERAL STATUTES**

18 U.S.C. § 1343 ................................................................................................... 3

**Securities Act of 1933**

Section 17(a)
 [15 U.S.C. § 77q(a)] ..................................................................................... 2

**Securities Exchange Act of 1934**

Section 10(b)
 [15 U.S.C. § 78j(b)] ...................................................................................... 2

**FEDERAL REGULATIONS**

Rule 10b-5
 [17 C.F.R. § 240.10b-5] ................................................................................ 2

**FEDERAL RULES OF CIVIL PROCEDURE**

Fed. R. Civ. P. 12(a) ............................................................................................. 4

## I. INTRODUCTION

Defendant Zachary J. Horwitz's motion to stay the Securities and Exchange Commission's ("SEC") civil action should be denied. Horwitz claims that he is faced with the "Hobson's choice"[1] of either defending this civil action, or preserving his ability to defend himself in a related criminal action filed by the United States Attorney's Office for the Central District of California ("USAO"). *See United States v. Horwitz,* 2:21-cr-00214-MCS (the "Criminal Case"). However, the mere existence of such a choice does not warrant a stay of the SEC's action in these circumstances. First, Horwitz has failed to demonstrate the extent to which his Fifth Amendment rights are implicated in this matter. For example, Horwitz offers no explanation of what his testimony might be that is both relevant to the civil matter but also subject to his Fifth Amendment privilege. Instead, Horwitz merely repeatedly reiterates that the Criminal Case and this matter are based on substantially similar facts. Second, both judicial efficiency, and the SEC's and the public's interest in a prompt resolution of this civil action for securities fraud, support the denial of this motion. Witness recollections, the accessibility of documents, and other discovery avenues all become stale as time elapses, impacting the SEC and the public's interest in a speedy resolution of this matter. Finally, Horwitz offers no explanation as to why more limited relief, other than a blanket stay of the entire action, might be available here to protect his interest.

Moreover, Horwitz provides no reasonable basis for the Court to exercise its discretion to stay the case against corporate entity 1inMM Capital, LLC ("1inMM"),

---

[1] Although the decision to assert the Fifth Amendment in a civil proceeding has long been referred to as a "Hobson's choice," the Ninth Circuit has noted the phrase is misused in this context. *Wang v. Reno*, 81 F.3d 808, 813 (9th Cir. 1996) ("The phrase comes from Thomas Hobson, an English liveryman who required every customer to choose the horse nearest the door. A Hobson's choice is thus apparently free choice when there is no real alternative.") (citation omitted). Other courts have found that the more appropriate device to describe this situation is a "Morton's Fork" - a situation involving two unattractive alternatives. *SEC v. Arias*, No. CV 12-2937 ADS GRB, 2012 WL 4849151, at *4 (E.D.N.Y. Sept. 14, 2012).

which does not have a Fifth Amendment privilege against self-incrimination has not been indicted. Horwitz does not provide any evidence why a lawyer or agent cannot be appointed to respond to the Complaint or answer discovery for this entity. There is no reasonable basis for the matter to be stayed as to 1inMM and the Court should exercise its discretion to deny that request.

For these reasons, Horwitz's motion to stay fails to demonstrate the substantial prejudice required to be shown for a stay, and should be denied. However, to the extent that the Court believes any type of stay is appropriate, the SEC requests that the Court exercise its discretion to fashion relief, short of a stay, that would allow the case to proceed without unduly burdening Horwitz, if he indeed is subject to any burden at this point.

