**VEDDER PRICE (CA) LLP**
Michael Quinn, Bar No. 198349
mquinn@vedderprice.com
Ryan S. Hedges, Bar No. 217617
rhedges@vedderprice.com
1925 Century Park East, Suite 1900
Los Angeles, California 90067
T: +1 424 204 7700
F: +1 424 204 7702

Attorneys for Defendants
*Zachary J. Horwitz and 1inMM Capital, LLC*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ZACHARY J. HORWITZ; and 1INMM CAPITAL, LLC,<br><br>Defendants. | Case No. 2:21-CV-02927-CAS-GJSx<br><br>**DEFENDANT ZACHARY HORWITZ'S REPLY TO PLAINTIFF'S OPPOSITION TO STAY THE PROCEEDINGS**<br><br>Date:    July 12, 2021<br>Time:    10:00 a.m.<br>Judge:   Christina A. Snyder<br>Courtroom:   8D |

**DEFENDANT ZACHARY HORWITZ'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO STAY THE PROCEEDINGS**

**I.      Preliminary Statement**

The precedent established in the 25 cases cited by the SEC in its opposition actually supports a stay of proceedings in this context.  The SEC, however, argues for the opposite conclusion.  In doing so, the SEC misconstrues the case law and invites this Court to establish novel precedent.  There are good reasons for the Court to decline this invitation.

<u>First</u>, the SEC claims that Mr. Horwitz must describe what testimony he would disclose and how the DOJ might use that testimony against him. (Opp. at 8). This argument misconstrues the caselaw in other Federal Circuits. Where there is significant overlap in civil and criminal charges, a court may conclude that proceeding with the civil case will implicate the defendant's Fifth Amendment rights. Here, the SEC already admitted the parallel proceedings are "virtually identical." (ECF. No. 42). Nothing more is needed to establish that proceeding with the SEC case will impact Horwitz's Fifth Amendment rights.

<u>Second</u>, proceeding with the SEC Case will be judicially inefficient. It will expend unnecessary judicial resources in discovery that is unlikely to change the outcome of the case and duplicate the fact finding efforts of the criminal case. The SEC cites to a civil case that already proceeded to summary judgment and decided that final step of ruling on the motion would not waste judicial resources. This is a far cry from the case before us.

<u>Third</u>, there is no precedent for a more limited stay in this context. The SEC largely relies on cases where the defendant's Fifth Amendment privilege was significantly reduced because either the defendant had waived the privilege by testifying or he had already been convicted. These case are the exceptions that prove the rule.

<u>Fourth</u>, the SEC invites this Court to continue the case against the corporate defendant but ignores that any discovery would necessarily implicate Mr. Horwitz's Fifth Amendment rights.

<u>Fifth</u>, the SEC claims that it has a strong interest in proceeding with this case notwithstanding the DOJ is pursuing virtually identical claims. But the SEC fails to show how its case may be negatively impacted by the delay, particularly because the SEC does not disagree that its case is unlikely to be litigated following the conclusion of the criminal trial.

<u>Finally</u>, the public interest favors the criminal case. It is providing adequate protections for the public interest such that there is little risk of harm in delaying the SEC Case.

## II. ARGUMENT

The *Keating* factors weigh strongly in favor of a stay in this proceeding. This is evident in the lengths to which the SEC goes to find (inapposite) precedent to contradict Mr. Horwitz's position.

### A. <u>Mr. Horwitz Fifth Amendment Rights Are Clearly Implicated By the Virtually Identical Allegations in the Parallel Proceedings.</u>

The SEC claims Mr. Horwitz must describe what testimony he would disclose if the SEC Case were to proceed and how the DOJ might use that testimony against him. (Opp. at 8) To support this contention, the SEC relies on three civil forfeiture matters. Only one of the cases cited by the SEC required the kind of information the SEC suggests, but did so because "there [was] no parallel criminal proceeding presently pending."[1] *United States v. $ 506,641.00 in United States Currency*, 1996 U.S. Dist. LEXIS 1766, *10 (N.D. Ill. Feb. 16, 1996). The court did not know what the criminal charges might be or how the defendant's testimony might relate to those charges and, in that context, noted a more complete explanation was warranted. *Id.*

