UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL         'O'

| Case No. | 2:21-cv-02927-CAS-GJSx | Date | July 12, 2021 |
|---|---|---|---|
| Title | SECURITIES AND EXCHANGE COMMISSION v. ZACHARY J. HORWITZ; ET AL | | |

Present: The Honorable **CHRISTINA A. SNYDER**

| Catherine Jeang | Laura Elias | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Kathryn Wanner | Michael Quinn |

**Proceedings:** DEFENDANT'S MOTION TO STAY PROCEEDINGS (Dkt. 46, filed June 7, 2021)

## I. INTRODUCTION

On April 5, 2021, the Securities and Exchange Commission ("SEC") filed this civil enforcement action against defendants Zachary J. Horwitz ("Horwitz") and 1inMM Capital, LLC ("1inMM") (collectively, "defendants"). Dkt. 1 ("Compl."). The complaint alleges two claims for: (1) violation of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and SEC Rule 10b-5, 17 C.F.R. §240.10b-5(b); and (2) violation of Section 17(a) of the Securities Act of 1933 (the "Securities Act"). Compl. ¶¶ 83-93. In brief, the SEC alleges that between March 2014 and December 2019, defendants conducted a fraudulent offering of securities which was also a Ponzi scheme, all in violation of the federal securities laws. Compl. ¶4. According to the SEC, defendants misrepresented to investors that promissory notes issued by 1inMM would be repaid using the proceeds from movie licensing deals with major media companies, which licensing deals did not exist. Id.

On April 6, 2021, the Court issued an order granting the SEC's application to freeze "all assets, funds or other property of Defendants," including, but not limited to, certain real property and bank accounts. Dkt. 18 ("Asset Freeze Order"). On May 14, 2021, the Court issued a further order extending the order freezing all of defendants' assets "pending further action by this Court." Dkt. 43. Those orders remain in full force.

On May 4, 2021, the United States Attorney's Office for the Central District of California filed an indictment charging defendant Horwitz with: (1) five counts of securities fraud, in violation of Section 10(b) of the Exchange Act, SEC Rule 10b-5, and 15 U.S.C. §78ff; (2) six counts of wire fraud, in violation of 18 U.S.C. §1343; and (3) two counts of aggravated identify theft, in violation of 18 U.S.C. § 1028A(a)(1). United States

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**                         'O'

| Case No. | 2:21-cv-02927-CAS-GJSx | Date | July 12, 2021 |
|---|---|---|---|
| Title | SECURITIES AND EXCHANGE COMMISSION v. ZACHARY J. HORWITZ; ET AL | | |

v. Horwitz, No. 2:21-cr-00214-MCS-1 (the "Criminal Action"), dkt. 25 ("Indictment"). The United States seeks forfeiture as part of any criminal sentence, pursuant to 18 U.S.C. §§ 981(a)(1)(c), 982, and 1028, and 28 U.S.C. § 2461(c). As a condition of his pre-trial release, Horwitz is prohibited from selling, transferring, or giving away any asset valued at more than $10,000 without obtaining permission from the Court. Criminal Action dkt. 19. In its notice of pendency of other actions or proceedings, the SEC described the allegations in the criminal indictment as "virtually identical to the allegations of the SEC in the present action." Dkt. 42.

On June 7, 2021, Horwitz filed the instant motion to stay this action pending resolution of the Criminal Action. Dkt. 46 ("Mot"). On June 21, 2021, the SEC filed an opposition. Dkt. 47 ("Opp'n"). Horwitz filed a reply on June 28, 2021. Dkt. 48 ("Reply").

