ANYA J. GOLDSTEIN (SBN 288780)
anya@summaLLP.com
SUMMA LLP
800 Wilshire Blvd, Suite 1050
Los Angeles, CA 90017
Telephone: 213-260-9451
Facsimile: 213-835-0929

Attorneys for Third Party
ROGUE BLACK, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>ZACHARY J. HORWITZ; and 1INMM CAPITAL, LLC,<br><br>　　　　　　　　Defendants. | Case No. 2:21-CV-02927-CAS-GJSx<br><br>**THIRD PARTY ROGUE BLACK, LLC'S UNOPPOSED APPLICATION FOR LEAVE TO FILE UNDER SEAL EXHIBITS TO THE DECLARATION OF ANYA J. GOLDSTEIN**<br><br>Ctrm: 8D<br>Judge: Honorable Christina A. Snyder |

Pursuant to Local Rule 79-5.2.2, Third Party Rogue Black, LLC ("Rogue Black") files this Application and supporting declaration of Anya J. Goldstein in support of sealing Exhibits A-CC to the Declaration of Anya J. Goldstein in support of Third Party Rogue Black, LLC's Unopposed *Ex Parte* Application for an Order Modifying Account Freeze. No party opposes Rogue Black's application to seal.

While there must be "compelling" reasons to seal documents submitted in support of a dispositive motion, "[d]ocuments attached to non-dispositive motions are treated somewhat differently." *Chloe SAS v. Sawabeh Info. Servs. Co.*, No. CV 11-04147-MMM (MANx), 2015 WL 12734004, at *2 (C.D. Cal. Feb. 4, 2015). The Ninth Circuit has instructed that "the public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Accordingly, parties seeking to seal information submitted in support of a non-dispositive motion must show only "good cause." *Chloe SAS*, 2015 WL 1234004 at *2.

Here, for the reasons explained in the accompanying Declaration of Anya J. Goldstein, good cause exists to seal the documents listed above. Rogue Black's *ex parte* application is "unrelated . . . to the underlying cause of action": Rogue Black is not a party to the action, and is not alleged to have played any part in the conduct described in the SEC's Complaint. The substance of Rogue Black's *ex parte* application has nothing to do with the merits of the underlying allegations, but is instead simply an effort to allow a third party to open a bank account to accept monies owed to it and to pay out monies it owes other third parties.

The documents that Rogue Black seeks to seal are detailed financial records—including records of payments or costs owed to distribution and other business partners—that are kept confidential and the public disclosure of which could cause competitive harm to Rogue Black or its partners. Goldstein Decl. ¶¶ 5-9. Courts have repeatedly recognized that good cause exists for sealing this type of financial information,

particularly where the information relates to third parties as it does here. *See, e.g.*, *Monster Energy Co. v. Vital Pharms., Inc.*, No. EDCV 18-1882 JGB (SHKx), 2019 WL 3099711, at *2 (C.D. Cal. June 17, 2019) ("Courts also routinely find that non-public financial, pricing, and strategy information could harm litigants' competitive standing and grant motions to seal such information."); *GPNE Corp. v. Apple Inc.*, No. 12-CV-02885-LHK, 2015 WL 4381244, at *2 (N.D. Cal. July 16, 2015) (allowing party to file under seal portions of invoices with its discovery vendor); *Audionics Sys. Inc. v. AAMP of Fla. Inc.*, No. CV 12-10763 MMM (JEMx), 2014 WL 12586590, at *5 (C.D. Cal. Mar. 17, 2014) ("[D]emonstration that public disclosure of internal financial information will cause competitive harm to a party's business constitutes a compelling reason that justifies sealing."); *see also Chloe SAS*, 2015 WL 12734004, at *3 (stating that "[n]on-party privacy interests, particularly those related to sensitive matters such as are at issue here, are sufficient to satisfy the 'good cause' standard for sealing" and citing cases).

      Accordingly, Rogue Black respectfully requests that the Court grant its application to seal Exhibits A-CC to the Declaration of Anya J. Goldstein in support of Third Party Rogue Black, LLC's Unopposed *Ex Parte* Application for an Order Modifying Account Freeze.

Respectfully submitted,

Dated: August 25, 2021        SUMMA LLP

By: /s/ Anya J. Goldstein

ANYA J. GOLDSTEIN

Attorneys for Third Party
ROGUE BLACK, LLC