ANYA J. GOLDSTEIN (SBN 288780)
anya@summaLLP.com
SUMMA LLP
800 Wilshire Blvd, Suite 1050
Los Angeles, CA 90017
Telephone:   213-260-9451
Facsimile:    213-835-0929

Attorneys for Third Party
ROGUE BLACK, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                    Plaintiff,<br><br>    v.<br><br>ZACHARY J. HORWITZ; and 1INMM CAPITAL, LLC,<br><br>                    Defendants. | Case No. 2:21-CV-02927-CAS-GJSx<br><br>**THIRD PARTY ROGUE BLACK, LLC'S UNOPPOSED *EX PARTE* APPLICATION FOR AN ORDER MODIFYING ACCOUNT FREEZE**<br><br>Ctrm:  8D<br>Judge: Honorable Christina A. Snyder |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT, pursuant to Local Rule 7-19, Third-Party Rogue Black, LLC ("Rogue Black") hereby applies *ex parte* to this Court for an order granting Third Party Rogue Black's Unopposed *Ex Parte* Application for an Order Modifying Account Freeze.

This *Ex Parte* Application is based on this Notice of Application and Application, the Memorandum of Points and Authorities below, the accompanying Declaration of Anya Goldstein and Exhibits thereto, the pleadings, any matters presented prior to any hearing on the Application, and such other matters as the Court may deem appropriate in deciding this Application.

All parties consent to this Application.


Respectfully submitted,

Dated:  August 25, 2021                     SUMMA LLP


By: /s/ Anya J. Goldstein

ANYA J. GOLDSTEIN

Attorneys for Third Party
ROGUE BLACK, LLC

### MEMORANDUM OF POINTS AND AUTHORITIES

Third-party Rogue Black, LLC ("Rogue Black") brings this *Ex Parte* application seeking the Court's approval to open a new bank account, to which Defendants will have no access, into which new funds can be deposited, and to permit Rogue Black to withdraw funds from that account for payment of certain of its reasonable and necessary business expenses, identified herein.[1]  Rogue Black's current bank account, bearing (redacted) account number XXXXX1710, is one of the accounts listed in the Order (1) Freezing Assets; (2) Requiring An Accounting; (3) Prohibiting Destruction Of Documents; And (4) To Set Hearing On Order To Show Cause, entered by the Court in this case on April 6, 2021, and the Order Freezing Assets and Prohibiting Destruction of Documents, entered by the Court in this case on May 14, 2021.  *See* Dkt. No. 18 at ¶ C; Dkt. No. 43 at ¶ C.

Plaintiff, the United States Securities and Exchange Commission ("SEC"), and Defendants Zachary J. Horwitz ("Horwitz") and 1inMM Capital, LLC ("1inMM") consent to Rogue Black's application.

## I.   DESCRIPTION OF ROGUE BLACK AND ITS OUTSTANDING EXPENSES

Rogue Black is a film production company, and it is not alleged to have been involved with the fraudulent conduct that the SEC alleges in its Complaint in this action. *See* Goldstein Decl. ¶ 3; Dkt. 1.  However, Rogue Black's bank account was frozen because Rogue Black is co-owned by Defendant Zachary Horwitz, and Mr. Horwitz is one of Rogue Black's two co-managers.  *See* Goldstein Decl. ¶ 4.  Rogue Black is not challenging the freeze of this existing bank account by way of this application.  Rogue Black's other co-owner and co-manager are not parties to this action, and they are not alleged in the SEC's Complaint to have been involved in (or even aware of) Mr. Horwitz's alleged fraud.  *See id.*; Dkt. 1.

---

[1] As the SEC has indicated that it believes that in light of the Order Freezing Assets (Dkt. 18) a Court order is required for Rogue Black to open a new bank account, Rogue Black makes this application out of an abundance of caution.

1
2
3
4
5

Because Rogue Black's bank account has been frozen, the bank has refused to allow Rogue Black to receive money owed to it by third parties. *See* Goldstein Decl. ¶ 6. The bank has already blocked several significant payments into the account, and Rogue Black expects several hundred thousands of dollars of additional revenue to be paid to it in the near future. *Id*. ¶¶ 6-7.

6
7
8
9
10
11
12
13
14
15
16

Rogue Black has also been unable to pay the expenses that it has incurred in the day-to-day operation of its business. Rogue Black's co-manager has personally paid $108,341.88 in expenses incurred by Rogue Black. *See* Goldstein Decl. ¶ 10; Exs. A-H. He has also incurred $49,518.50 in attorneys' fees attempting to find a way for Rogue Black to be able to accept money sent to it and to pay expenses it owes. *See* Goldstein Decl. ¶ 11; Exs. Y-BB. Rogue Black's co-manager should be reimbursed by Rogue Black for these expenses. Rogue Black has an additional $99,076.93 in expenses that are currently outstanding, including its attorneys' fees incurred in connection with this matter. Goldstein Decl. ¶¶ 10, 12; Exs. I-X, CC. In addition, if its bank account remains frozen, Rogue Black will also be unable to pay anticipated expenses that it expects to incur in the future. *See* Goldstein Decl. ¶ 13.

17
18
19
20
21
22
23

It will be difficult, if not impossible, for Rogue Black to remain a going business concern if it cannot receive new funds or pay the expenses that it has already incurred in the ordinary course of its business. Rogue Black owes money to, among other entities, producers, accountants, companies involved in post-production services, and others. Goldstein Decl. Exs. I-X (attaching invoices). This could have an impact on Rogue Black's ability to complete projects that are currently underway and that could bring in more revenue in the future.

24

## II.   RELIEF SOUGHT

25
26
27
28

In light of the above, Rogue Black respectfully requests that the Court enter an order allowing it to open a new bank account solely for the purposes of (1) allowing Rogue Black to receive payments in connection with the films it has already produced; and (2) withdrawing up to $268,000.00 from the new account for payment of the ordinary

3

and necessary business expenses that Rogue Black has identified in this application and to which all parties have consented, including but not limited to (a) paying the expenses described above that Rogue Black owes to third parties, (b) reimbursing Rogue Black's co-manager for the Rogue Black expenses that he paid personally, as well as his relevant attorneys' fees incurred in connection with this matter, and (c) paying Rogue Black's attorneys' fees incurred in connection with this matter.  *See SEC v. Duclaud Gonzales de Castilla,* 170 F. Supp. 2d 427, 429 (S.D.N.Y. 2001) (in addition to the authority to impose an asset freeze, the court has the "corollary authority to release frozen personal assets, or lower the amount frozen.").  The new account would otherwise be subject to the Court's April 6 and May 14 orders, and no additional withdrawals will be made without further Court order.

Rogue Black's proposed order will also require Rogue Black to provide counsel for the SEC, on 14 days' written notice, with copies of all bank records associated with the proposed new account—including the account opening documents, monthly statements, and documents evidencing account transactions (including credits and debits)—in order for counsel for the SEC to review.  Rogue Black commits to use the new account solely to pay the reasonable ordinary business expenses identified in this *Ex Parte* Application and consented to by all parties.

Respectfully submitted,

Dated:  August 25, 2021                    SUMMA LLP


By: /s/ Anya J. Goldstein

ANYA J. GOLDSTEIN

Attorneys for Third Party
ROGUE BLACK, LLC

4