**VEDDER PRICE (CA) LLP**
Michael Quinn, Bar No. 198349
mquinn@vedderprice.com
Ryan S. Hedges, Bar No. 217617
rhedges@vedderprice.com
1925 Century Park East, Suite 1900
Los Angeles, California 90067
T: +1 424 204 7700
F: +1 424 204 7702

Attorneys for Defendants
*Zachary J. Horwitz and 1inMM Capital, LLC*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ZACHARY J. HORWITZ; and 1INMM CAPITAL, LLC,<br><br>Defendants. | Case No. 2:21-CV-02927-CAS-GJSx<br><br>**VEDDER PRICE (CA), LLP'S NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT 1INMM**<br><br>Date: October 18, 2021<br>Time: 10:00 a.m.<br>Judge: Hon. Christina A. Snyder<br>Courtroom: 8D |

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on October 18, 2021, at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 8D, located at the United States Courthouse, 350 West First Street, on the Sixth Floor, Los Angeles, California 90012, the law firm Vedder Price (CA), LLP ("Vedder Price"), by and through attorney Michael J. Quinn, hereby moves this Court pursuant to Local Civil Rule 83-2.3.2 to withdraw as counsel for Defendant 1inMM Capital, LLC ("1inMM").

This motion is made based on this notice of motion and motion, the accompanying memorandum of points and authorities in support thereof, the declaration of Michael J. Quinn, and all pleadings and records on file, all other matters of which the Court may take judicial notice, and on such further oral or documentary evidence or argument as may be presented at the hearing.

In compliance with Local Civil Rule 83-2.3.2, Vedder Price provided counsel for Plaintiff United States Securities and Exchange Commission with written notice of its intent to withdraw. *See* Declaration of Michael J. Quinn ¶ 5.

In compliance with Local Civil Rule 83-2.3.4, Vedder Price provided 1inMM with written notice of the firm's intent to withdraw as counsel and 1inMM's inability to appear in this action *pro se*. *See* Declaration of Michael J. Quinn ¶ 6.

Dated: September 15, 2021         VEDDER PRICE (CA), LLP


                                  By: /s/ Michael J. Quinn
                                     Michael Quinn
                                     Ryan S. Hedges

                                  Attorneys for Defendants
                                  *Zachary J. Horwitz and 1inMM Capital, LLC*

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL

## I. Introduction

Vedder Price (CA), LLP ("Vedder Price") should be permitted to withdraw as counsel for Defendant 1inMM Capital, LLC ("1inMM") because it can no longer effectively represent 1inMM. 1inMM is a limited liability company and, therefore, only its members or managers can act on its behalf. But 1inMM's sole member and manager, Defendant Zachary Horwitz, as to whom this case has been stayed [Dkt. 50], is a defendant in a related criminal case, *United States v. Horwitz*, Case No. 2:21-cr-00214-MCS, and has a constitutional right not to cooperate in 1inMM's defense of this civil litigation. As a result, there is no one to direct Vedder Price in its representation of 1inMM. Given these circumstances, Vedder Price is unable to assist 1inMM in preparing or mounting a defense to this case, including by propounding or responding to discovery, engaging in motion practice, or participating at trial. Thus, good cause exists for Vedder Price to withdraw as counsel for 1inMM. Vedder Price has complied with the Court's local rules by notifying its client and all parties of its intent to withdraw, and by further advising 1inMM of the potential consequences if it proceeds in this action *pro se*. Mr. Horwitz, as 1inMM's sole member and manager, consented to Vedder Price's withdrawal. Vedder Price's withdrawal will not cause any undue delay to these proceedings or prejudice to any party because the withdrawal will not disrupt the status quo. For these reasons, Vedder Price should be permitted to withdraw as counsel for 1inMM.

## II. Background

Plaintiff United States Securities and Exchange Commission's ("SEC") complaint in this action was filed on April 5, 2021, alleging violations of Exchange Act Section 10(b), Rule 10b-5, and Securities Act Section 17(a) by 1inMM and its sole member and manager, Zachary Horwitz. ECF No. 1. The same day, a criminal complaint was filed against Mr. Horwitz alleging similar conduct. *See United States*

*v. Horwitz*, Case No. 2:21-cr-00214-MCS, ECF No. 1. An indictment followed on May 4, 2021, charging Mr. Horwitz with securities fraud, wire fraud, and aggravated identity theft. *Id*. at ECF No. 25. Vedder Price was initially retained to represent both Defendants in this action, as well as to represent Mr. Horwitz in the criminal case. Declaration of Michael J. Quinn ("Quinn Decl.") ¶ 2.

In light of the parallel criminal action against Mr. Horwitz, Defendants sought to stay this action pending the outcome of the criminal proceedings. ECF No. 46. The Court stayed this action as to Mr. Horwitz, but did not grant a stay as to 1inMM. ECF No. 50.

Mr. Horwitz is 1inMM's sole member and manager and there is no other person or entity with authority to act on behalf of 1inMM in this case or to provide instruction or guidance to Vedder Price in its representation. Quinn Decl. ¶ 3. There is no one who can direct or assist Vedder Price in responding to discovery or with motion practice, or otherwise preparing or mounting a defense to the SEC's claims. *Id*. These circumstances have rendered it impossible for Vedder Price to continue effectively representing 1inMM in this action, and as such, Vedder Price has good cause to withdraw as counsel.