## II. BACKGROUND

### A. The SEC's Action

On April 5, 2021, the SEC filed an under seal complaint against Horwitz and his company, 1inMM Capital, LLC alleging that they conducted an offering fraud and Ponzi scheme in violation of the federal securities laws. (Dkt. No. 1.) It alleges that Horwitz raised over $690 million from five principal investors, most of whom raised funds from friends, family, and other downstream investors. (*Id.* at ¶¶ 4, 31.) Horwitz told investors that he would use the funds raised in the offering to finance 1inMM's acquisition and licensing of distribution rights in specific movies, to major movie companies, mostly Netflix of Home Box Office ("HBO"). (*Id.* at ¶ 5.) Investors were promised returns in excess of 35% on their investments. (*Id.* at ¶ 7.) In reality, neither Horwitz nor 1inMM ever licensed any movie rights, and instead Horwitz used investor funds to pay putative returns on earlier investments, purchase his multi-million dollar home, and transfer funds into his personal bank account. (*Id.* at ¶¶ 8-11.) The SEC's complaint alleges that Horwitz and 1inMM's actions violated Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 thereunder, and Section 17(a) of the Securities Act of 1933. (*Id.*)

### B. The Emergency Relief

On April 5, 2021, the SEC also moved for an asset freeze and other emergency relief, to stop Horwitz and 1inMM from diverting any additional investor funds and to preserve any assets remaining in their accounts. (Dkt. No. 4.) The Court granted the SEC's *ex parte* application the next day on April 6, 2021 and issued an order freezing defendants' assets, prohibiting the destruction or alteration of documents, and requiring defendants to submit an accounting of assets to the SEC. (Dkt. No. 18.)

### C. The Criminal Case

On April 6, 2021, Horwitz was arrested in connection with a federal criminal complaint filed against him the day before. (The Criminal Case Dkt. No. 1.) The criminal complaint charges Horwitz with wire fraud in violation of 18 U.S.C. § 1343. (*Id.*) On May 4, 2021, the grand jury returned a 13-count indictment against Horwitz charging him with five counts of securities fraud, six counts of wire fraud, and two counts of aggravated identity theft. (*Id.* Dkt. No. 25 ¶¶ 5, 7.) The Criminal Case is pending before the Honorable Mark C. Scarsi. Horwitz has been arraigned and a jury trial was set for June 29, 2021. (*Id.* Dkt. No. 39.) The parties stipulated to continue the trial date to December 7, 2021, and Judge Scarsi granted the request. (*Id.* Dkt. No. 44.)

### D. Neither Horwitz nor 1inMM Has Provided an Accounting or Response to the Complaint

The Court's Order freezing Defendants' assets also required both Horwitz and 1inMM to provide an accounting to the Court, due on April 12, 2021. (Dkt. No. 18.) The Court subsequently granted a stipulation between the parties to continue the date for the order to show cause hearing and date by which the Defendants must provide the accounting, making the accountings due May 10, 2021. (Dkt. No. 30.) On May 10, 2021, instead of filing an accounting with the Court, Horwitz filed a notice that he was invoking his right under the Fifth Amendment to the U.S. Constitution and declined to prepare and file a schedule of personal assets, both on behalf of himself and as the sole member of 1inMM. (Dkt. No. 38.)

Under Federal Rule of Civil Procedure 12(a), Defendants were required to respond to the SEC's Complaint on June 14, 2021. Defendants have not done so. Instead, on June 7, 2021, Defendant Horwitz filed a Motion to Stay Proceedings. (Dkt. No. 46.) Notably, Horwitz admitted that "1inMM has no privilege against compulsory self-incrimination" but requested that the stay also cover 1inMM, because as the company's sole member and manager, he would not be able to testify until the criminal case was completed. (*Id.* at P. 5.) Horwitz argues that 1inMM would be prejudiced in its ability to defend itself due to his decision to assert his Fifth Amendment privilege. (*Id.*)