The SEC similarly misconstrues two other cases wherein courts requested more complete explanations because the Fifth Amendment issues were not readily apparent. First, in *United States v. Certain Real Prop. 566 Hendrickson Blvd.*, the defendant claimed a parallel criminal proceeding prevented him from putting on a defense because "any attempt . . . to depose his wife, children, or his associate . . . or

---

[1] The SEC contends that Mr. Horwitz must provide: (1) an explanation of how the testimony would prejudice him or her in the parallel criminal proceeding; (2) a description of what the testimony would disclose, and (3) an explanation why the testimony of other persons could not be used to substantiate Mr. Horwitz's defense. (Opp. at 12) However, neither *United States v. Certain Real Property 566 Hendrickson Boulevard*, 986 F.2d 990, 996-97 (6th Cir. 1993) nor *United States v. Little Al*, 712 F. 2d 133, 136 (5th Cir. 1983), cited by the SEC in support of this contention, obligates a defendant to provide this information.

to obtain their affidavits would have effectively waived his right against self-incrimination." 986 F.2d 990, 995 (6th Cir. 1993).  The Sixth Circuit understandably sought an explanation as to how affidavits or testimony of third parties would implicate the defendant's Fifth Amendment rights. *Id.*  Second, in *Int'l Bus. Machines Corp. v. Brown*, the defendants "testified at a deposition" in the civil matter "on substantive issues of the case" and later sought a stay. 857 F. Supp. 1384, 1389 (C.D. Cal. 1994).  The court observed that any "remaining Fifth Amendment privilege to assert . . . [was] negligible" and noted defendants made no effort to demonstrate there was any helpful testimony left that would still be subject to the Fifth Amendment privilege. *Id.*

Elsewhere in its brief, the SEC cites to *SEC v. Arias*, 2012 WL 4849151, at *4 (E.D.N.Y. Sept. 14, 2012).[2]  This case is more on point.  In *Arias*, the court conducted "a comparison of the Complaint and the related indictment" and found "certain allegations are substantially the same" *Id.*  Given this, the court observed, "it is difficult to imagine how defendants could answer the Complaint in this matter without implicating their rights against self-incrimination." *Id.*  The court therefore granted a stay. *Id.*  Here, the SEC already described the allegations in the criminal case as "virtually identical." (ECF. No. 42).  The SEC offers no explanation why the analysis of *Arias*, or the cases cited by Mr. Horwitz in his motion, *Wimbledon Fund, SPC v. Graybox, LLC*, 2017 U.S. Dist. LEXIS 5517, at *9 (C.D. Cal. 2017) and *SEC*

---

[2] The SEC cited *Wang v. Reno*, 81 F.3d 808, 813 (9th Cir. 1996), for the proposition that Horwitz is not facing a Hobson's choice, which the SEC correctly notes describes a free choice when there is no real alternative. *Wang* addressed Fifth Amendment due process rights – not the right against compelled self-incrimination – and allegations that an individual might face execution in his home country if he did not perjure himself. *Id.*  The SEC then cited *Arias* for the proposition that a "Morton's Fork" is a more appropriate description, but misconstrues a "Morton's Fork." Morton's Fork derives from an English Chancellor who demanded gifts for the royal treasury reasoning that everyone would be able to afford it—if someone lived well then she was obviously rich and if she lived frugally then she must have savings.  Morton's Fork therefore describes a false dilemma in which contradictory observations lead to the same conclusion.

*v. Rampoldi*, 2017 U.S. Dist. LEXIS 224452, *3 (S.D. Cal. 2017), are not conclusive on this point.

### B. Efficient Use of Judicial Resources Supports a Stay of the SEC Case.

The SEC cites to *SEC v. CMKM Diamonds, Inc.*, 2011 WL 1343004, at *4 (D. Nev. Apr. 7, 2011) for the proposition that two parallel cases involving similar factual occurrences do not necessarily require the Court to perform duplicative or unnecessary work. *CMKM Diamonds, Inc.* reached this conclusion because the civil case had already proceeded to summary judgment and, according to the SEC in that case, there were no "material facts at issue that a criminal case might preclude." *Id*. *CMKM Diamonds, Inc.* provides no support for the SEC's argument that duplicative or unnecessary work will not occur here, where discovery has yet to commence.