The Court held a hearing on July 12, 2021. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.   BACKGROUND

In the civil case, the SEC alleges that between March 2014, and December 2019, defendants raised over $690 million from investors through a fraudulent scheme wherein defendants misrepresented that Netflix and Home Box Office ("HBO") were 1inMM's "strategic partners," and that defendants would acquire and license the "distribution rights in movies to HBO, [] Netflix," and other major media companies, and "use[] the profits from those transactions to repay investors in 1inMM's promissory notes." Id. ¶ 5. According to the complaint, Horwitz, who is a Los Angeles based actor, was the sole principal and managing member of 1inMM throughout the relevant period. Id. ¶¶ 17-18. Defendants allegedly raised money from investors by issuing promissory notes, which Horwitz represented would fund transactions regarding the rights to specific movies. Id. ¶¶ 20-25. The SEC alleges that the promissory notes generally guaranteed investors profits of between 35 and 45 percent at maturity, and that Horwitz told investors that he and 1inMM would profit from those transactions by licensing the movie rights to HBO or Netflix for distribution, generally in Latin America, in an amount exceeding the maturity payments on the promissory notes, and by retaining certain additional distribution rights. Id. ¶¶ 26-27.

The SEC alleges, however, that defendants had no relationship or licensing arrangement with HBO or Netflix and, instead, "Horwitz misappropriated investor funds

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**      'O'

| Case No. | 2:21-cv-02927-CAS-GJSx | Date | July 12, 2021 |
|---|---|---|---|
| Title | SECURITIES AND EXCHANGE COMMISSION v. ZACHARY J. HORWITZ; ET AL | | |

to pay putative returns on earlier investments" and for his personal use, including a $5.7 million home purchase. Id. ¶¶ 8-14; 56-60. The SEC alleges that defendants "did not acquire the movie rights funded by the [p]romissory [n]otes and did not sell those rights to HBO or Netflix." Id. ¶ 49. In addition, the SEC alleges that on at least three occasions, "Horwitz […] used investor funds to pay purported returns on previously issued notes" and used those payments in his efforts to induce investors to make further investments and recruit downstream investors. Id. ¶¶ 50-51, 53. The SEC alleges that in late 2019, defendants stopped making payments to investors for outstanding 1inMM promissory notes, and that defendants subsequently provided false explanations to investors as to why the payments had stopped, including by claiming that negotiations with Netflix and HBO were delayed. Id. ¶¶ 62-77. As recently as March 12, 2021, Horwitz allegedly again promised investors that payment was "forthcoming" and suggested that investors could "provide funds to pay 1inMM legal counsel" in connection with efforts to obtain payment from HBO. Compl. ¶¶ 75-77.

The Indictment returned in the Criminal Action on May 4, 2021, alleges substantially the same conduct alleged by the civil complaint. See generally Indictment. Horwitz now seeks to stay this case pending resolution of the criminal proceeding.

### III.  LEGAL STANDARD

"The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." Keating v. Office of Thrift Supervision, 45 F.3d 322, 324 (9th Cir. 1995), cert. denied, 516 U.S. 827 (1995). Parallel civil and criminal proceedings are unobjectionable under Ninth Circuit precedent unless such proceedings substantially prejudice the rights of the parties involved. Id. "The decision whether to stay civil proceedings in the face of a parallel criminal proceeding should be made 'in light of the particular circumstances and competing interests involved in the case.'" Id. (quoting Fed. Sav. & Loan Ins. Corp. v. Molinaro, 889 F.2d 899, 902 (9th Cir. 1989)). The party proposing a stay bears the burden of proving that a stay is warranted. Clinton v. Jones, 520 U.S. 681, 708 (1997).