### III.   Legal Standard

Pursuant to local rule 83-2.3.2, "a motion for leave to withdraw must be made upon written notice given reasonably in advance to the client and to all other parties who have appeared in the action," and must be for good cause. L.R. 83-2.3.2. An attorney may be permitted to withdraw as counsel for a corporate entity without replacement counsel, but "an attorney requesting leave to withdraw from representation of an organization of any kind (including . . . limited liability corporations . . .) must give written notice to the organization of the consequences of its inability to appear pro se." L.R. 83-2.3.2.

Courts often consider California State Bar Rule of Professional Conduct 3-700 when assessing requests to withdraw. Rule 3-700 allows an attorney to withdraw

from pending matters only in certain circumstances, such as when the client "renders it unreasonably difficult for the member to carry out the employment effectively," "knowingly and freely assents to termination of the employment," or if there exists any other good cause for withdrawal. Rule 3-700(C)(1), (5). The Court has broad discretion to determine what constitutes good cause to withdraw. *See Thompson v. Special Enforcement, Inc.*, 2008 WL 4811404, at *2 (C.D. Cal. Oct. 27, 2008).

### IV. <u>Argument</u>

**A. Counsel's Inability to Act on Behalf of 1inMM Constitutes Good Cause to Withdraw as Counsel**

Pursuant to Rule 3-700(C)(1), good cause to withdraw as counsel exists where the client "renders it unreasonably difficult . . . to carry out the employment effectively." Here, the circumstances have not merely made effective representation of 1inMM unreasonably difficult, they have made it impossible. Mr. Horwitz is the sole member and manager of 1inMM. Quinn Decl. ¶ 3. In light of his criminal case, Mr. Horwitz has constitutional rights to consider, including the right not to speak or act on behalf of 1inMM or direct Vedder Price in its representation of 1inMM. Nor does the company have any other managers, members or employees who may act on its behalf in this case. Quinn Decl. ¶ 3. Absent anyone with decision-making authority at 1inMM, Vedder Price cannot respond to discovery or motion practice, file any documents, or otherwise take any action to defend 1inMM.

Moreover, "[w]ithdrawal may be permitted when the client freely assents to it." *Quezada v. City of Los Angeles*, 2017 WL 2562099, at *2 (C.D. Cal. June 13, 2017). Here, Mr. Horwitz, as 1inMM's sole member and manager, has consented to Vedder Price's withdrawal on behalf of 1inMM. Quinn Decl. ¶ 4.

For these reasons, Vedder Price has good cause to withdraw as counsel for 1inMM.

### B. Vedder Price Complied with the Local Rules by Providing Adequate Notice

Prior to making this motion, Vedder Price adhered to Local Rules 83-2.3.2 and 83-2.3.2, which require it to (1) give written notice of the firm's intent to withdraw as counsel to its client and all other parties who have appeared in the action, and (2) to give written notice to 1inMM regarding the consequences of its inability to appear *pro se*. L.R. 83-2.3.2 & 83-2.3.4. On September 14, 2021, Vedder Price notified the SEC via email of its intent to withdraw as counsel for 1inMM. Quinn Decl. ¶ 5. The same day, Vedder Price notified 1inMM in writing via its sole member, Mr. Horwitz, of its intent to withdraw, and further advised 1inMM of the potential ramifications of proceeding in this action *pro se*. Quinn Decl. ¶ 6. Thus, Vedder Price has provided adequate notice to its client and all other parties in this action and complied with the applicable local rules. *See Life Bliss Found. v. Sun TV Network Ltd.*, 2014 WL 12613380, at *2 (C.D. Cal. Mar. 7, 2014) ("Counsel's declarations attest that Counsel communicated with representatives of Sun TV concerning its inability to appear *pro se*. Accordingly, Counsel have fulfilled Local Rule 83-2.3.4's requirement.")

### C. Vedder Price's Withdrawal Will Not Cause Undue Delay

Local Rule 83-2.3.5 provides that "unless good cause is shown and the ends of justice require," withdrawal may be denied if it will cause delay in prosecution of the case. As demonstrated above, there is good cause for Vedder Price's withdrawal so the Court need not consider whether it will cause any delay. But even so, Vedder Price's withdrawal would not unreasonably delay the resolution of this case because it will not disrupt the status quo. Given the recent developments in this litigation, 1inMM is not in a position to meaningfully participate in its own defense, and Vedder Price's withdrawal will not have any impact on 1inMM's situation. But even if some delay may result from Vedder Price's withdrawal, there is good cause and the ends of justice require withdrawal. L.R. 83-2.3.5.

### III. Conclusion

For the foregoing reasons, Vedder Price respectfully requests this Court grant its motion to withdraw as counsel for Defendant 1inMM in this action.

Dated: September 15, 2021                          VEDDER PRICE (CA), LLP

                                                   By: /s/ Michael J. Quinn
                                                        Michael Quinn
                                                        Ryan S. Hedges

                                                   Attorneys for Defendants
                                                   *Zachary J. Horwitz and 1inMM Capital, LLC*