## III. ARGUMENT

The proponent of a stay has the burden of establishing its need. *Gonzalez v. United States*, No. 2:15–cv–1997 MCE DB PS, 2017 WL 2773668, at *1 (E.D. Cal. June 27, 2017), report and recommendation adopted, No. 2:15–cv–1997 MCE DB PS, 2017 WL 3382803 (E.D. Cal. Aug. 7, 2017) (denying stay of negligence action). Horwitz has failed to do so, as he has failed to explain how his specific circumstances would satisfy the legal standard for granting stays, especially a stay of an SEC enforcement action. The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings. *See Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1994); *FDIC v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989); *SEC v. Dresser Indus.*, 628 F.2d 1368, 1375 (D.C. Cir. 1980). "In the absence of substantial prejudice to the rights of the parties involved, [simultaneous] parallel [civil and criminal] proceedings are unobjectionable under our jurisprudence." *Keating*, 45 F.3d at 324 (quoting *Dresser Indus.*, 628 F.2d at 1374. "There is no general federal constitutional, statutory, or common law rule barring the simultaneous prosecution of separate civil and criminal actions by different federal agencies against the same defendant involving the same transactions." *SEC v. First Fin. Group of Texas, Inc.*, 659 F.2d 660, 666 (5th Cir.1981); *SEC v. Musella*, 1983 WL 1297 at *1 (S.D.N.Y. April 4, 1983) ("It has

long been recognized that the federal government may pursue civil and criminal actions, arising out of the same operative facts, either 'simultaneously or successively.'")

"Nevertheless, a court may decide in its discretion to stay civil proceedings . . . 'when the interests of justice seem [] to require such action.'" *Dresser Indus.*, 628 F.2d at 1375 (quoting *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970)). However, the decision whether to stay civil proceedings in the face of a parallel criminal proceeding should be made "in light of the particular circumstances and competing interests involved in the case." *Molinaro*, 889 F.2d at 902.

In deciding whether to grant a discretionary stay under the *Keating* test, the Court "'should generally consider the following factors: (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.'" 45 F.3d at 325 (quoting *Molinaro*, 889 F.2d at 903). Horwitz "must make out a clear case of hardship or inequity" in being compelled to proceed with the litigation. *Landis v. North American Co.*, 299 U.S. 248, 255 (1936) ("the suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else").

### A. Horwitz Cannot Satisfy the *Keating* Standards

The four *Keating* factors of burden to plaintiff, management of the case, the interests of non-parties and the public interest all favor denying Horwitz's stay motion. The burden here on the plaintiff would be high, as the SEC has a strong and legally cognizable interest in timely pursuing civil actions to obtain judgments against defendants, obtain orders that ill-gotten gains be disgorged, and seek the

imposition of civil penalties to punish wrongdoers for their violations of the federal securities laws. *Molinaro*, 889 F.2d at 903; *FTC v. J.K. Publications, Inc.*, 99 F. Supp. 2d 1176, 1197 (C.D. Cal. 2000) (recognizing government agencies' strong interest in avoiding delay in civil enforcement proceedings). In addition, the delay associated with a stay may affect the availability of witnesses and documents and the quality of testimony. The SEC has a compelling interest in proceeding expeditiously to identify and preserve critical evidence, locate and recover assets, and otherwise obtain appropriate relief in an expeditious manner.

A stay is also not needed in the interest of "judicial resources." (Dkt. No. 46 at P. 7.) Courts have found that even if two cases are parallel and "involve similar factual occurrences" this does not necessarily require the Court to perform "duplicative or unnecessary work." *SEC v. CMKM Diamonds, Inc.*, No. 2:08-CV-00437-LRH, 2011 WL 1343004, at *4 (D. Nev. Apr. 7, 2011), aff'd, 729 F.3d 1248 (9th Cir. 2013). Here, the Court has a strong interest in the conclusion of cases on its docket. S*ee International Business Machines Corp. v. Brown*, 857 F. Supp. 1384, 1396 (C.D. Cal. 1994) (warning against impact of indefinite stay upon the court's calendar). Because the civil and criminal actions are not pending before the same court, the resolution of the criminal action will not automatically expedite the civil action. However, permitting discovery in this action, involving numerous downstream investors and over $690 million raised from those investors, to go forward without delay would ensure that the matter is not bogged down in the future by discovery battles over stale evidence and witnesses' memory loss. *See Dresser Indus.*, 628 F.2d at 1377 ("If Justice moves too slowly … witnesses may die or move away, memories may fade . . . "). This is particularly true here where the fraudulent conduct began over seven years ago.