A more apt comparison is *SEC v. Nicholas*, 569 F. Supp. 2d 1065, 1070 (C.D. Cal. 2008), where the DOJ intervened and sought to stay the SEC case before significant discovery commenced. There, the court found a "high degree of overlap and interrelatedness of the cases" and concluded that "dual litigation does not serve the interests of efficiency or judicial economy. *Id*. The court stressed that the "concern is particularly acute with respect to the threat of inconsistent judgments if the [c]ourt and/or the jury is asked to resolve issues that are common between both actions." *Id*. The court ordered a complete stay of the civil case. *Id*. at 1072.

### C. A More Limited Stay Will Not Work and Will Burden Horwitz.

The SEC suggests this Court impose a more limited stay whereby discovery would continue and Mr. Horwitz would be left to seek a protective order based on the discovery propounded to him. The SEC is reading too much into the cases that it cites for this novel proposition.

The primary case cited by the SEC, *Doe v. City of San Diego*, dealt with whether to continue a stay after "trial in the parallel criminal proceeding ha[d] concluded, and a conviction [wa]s being challenged on appeal." 2012 U.S. Dist. LEXIS 174773, *5 (C.D. Cal. Dec. 10, 2012). The court noted that under such

circumstances, "courts are generally more reluctant to stay parallel civil proceedings" and therefore, in that context, the court considered "remedies short of an indefinite stay." *Id.* at *7. But those circumstances are obviously not present here.

In *SEC v. Global Materials & Servs.*, the court issued a stay of discovery in the civil case, but allowed some proceedings, such as "settlement discussions" to proceed. 2008 U.S. Dist. LEXIS 97243, *9 (C.D. Cal. Nov. 17, 2008). Thus, *Global Materials* does not support the SEC's contention that it should be allowed to proceed with discovery in this case.

*Blue Cross & Blue Shield of Alabama v. Unity Outpatient Surgery Ctr., Inc.* is also inapposite. 490 F.3d 718, 724 (9th Cir. 2007). In that case, the Ninth Circuit found only that it had "jurisdiction to review the district court's decision" to stay proceedings. *Id.* It did not reach the merits of whether the stay was appropriate. *Id.* at 725.

Finally, in *F.T.C. v. J.K. Publications, Inc.*, the court considered a record where the defendant had already "testified at a deposition and submitted sworn statements in prior proceedings in [the civil] case." 99 F. Supp. 2d 1176, 1199 (C.D. Cal. 2000). Because the defendant "already . . . provided deposition testimony on substantive issues of the civil case, any burden on that defendant's Fifth Amendment privilege [wa]s 'negligible.'" *Id.* It was in this context that the court presumed the defendant could continue to respond to discovery. *Id.*

None of these cases undermine the sound reasoning of the cases relied on by Mr. Horwitz including *Nicholas*, 569 F. Supp. 2d at 1070, *Graybox*, 2017 U.S. Dist. LEXIS 5517, at *9; *Rampoldi*, 2017 U.S. Dist. LEXIS 224452, *3. These cases faced analogous circumstances and concluded that a stay was warranted.

**D. The Stay in Proceedings Should Extend to the Corporate Defendant.**

The SEC argues that Mr. Horwitz's request for a stay is overbroad because it includes the corporate defendant. (Opp. at 15) But the SEC ignores that proceeding

against the corporate defendant would still implicate Mr. Horwitz's Fifth Amendment privileges. Mr. Horwitz is 1inMM's sole member and manager. "[T]he Fifth Amendment rights of every director or officer who may speak on behalf of the corporation are implicated" by allowing the case against 1inMM to proceed. *Graybox*, 2017 U.S. Dist. LEXIS 5517, at *12-13. 1inMM has no other managers, members, or employees to testify on its behalf. The entity's documents are secure and preserved because the government seized them from Mr. Horwitz. To the extent that the SEC wants more discovery to be answered by an appointed agent, it would almost necessarily involve that agent questioning Mr. Horwitz, who is the only source of information for 1inMM. This would necessarily implicate his Fifth Amendment rights.