A district court is vested with the discretion to stay an action based on its inherent authority to control its own docket. Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). Although there is no requirement that a court stay a civil action pending the outcome of a related criminal proceeding, a court may choose to do so "when the interests of justice seem [ ] to require such action." Keating, 45 F.3d at 324 (quotation marks omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**                   'O'

| Case No. | 2:21-cv-02927-CAS-GJSx | Date | July 12, 2021 |
|---|---|---|---|
| Title | SECURITIES AND EXCHANGE COMMISSION v. ZACHARY J. HORWITZ; ET AL | | |

In deciding whether to grant a motion to stay civil proceedings in favor of parallel criminal proceedings, courts in the Ninth Circuit must consider the "extent to which the defendant's [F]ifth [A]mendment rights are implicated." Id. In addition, Keating instructs that courts should consider the following five factors: (1) the interest of the plaintiff in proceeding expeditiously with the litigation, and the possibility that plaintiffs would be prejudiced by a delay; (2) the burden which the proceedings may impose on defendants; (3) the convenience of the court and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the civil and criminal litigations. Id. at 324–25. Thus, while the extent to which a defendant's Fifth Amendment rights are implicated is a "significant factor" to be considered, it is "only one consideration to be weighed against others." Id. Nonetheless, other than cases involving bad faith or malice on the part of the government, "the strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter." SEC v. Dresser Indus., Inc., 628 F.2d 1368, 1375–76 (D.C. Cir. 1980). In such cases, allowing the civil action to proceed may undermine the defendant's Fifth Amendment privilege, expand criminal discovery beyond the limits of Federal Rule of Criminal Procedure 16(b), expose the defense strategy to the prosecution before the criminal trial, or cause other prejudice. Id. at 1376. Accordingly, where the civil proceeding wholly or substantially overlaps with the criminal proceeding, a court may be justified in staying the civil case, deferring civil discovery, or taking other protective measures. Id.

## IV. DISCUSSION

### A. Fifth Amendment Privilege

In this case, Horwitz's Fifth Amendment concerns are substantial, but those concerns do not carry the same force with respect to 1inMM.

Horwitz has been indicted on serious criminal charges: five counts of securities fraud, six counts of wire fraud, and two counts of aggravated identity theft. Criminal proceedings have commenced in a parallel case, United States v. Zachary Joseph Horwitz, No. 2:21-cr-00214-MCS, before another court in this district. Compare Molinaro, 889 F.2d at 903 ("The case for staying civil proceedings is a far weaker one when no indictment has been returned, and no Fifth Amendment privilege is threatened."). In addition, there is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**    'O'

| Case No. | 2:21-cv-02927-CAS-GJSx | Date | July 12, 2021 |
|---|---|---|---|
| Title | SECURITIES AND EXCHANGE COMMISSION v. ZACHARY J. HORWITZ; ET AL | | |

substantial overlap between the SEC's allegations in the civil complaint and the charges upon which Horwitz has been indicted. Both cases rest upon claims that Horwitz operated 1inMM as a Ponzi scheme and defrauded investors out of hundreds of millions of dollars by falsely representing that investors in 1inMM's promissory notes would realize substantial profits from 1inMM's fictitious movie licensing agreements with HBO, Netflix, and other media companies. See Comp. ¶¶ 4-16; Indictment ¶¶ 5-7. In addition, both cases allege that Horwitz misused the interstate wires to induce investments from victims of the alleged Ponzi scheme; Compl. ¶¶ 38-39, Indictment ¶¶ 8-11, and that Horwitz falsely used the names and signatures of media executives in communications sent in furtherance of the scheme. Compl. ¶¶ 67, Indictment ¶¶ 12-13.

Because the factual allegations in these parallel actions are substantially the same, Horwitz argues that he will likely assert his Fifth Amendment privilege in this civil action. Horwitz further contends that he will thereby "suffer potentially severe consequences" in the form of a negative inference based on his assertion of his Fifth Amendment right. Mot. at 5 (citing S.E.C. v. Colello, 139 F.3d 674, 677 (9th Cir. 1998)( "Parties are free to invoke the Fifth Amendment in civil cases, but the court is equally free to draw adverse inferences from their failure of proof.").