Moreover, both the SEC and the public have a strong public interest in the prompt enforcement of the securities laws. *See First Fin. Group of Texas*, 659 F.2d at 666-69 (recognizing the interest of the SEC and investors in seeing the prompt

6

completion of enforcement actions); *SEC v. Zimmerman*, 854 F. Supp. 896, 900 (N.D. Ga. 1993) (denying stay of SEC action in light of duty to enforce securities laws and protect securities markets). Indeed, in *Keating,* the Ninth Circuit held that the public's interest in "a speedy resolution of the controversy" outweighed Keating's asserted interest in avoiding reliance upon his Fifth Amendment rights, and that the compelling public "concern for efficient administration would [be] unnecessarily impaired" by the imposition of a stay. *Keating*, 45 F.3d at 325. The public has an interest in seeing that securities frauds are resolved quickly. "If they are not, it could erode public confidence in the securities market and further damage our already abraded economy." *SEC. v. CMKM Diamonds, Inc.,* No. 2:08-CV-00437-LRH, 2011 WL 1343004, at *4 (D. Nev. Apr. 7, 2011), aff'd, 729 F.3d 1248 (9th Cir. 2013). This is particularly so in cases, like this one, involving a substantial number of investors defrauded out of hundreds of millions of dollars over a multi-year period.

Other non-parties, such as potential witnesses, also have an interest in a prompt trial of this case before memories continue to fade, and other evidence grows stale. Horwitz's fraud involved at least five principal investors, most of whom raised funds from numerous friends, family, and other downstream investors. Dkt. No. 1 (Complaint) at ¶ 30. Each of these individuals possesses important information potentially relevant to the charges against Horwitz, and has an interest in the appropriate collection and preservation of those recollections. The trial in the Criminal Case has already been moved to December of this year, with no guarantee that it will not be subsequently moved again, further delaying the beginning of discovery in this matter.

### B. Horwitz Has Failed to Make a Showing of the Extent to which His Fifth Amendment Interests Are Implicated

Horwitz's motion also fails to satisfy the fifth *Keating* standard of demonstrating the extent to which his Fifth Amendment rights are implicated.[2] While

---

[2] The SEC does not dispute Horwitz's claim that the facts alleged in the Criminal

the Court should consider "the extent to which the defendant's fifth amendment rights are implicated," courts considering that dilemma have required the claimant to provide the following information: (1) an explanation of how the testimony would prejudice him or her in the parallel criminal proceedings; (2) a description of what the testimony would disclose; and (3) an explanation why the testimony of other persons could not be used to substantiate the claimant's defense. *See United States v. Certain Real Property 566 Hendrikson Boulevard*, 986 F.2d 990, 996-97 (6th Cir. 1993) (holding a stay was unnecessary due to forfeiture claimant's failure to indicate with precision how he would be prejudiced if civil action went forward with parallel criminal action); *United States v. Little Al*, 712 F.2d 133, 136 (5th Cir. 1983); *United States v. $ 506,641.00 in U.S. Currency*, No. 93 C 1603, 1996 U.S. Dist. LEXIS 1766, * 10 (N.D. Ill. Feb. 20, 1996).

Horwitz has not made this showing. First, the mere fact that Horwitz may be in a position in which he must choose between invoking his Fifth Amendment privilege or testifying in civil deposition, is alone, insufficient to justify a stay. *See SEC v. Musella,* 1983 WL 1297 at *2, (S.D.N.Y. April 4, 1983) (the "discomfort" of having to choose whether to assert the Fifth Amendment privilege or testify during parallel civil and criminal proceedings does not alone justify a stay of the civil action).