### E. The SEC's Interests Also Support a Stay of the SEC's Case.

The SEC contends that it has a strong interest in timely pursuing civil actions against the defendants, but cites precedent that suggests otherwise. (Opp. at 5-6) In *Fed. Sav. and Loan Ins. Corp. v. Molinaro*, the court determined the plaintiff "would be prejudiced by delay since [defendant] continued to attempt to dispose of his assets." 889 F.2d 899, 903 (9th Cir. 1989). Likewise, *FTC v. J.K. Publications, Inc.*, dealt with a record where the defendant had "a history of hiding and attempting to dispose of his assets," including "transferr[ing] at least $21 million" after being served with the complaint. 99 F. Supp. 2d 1176, 1197 (C.D. Cal. 2000). In this case, there is no indication that a stay would diminish the likelihood of eventual recovery. Indeed, there is an asset freeze in place that eliminates any such possibility. The SEC does not dispute this.

At most, the SEC suggests that delay may affect the availability of witnesses and documents and the quality of testimony. (Opp. at 10) The SEC offers no indication as to how a delay might affect the evidence available in the event the SEC action proceeds after the criminal matter. Nor does the SEC dispute DOJ's claim that "after conviction or acquittal, it is virtually unheard of for a civil trial to take place in

a parallel SEC case." *See* United States' Motions to (1) Intervene; and (2) Stay Proceedings, *S.E.C. v. Sripetch et al.*, Case No. 20-CV-1864-H-AGS, at 9 (S.D. Cal., Jan. 6, 2021).  It is therefore unclear what SEC interest is not already being advanced through the criminal case.  As *Global Materials*, relied on by the SEC, held: "imposing such a stay will not prevent or delay the United States - from which the SEC derives its authority - from pursuing its claims against the Defendants as the criminal trial will be unhindered by this stay." 2008 U.S. Dist. LEXIS 97243, *8.

The SEC does not dispute Mr. Horwitz's claim that any discovery before resolution of the criminal matter could turn into an unfair, unbalanced affair wherein the SEC's discovery would largely consist of negative inferences while Mr. Horwitz would be entitled to take affirmative discovery.  Proceeding in such a manner will not benefit either side.

### F. The Interest of the Public in the Pending Cases Support a Stay of the SEC Case.

The SEC claims the public has a strong interest in the prompt enforcement of the securities laws, citing to *Sec. & Exch. Comm'n v. First Fin. Grp. of Texas, Inc.*, 659 F.2d 660, 666-69 (5th Cir. 1981).  (Opp. at 6-7)  The SEC does not suggest, however, that there is any particular interest advanced by the SEC's case, "which can not await the outcome" of the parallel criminal case.  *Id.* at 667.  The SEC acknowledges that the allegations of the criminal case are "virtually identical to the allegations of the [SEC Case]."  (ECF No. 42)  The criminal case is thus advancing the same interest in prompt enforcement of securities laws.  Moreover, as caselaw cited by the SEC noted, "it is in the public interest to adjudicate this case on the merits." *Global Materials*, 2008 U.S. Dist. LEXIS 97243, *7.  Proceeding with the SEC Case will merely adjudicate by inference.

## III. CONCLUSION

For the foregoing reasons, Mr. Horwitz respectfully requests this Court grant its Motion to stay the above-captioned proceedings pending resolution of the parallel criminal case docketed at *United States v. Horwitz*, 2:21-cr-00214-MCS.

Dated: June 28, 2021

VEDDER PRICE (CA), LLP

By: /s/ Michael Quinn
 Michael Quinn
 Ryan S. Hedges

Attorneys for Defendants
*Zachary J. Horwitz and 1inMM Capital, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 28, 2021, I caused to be electronically filed a true and correct copy of the foregoing with the Clerk of Court using the CM/ECF system and that all counsel of record will be served via the Notice of Electronic Filing generated by CM/ECF.

                                                /s/ Michael Quinn
                                                    Michael Quinn