The SEC argues that Horwitz's motion fails to satisfy the Keating standard because he fails to make an adequate showing as to how his Fifth Amendment right would be prejudiced if the instant action were to proceed. Opp'n at 7-8. The Court finds that argument without merit. As numerous courts have recognized, "other than cases involving bad faith or malice on the part of the government, the strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter," which is precisely the situation presented here. See S.E.C. v. Alexander, No. 10-CV-04535-LHK, 2010 WL 5388000, at *3 (N.D. Cal. Dec. 22, 2010) (quoting Dresser, 628 F.2d at 1375–76); Carlson v. City of Redondo Beach, No. 2:20-00259-ODW-AFMx, 2020 WL 7714699, at *2 (C.D. Cal. Dec. 29, 2020) ("A stay is warranted where a grand jury returns a criminal indictment and where there is a large degree of overlap between the facts involved in both cases."). Where, as here, the factual allegations in parallel criminal and civil proceedings "wholly or substantially overlap[,]" a comparison of the complaint with the indictment is sufficient to allow the Court to conclude that the defendant's Fifth Amendment right is implicated to a significant degree, and no

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**               'O'

| Case No. | 2:21-cv-02927-CAS-GJSx | Date | July 12, 2021 |
|---|---|---|---|
| Title | SECURITIES AND EXCHANGE COMMISSION v. ZACHARY J. HORWITZ; ET AL | | |

additional showing is required.[1]  See Alexander, 2010 WL 5388000, at *3 ("where the civil proceeding wholly or substantially overlaps with the criminal proceeding, a court may be justified in staying the civil case"); eBay, Inc. v. Digital Point Sols., Inc., No. C 08-4052 JF (PVT), 2010 WL 702463, at *3 (N.D. Cal. Feb. 25, 2010) (Fifth Amendment concerns weigh in favor of a stay "when simultaneous civil and criminal proceedings involve the same or closely related facts."). Accordingly, the Court finds that these Fifth Amendment concerns are significant and weigh in favor of a stay as to Horwitz.[2]

However, Fifth Amendment concerns do not support a stay of discovery with respect to 1inMM. The SEC argues that 1inMM, a corporate entity that was not indicted, enjoys no Fifth Amendment privilege and, as such, should designate "a lawyer or agent [..] to answer discovery on its behalf." Opp'n at 10-11. It is beyond dispute that a corporate

---

[1] Courts in other jurisdictions have similarly concluded that overlapping allegations in parallel civil and criminal proceedings are sufficient to demonstrate that a defendant's Fifth Amendment right is implicated. See e.g. S.E.C. v. Arias, No. CV 12-2937 ADS GRB, 2012 WL 4849151, at *3 (E.D.N.Y. Sept. 14, 2012), report and recommendation adopted, No. 12 CV 2937 DRH GRB, 2012 WL 4849346 (E.D.N.Y. Oct. 11, 2012) ("it is difficult to imagine how defendants could answer the Complaint in this matter without implicating their rights against self-incrimination").

[2] None of the out of circuit authority upon which the SEC relies compels a different conclusion. That is because none of the SEC's cases address factual circumstances analogous to those present here, where a defendant who has not been convicted and has never offered testimony in the civil action faces a directly parallel criminal proceeding. For example, in United States v. $ 506,641.00 in U.S. Currency, No. 93 C 1603, 1996 U.S. Dist. LEXIS 1766, * 10 (N.D. Ill. Feb. 20, 1996), no criminal proceeding was pending and, as such, the court required some showing as to how potential criminal charges might relate to the civil action.; see also Int'l Bus. Machines Corp. v. Brown, 857 F. Supp. 1384, 1390 (C.D. Cal. 1994) (individual defendants had already provided deposition testimony in civil action and "therefore [had] no remaining Fifth Amendment privilege to assert.). In addition, in United States v. Certain Real Property 566 Hendrikson Boulevard, 986 F.2d 990, 996-97 (6th Cir. 1993) the Court of Appeals for the Sixth Circuit found that the district court did not err in failing to stay a federal civil case pending state criminal proceedings because "not only did claimant fail to seek a stay from the District Court, he filed a cross motion for summary judgment."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**                'O'