Second, Horwitz has not provided any explanation of what his testimony might disclose that would prejudice him. Instead, Horwitz has merely reiterated that the mere fact of having to either answer questions about the same conduct "for which he stands criminal charged" or have to assert his Fifth Amendment privilege would, in and of itself, prejudice him. (Dkt. No. 46 at 5.) This bald assertion, alone, does not provide any explanation of what Horwitz's deposition would or could disclose. For example, nowhere in his motion does he ever provide a declaration to identify the testimony that he believes is relevant to his defense but that is also subject to his Fifth

---

Case Indictment and the SEC's Complaint are virtually identical, although the burdens and elements of proof of the different charges may differ.

8

Amendment privilege. Instead, the SEC and the Court can only guess as to what possible testimony Horwitz thinks he could muster to defend himself. *See, e.g., IBM Corp v. Brown*, 857 F. Supp. 1384, 1390, n.3 (C.D. Cal. 1994) ("While there may be theoretical circumstances in which testimony which tends to incriminate would be helpful in a civil case, the court has not seen such an instance in practice and would consider it particularly unlikely where the criminal and civil cases arise from the same alleged conduct.") Finally, Horwitz makes no effort to explain why the testimony of other persons could not be used to substantiate his defenses, without requiring his own testimony.

### C. Horwitz's Proposed Stay of an Indeterminate Length Is Unnecessary in Light of Other Relief Available

Here, Horwitz proposes a stay of unknown duration that would unnecessarily delay the SEC's anticipated filing of its dispositive motion against him. However, he has not put forth any argument as to why the entirety of the SEC's case should be stayed, or why other less drastic relief could not resolve his alleged concerns. *See, e.g., Doe v. City of San Diego*, No. 12-cv-689-MMA-DHB, 2012 U.S. Dist. LEXIS 174773, *5 (S.D. Cal. Dec. 10, 2012) ("a stay of an action is not necessary where a defendant's fifth amendment rights can be protected through less drastic means, such as asserting the privilege on a question-by-question basis and implementing protective orders"); *SEC v. Global Materials & Servs.*, Case No. SACV 08-0881 DOC (RNBx), 2008 U.S. Dist. LEXIS 97243, 8* (C.D. Cal. Nov. 17, 2008) (imposing limited discovery stay in lieu of staying entire case). Moreover, a stay would have the practical effect of thwarting the SEC's law enforcement purposes, including obtaining permanent injunctions against Horwitz, a disgorgement order and civil monetary penalties. *See, Blue Cross and Blue Shield of Alabama v. Unity Outpatient Surgery Center, Inc.*, 490 F.3d 718, 723-24 (9th Cir. 2007) (finding that "lengthy and indefinite stays place a plaintiff effectively out of court"). More importantly however, as discussed above, Horwitz has failed to show that even a

9

1  limited discovery stay is appropriate.

2  For example, nothing prevents Horwitz from responding to discovery in this case with information that does not tend to incriminate him. For instance, to contest the SEC's allegations, he is free to produce business records showing that 1inMM had legitimate business operations, which would not implicate his Fifth Amendment rights in any way. *See, e.g., J.K. Publications*, 99 F. Supp. 2d at 1199. In addition, regardless of whether he decides to assert his Fifth Amendment rights in any subsequent deposition that may be taken of him in this action, nothing prevents Horwitz from conducting affirmative discovery in this case or otherwise defending this action through the testimony of other witnesses.