| Case No. | 2:21-cv-02927-CAS-GJSx | Date | July 12, 2021 |
|---|---|---|---|
| Title | SECURITIES AND EXCHANGE COMMISSION v. ZACHARY J. HORWITZ; ET AL | | |

entity has no privilege against self-incrimination. Braswell v. United States, 487 U.S. 99, 102 (1988); United States v. Kordel, 397 U.S. 1, 7–8 & n. 9 (1970) (collecting cases). As such, because 1inMM has no Fifth Amendment privilege to assert, "its corporate books and records are not 'private papers' protected by the Fifth Amendment." Chrome Hearts LLC V. Old Sch. Fairfax Inc., No. CV 2:16-09080-BRO (JPRx), 2017 WL 8943005, at *3 (C.D. Cal. Aug. 25, 2017). Likewise, it is well established that "a custodian of corporate records cannot assert the Fifth Amendment privilege as to the mere production of corporate records because 'the custodian of corporate or entity records holds those documents in a representative rather than personal capacity." Id. (quoting Braswell, 487 U.S. at 109-110). Accordingly, the Court finds that Fifth Amendment concerns do not warrant staying the production of documents by 1inMM. Here, Horwitz is the "sole member and manager" of 1inMM and therefore appears to be the "custodian" of 1inMM's corporate records. As such, Horwitz cannot claim a Fifth Amendment privilege as to the non-testimonial production of 1inMM's corporate records, "even if the contents of the records tend to be incriminating." Sanrio, Inc. v. Ronnie Home Textile Inc., No. 2:14-CV-06369-RSWL, 2015 WL 1062035, at *2 (C.D. Cal. Mar. 10, 2015). In addition, there is no indication that witnesses with knowledge regarding 1inMM, other than Horwitz, will invoke the Fifth Amendment and decline to testify in this action.

As such, the Court finds that this factor weighs in favor of a stay as to Horwitz,[3] but does not favor a stay as to 1inMM. See e.g. Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc., No. 14-cv-3053-MWF-AFM(x), 2018 WL 11242039, at *4 (C.D. Cal. Apr. 6, 2018) (Fifth Amendment concerns favored stay as to indicted defendant, but not as to other unindicted defendants).

### B. Other Keating Factors

As noted above, the Ninth Circuit has explained that the extent to which the pending civil action implicates Fifth Amendment considerations is a "significant factor" but "is only one consideration to be weighed against" the remaining Keating factors. Keating, 45 F.3d at 326. A balancing of the Keating factors is a "fact-specific" exercise, and "courts'

---

[3] This is particularly the case in light of the Court's prior orders freezing all of defendants' assets, which ameliorate the risk that Horwitz could dissipate assets during a stay. As noted *supra* at section I, those orders remain in full force.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**                                        'O'

| Case No. | 2:21-cv-02927-CAS-GJSx | Date | July 12, 2021 |
|---|---|---|---|
| Title | SECURITIES AND EXCHANGE COMMISSION v. ZACHARY J. HORWITZ; ET AL | | |

treatment and weighing of the factors varies widely." Petrov v. Alameda Cty., No. 16-CV-04323-YGR, 2016 WL 6563355, at *4 (N.D. Cal. Nov. 4, 2016).

First, the SEC argues that it has a strong interest in "timely pursuing civil actions" in order to "obtain orders that ill-gotten gains be disgorged, and seek the imposition of civil penalties to punish wrongdoers for their violations of the federal securities laws." Opp'n at 5-6. The SEC also contends that it would be prejudiced by a stay because the delay "may affect the availability of witnesses and documents and the quality of testimony." Id. at 6. The Court recognizes that as the agency responsible for enforcing the federal securities laws, the SEC has a significant interest in "be[ing] able to respond quickly to securities violations and seek prompt judicial redress." Sec. & Exch. Comm'n v. Braslau, No. 14-01290-ODW (AJWX), 2015 WL 9591482, at *3 (C.D. Cal. Dec. 29, 2015). Even in light of the Court's orders freezing defendants' assets, which ameliorate the risk that the SEC will ultimately be unable to recover from defendants, the Court concludes here that the potential for delay in the SEC's ability to pursue this enforcement action is significant. Likewise, it is also significant that a stay would "increase the odds that key witnesses may become unavailable, that their memories will fade, and that documents in their possession may be lost." Id. Accordingly, this factor weighs in favor of denying a stay.