### D. The Request Is Overbroad and Sweeps in a Corporate Defendant with No Fifth Amendment Rights

A stay on discovery, such as the one as Horwitz seeks, would be tantamount to a blanket assertion of the Fifth Amendment, which is itself improper. *Alcala v. Texas Webb Cnty.*, 625 F. Supp. 2d 391, 397 (S.D. Tex. 2009). Generally, a party is required to selectively invoke the privilege against self-incrimination and object with specificity to information sought against him. *First Fin. Group of Texas*, 659 F.2d at 668. This allows a district court to conduct a particularized inquiry, deciding on a question-by-question or issue-specific basis, whether or not the privilege is well-founded. *Id*. In short, whether a party is entitled to the protection of the privilege is for the court to decide, not the invoking party. *Id.*, *see also SEC v. Braslau*, No. CV-14-01290-ODW (AJWx), 2015 WL 9591482, at *4 (C.D. Cal. Dec. 29, 2015) ("Braslau may assert his Fifth Amendment privilege on an issue-by-issue basis throughout the proceedings, giving him the opportunity to defend himself even while asserting the privilege."); *O. Thronas, Inc. v. Blake*, No. 09-00353 DAE-LEK, 2010 WL 931924, at *3 (D. Haw. Mar. 10, 2010) ("A stay of the action is not necessary because the individual defendants' Fifth Amendment rights can be protected through less drastic means, such as asserting the privilege on a question by question basis. . .").

Horwitz's request to stay would not only result in a blanket assertion of the Fifth Amendment privilege for him, but it would also serve to muzzle every potential witness in this case, including others who may speak on behalf of 1inMM. 1inMM, of course, has no Fifth Amendment right, as Horwitz has admitted. *See, e.g., Braswell v. United States*, 487 U.S. 99, 102 (1984); *Wilson v. United States*, 221 U.S. 361, 385 (1911); *see also IBM Corp. v. Brown*, 857 F. Supp. at 1390 (rejecting stay for pending criminal proceedings noting that "[t]he corporate defendants . . . enjoy no Fifth Amendment privilege."). Horwitz argues that his rights are implicated by proceeding with this matter because he is the only person who would speak for 1inMM, which would prejudice 1inMM. (Dkt. No. 46 at 5-6.) But the brokers, agents, and investors in 1inMM would be able to provide information concerning the company's operations without asserting Fifth Amendment rights. Moreover, Horwitz does not argue that a lawyer or agent could not be appointed to answer discovery on behalf of 1inMM. There is no reason to assume that other witnesses would, if deposed in this action, invoke their Fifth Amendment rights.

## IV.  CONCLUSION

For the foregoing reasons, the SEC asks that the Court deny Horwitz's motion to stay this action. In the alternative, if the Court finds that a partial stay is appropriate, the SEC requests that the Court consider alternatives to a complete stay of the case that would allow this case to progress while still minimizing the alleged burden on Horwitz's Fifth Amendment privilege.

Dated:  June 21, 2021                                     Respectfully submitted,

*/s/ Kathryn C. Wanner*
Kathryn C. Wanner
M. Lance Jasper
Attorneys for Plaintiff
Securities and Exchange Commission

**PROOF OF SERVICE**

I am over the age of 18 years and not a party to this action. My business address is:

U.S. SECURITIES AND EXCHANGE COMMISSION,
444 S. Flower Street, Suite 900, Los Angeles, California 90071
Telephone No. (323) 965-3998; Facsimile No. (213) 443-1904.

On June 21, 2021, I caused to be served the document entitled **PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S OPPOSITION TO DEFENDANT ZACHARY J. HORWITZ'S MOTION TO STAY THE PROCEEDINGS** on all the parties to this action addressed as stated on the attached service list:

☐ **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☐ **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

☐ **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

☐ **HAND DELIVERY:** I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

☐ **UNITED PARCEL SERVICE:** By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

☐ **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

☒ **E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

☐ **FAX:** By transmitting the document by facsimile transmission. The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date: June 21, 2021                    */s/ Kathryn C. Wanner*
                                       KATHRYN C. WANNER

12

*SEC v. Zachary Horwitz, et al.*
United States District Court – Central District of California
Case No. 2:21-cv-02927-CAS-GJS
LA-5212

SERVICE LIST

Michael J. Quinn, Esq.
Ryan C. Hedges, Esq.
Vedder Price
1925 Century Park East, Suite 1900
Los Angeles, CA 90067
Email: mquinn@vedderprice.com
Email: rhedges@vedderprice.com
***Attorneys for Defendants Zachary J. Horwitz; and 1inMM Capital, LLC (served via CM/ECF)***