Second, the Court must consider the potential prejudice to defendants. As discussed above, this civil proceeding implicates Horwitz's Fifth Amendment rights to a significant degree, and allowing discovery in the case against Horwitz to proceed in parallel with the Criminal Action would effectively force Horwitz to choose between defending himself in the civil case and preserving his Fifth Amendment right. In addition, Horwitz argues that, absent a stay, the government could "avoid the limitations on criminal discovery by using the SEC Case to pursue wide ranging discovery" outside the bounds of Federal Rule of Criminal Procedure 16(b). "These are both well-recognized consequences of parallel criminal and civil proceedings that may support a stay or deferral of discovery in cases where delay would not seriously injure the public interest or otherwise cause prejudice." Alexander, 2010 WL 5388000, at *5. Therefore, the Court finds that permitting this case to proceed as to Horwitz "could seriously burden [Horwitz] and prejudice his criminal defense." Id.

The potential prejudice to 1inMM is significantly less, because 1inMM is not a defendant in the criminal action and has no Fifth Amendment right to assert. The Court acknowledges, however, that 1inMM may suffer prejudice as the alleged issuer of the

Case 2:21-cv-02927-CAS-GJS   Document 50   Filed 07/12/21   Page 9 of 11   Page ID #:2309

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL       'O'

| Case No. | 2:21-cv-02927-CAS-GJSx | Date | July 12, 2021 |
|---|---|---|---|
| Title | SECURITIES AND EXCHANGE COMMISSION v. ZACHARY J. HORWITZ; ET AL | | |

promissory notes at issue if Horwitz asserts his Fifth Amendment privilege, thereby impairing its ability to defend itself in these proceedings. See e.g. CFPB v. Glob. Fin. Support, Inc., No. 3:15-cv-02440-GPC-WVG, 2016 WL 2868698, at *3 (S.D. Cal. May 17, 2016).

Third, the convenience of the Court and judicial efficiency weighs against a complete stay, because "[a]n indefinite stay of this entire action pending completion of the Criminal Action is unlikely to prove more efficient or convenient to the Court." Almont Ambulatory Surgery Ctr., 2018 WL 11242039, at *6 (noting that courts have recognized that this factor "normally does not favor granting a stay, because the court has an interest in clearing its docket."); see also Gen. Elec. Co. v. Liang, No. 2:13-cv-08670-DDP-VBK, 2014 WL 1089264, at *6 (C.D. Cal. Mar. 19, 2014) (quoting Molinaro, 889 F.2d at 903) (same). The Court's interest in managing its docket would not benefit from what could be an "indeterminate stay on discovery as to the central witness[es] in this action." See Est. of Morad v. City of Long Beach, No. CV 16-06785-MWF AJW(x), 2017 WL 5187826, at *9 (C.D. Cal. Apr. 28, 2017). With respect to a stay as to Horwitz only, however, courts have recognized some efficiencies associated with allowing a parallel criminal action to proceed first, including "insuring that common issues of fact will be resolved and subsequent civil discovery will proceed unobstructed by concerns regarding self-incrimination." See e.g. Jones v. Conte, No. 3:04-cv-5312-SI, 2005 WL 1287017, at *2 (N.D. Cal. Apr. 19, 2005) (quotation marks omitted).

Fourth, the SEC argues that investors have an interest in proceeding to discovery and trial of this case "before memories continue to fade, and other evidence grows stale." Opp'n at 7. As noted above with respect to the potential prejudice to the SEC, that concern is significant. In addition, although the SEC does not so argue, the Court notes that the third-party investors "have an interest in obtaining justice" and recovering compensation through timely litigation of the civil proceeding, which weighs against a complete stay of this action. See Consumer Fin. Prot. Bureau v. Glob. Fin. Support, Inc., No. 15-CV-02440-GPC-WVG, 2016 WL 2868698, at *5 (S.D. Cal. May 17, 2016); but see Alexander, 2010 WL 5388000, at *6 (recognizing significance of investor interests, but declining to find that those interests outweighed burden on indicted criminal defendant).

Fifth, the Court considers the public's interest in the pending civil and criminal litigation. The SEC argues that this factor weighs against any stay in this action, because there is "a strong public interest in the prompt enforcement of the securities laws." Opp'n

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 2:21-cv-02927-CAS-GJSx | Date | July 12, 2021 |
|---|---|---|---|
| Title | SECURITIES AND EXCHANGE COMMISSION v. ZACHARY J. HORWITZ; ET AL | | |

at 6. In particular, the SEC argues that the public "has an interest in seeing that securities frauds are resolved quickly" because delay "could erode public confidence in the securities market." Id. at 7 (quoting SEC. v. CMKM Diamonds, Inc., No. 2:08-CV-00437-LRH, 2011 WL 1343004, at *4 (D. Nev. Apr. 7, 2011)). On the other hand, as Horwitz argues, the public also has a strong interest in ensuring the integrity of criminal proceedings. See Mot. at 9; S.E.C. v. Nicholas, 569 F. Supp. 2d 1065, 1072 (C.D. Cal. 2008) (concluding that the parallel criminal case was "of primary importance to the public, the Defendants, and the Court" because the criminal case could vindicate the public's "vital interest in the integrity of public markets, efficient punishment of wrongdoers, and deterrence of similar conduct by other" potential violators of the securities laws); see also Petrov, 2016 WL 6563355, at *7 (same).

Here, the Court finds that the public has a strong interest in civil enforcement of the securities laws that weighs against a complete stay of this action. However, the Court finds that "such interest does not outweigh the public's interest in fair criminal proceedings" as to Horwitz, who is the sole defendant under indictment. See Id.

Weighing each of the Keating factors, the Court concludes that a partial stay will best preserve the competing interests presented here. Accordingly, the Court will **GRANT in part** the motion to stay as to Horwitz, as an individual, pending the resolution of the Criminal Action. However, the motion is otherwise **DENIED** and discovery may proceed in this action as to 1inMM and all third-parties. This includes, but is not limited to, discovery concerning the investors in 1inMM, Netflix, and HBO.

V.      **CONCLUSION**

In accordance with the foregoing, the Court **GRANTS** *in part* and **DENIES** *in part* Horwitz's motion as follows:

> 1. The motion is **GRANTED** with respect to Horowitz only, pending resolution of the Criminal Action. Horwitz is **DIRECTED** to file status reports regarding the status of the Criminal Action every 120 days from the date of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**               'O'

| Case No. | 2:21-cv-02927-CAS-GJSx | Date | July 12, 2021 |
|---|---|---|---|
| Title | SECURITIES AND EXCHANGE COMMISSION v. ZACHARY J. HORWITZ; ET AL | | |

the Court's entry of a stay, or upon a resolution of the Criminal Action, whichever first occurs.

2. The motion is **DENIED** with respect to 1inMM, and the parties may proceed with discovery.

3. The parties may proceed with third-party discovery, including, but not limited to, discovery related to investors in 1inMM, Netflix, and HBO.

4. The Court's asset freeze orders remain in full force and effect.

IT IS SO ORDERED.

|  | 00 : 06 |
|---|---|
| Initials of Preparer | CMJ |