UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL         'O'

| Case No. | 2:21-cv-02927-CAS-GJSx | Date | October 18, 2021 |
|---|---|---|---|
| Title | Securities and Exchange Commission v. Zachary J. Horwitz et al | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:            Attorneys Present for Defendants:

Kathryn Wanner                                       Michael Quinn

**Proceedings:** VEDDER PRICE (CA), LLP'S MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT 1INMM (Dkt. 57, filed on September 15, 2021)

## I.   INTRODUCTION

On April 5, 2021, the Securities and Exchange Commission ("SEC") filed this civil enforcement action against defendants Zachary J. Horwitz ("Horwitz") and 1inMM Capital, LLC ("1inMM") (collectively, "defendants"). Dkt. 1 ("Compl."). The complaint alleges two claims for: (1) violation of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and SEC Rule 10b-5, 17 C.F.R. §240.10b-5(b); and (2) violation of Section 17(a) of the Securities Act of 1933 (the "Securities Act"). Compl. ¶¶ 83-93. In brief, the SEC alleges that between March 2014 and December 2019, defendants conducted a fraudulent offering of securities which was also a Ponzi scheme, all in violation of the federal securities laws. Compl. ¶ 4. According to the SEC, defendants misrepresented to investors that promissory notes issued by 1inMM would be repaid using the proceeds from movie licensing deals with major media companies, whereas those licensing deals did not exist. Id.

On April 6, 2021, the Court issued an order granting the SEC's application to freeze "all assets, funds or other property of Defendants," including, but not limited to, certain real property and bank accounts. Dkt. 18 ("Asset Freeze Order"). On May 14, 2021, the Court issued a further order extending the order freezing all of defendants' assets "pending further action by this Court." Dkt. 43. Those orders remain in full force.

On May 4, 2021, the United States Attorney's Office for the Central District of California filed an indictment charging defendant Horwitz with: (1) five counts of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-02927-CAS-GJSx | Date | October 18, 2021 |
| Title | Securities and Exchange Commission v. Zachary J. Horwitz et al | | |

securities fraud, in violation of Section 10(b) of the Exchange Act, SEC Rule 10b-5, and 15 U.S.C. §78ff; (2) six counts of wire fraud, in violation of 18 U.S.C. §1343; and (3) two counts of aggravated identify theft, in violation of 18 U.S.C. § 1028A(a)(1). United States v. Horwitz, No. 2:21-cr-00214-MCS-1 (the "Criminal Action"), dkt. 25 ("Indictment"). The United States seeks forfeiture as part of any criminal sentence, pursuant to 18 U.S.C. §§ 981(a)(1)(c), 982, and 1028, and 28 U.S.C. § 2461(c). As a condition of his pre-trial release, Horwitz is prohibited from selling, transferring, or giving away any asset valued at more than $10,000 without obtaining permission from the Court. Criminal Action dkt. 19. In its notice of pendency of other actions or proceedings, the SEC described the allegations in the criminal indictment as "virtually identical to the allegations of the SEC in the present action." Dkt. 42.

On July 7, 2021, defendants filed a motion to stay this proceeding pending the resolution of the criminal action. Dkt. 46. The Court granted the motion with respect to Horowitz only, pending resolution of the criminal action. Dkt. 50. The Court directed Horowitz to file status reports regarding the status of the criminal action every 120 days from the date of the Court's entry of a stay, or upon a resolution of the Criminal Action, whichever comes first. Id. However, the Court denied the motion to stay with respect to 1inMM, and stated that the parties may proceed with discovery, including but not limited to third-party discovery related to investors in 1inMM, Netflix, and HBO. Id.

On September 15, 2021, Vedder Price (CA), LLP ("Vedder Price") moved this Court pursuant to Local Civil Rule 83-2.3.2 to withdraw as counsel for 1inMM. Dkt. 57 ("Mot."). Vedder Price claims that it can no longer effectively represent 1inMM because 1inMM is a limited liability company whose sole member, Horowitz, is the defendant in the Criminal Action and has a constitution right not to cooperate in 1inMM's defense of this civil litigation. Mot. at 3. Accordingly, submits Vedder Price, there is no one to direct Vedder Price in its representation of 1inMM. Id.

Subsequent to Vedder Price's filing of the motion to withdraw as counsel, Horwitz pled guilty in United States v. Horwitz, No. 2:21-cr-00214-MCS-1 (the "Criminal Action"). See Criminal Action, Dkt. 47. Accordingly, on October 7, 2021, the Court ordered the parties to submit briefs, not to exceed five pages, setting forth whether there is a need to decide Vedder Price's motion to withdraw as counsel. Dkt. 58.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**        'O'

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-02927-CAS-GJSx | Date | October 18, 2021 |
| Title | Securities and Exchange Commission v. Zachary J. Horwitz et al | | |

On October 13, 2021, in response to the Court's October 7, 2021 order, the SEC filed a notice of non-opposition to Vedder Price's motion to withdraw, stating that it "is not opposed to Vedder Price's motion to withdraw as counsel for 1inMM, but notes that should counsel be granted leave to withdraw, 1inMM is not permitted to represent itself in federal court, and must find new counsel should it wish to mount a defense." Dkt. 59. Moreover, the SEC stated that "[i]f 1inMM does not find new counsel, and does not answer or otherwise respond to the Complaint in this matter, the SEC will avoid undue delay in this matter by seeking default judgment against 1inMM."

On October 13, 2021, in response to the Court's October 7, 2021 order, Vedder Price submitted a further brief in support of its motion to withdraw as counsel for 1inMM, stating that "Horwitz's change of plea in the Criminal Action does not change or alter Vedder Price's position on its motion, and Vedder Price respectfully submits that the Court should proceed to rule on the motion." Dkt. 60.

The Court held a hearing on October 18, 2021. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.   BACKGROUND

In the civil case, the SEC alleges that between March 2014, and December 2019, defendants raised over $690 million from investors through a fraudulent scheme wherein defendants misrepresented that Netflix and Home Box Office ("HBO") were 1inMM's "strategic partners," and that defendants would acquire and license the "distribution rights in movies to HBO, [] Netflix," and other major media companies, and "use[] the profits from those transactions to repay investors in 1inMM's promissory notes." Id. ¶ 5. According to the complaint, Horwitz, who is a Los Angeles based actor, was the sole principal and managing member of 1inMM throughout the relevant period. Id. ¶¶ 17-18. Defendants allegedly raised money from investors by issuing promissory notes, which Horwitz represented would fund transactions regarding the rights to specific movies. Id. ¶¶ 20-25. The SEC alleges that the promissory notes generally guaranteed investors profits of between 35 and 45 percent at maturity, and that Horwitz told investors that he and 1inMM would profit from those transactions by licensing the movie rights to HBO or Netflix for distribution, generally in Latin America, in an amount exceeding the maturity

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:21-cv-02927-CAS-GJSx | Date | October 18, 2021 |
|---|---|---|---|
| Title | Securities and Exchange Commission v. Zachary J. Horwitz et al | | |

payments on the promissory notes, and by retaining certain additional distribution rights. Id. ¶¶ 26-27.

The SEC alleges, however, that defendants had no relationship or licensing arrangement with HBO or Netflix and, instead, "Horwitz misappropriated investor funds to pay putative returns on earlier investments" and for his personal use, including a $5.7 million home purchase. Id. ¶¶ 8-14; 56-60. The SEC alleges that defendants "did not acquire the movie rights funded by the [p]romissory [n]otes and did not sell those rights to HBO or Netflix." Id. ¶ 49. In addition, the SEC alleges that on at least three occasions, "Horwitz […] used investor funds to pay purported returns on previously issued notes" and used those payments in his efforts to induce investors to make further investments and recruit downstream investors. Id. ¶¶ 50-51, 53. The SEC alleges that in late 2019, defendants stopped making payments to investors for outstanding 1inMM promissory notes, and that defendants subsequently provided false explanations to investors as to why the payments had stopped, including by claiming that negotiations with Netflix and HBO were delayed. Id. ¶¶ 62-77. As recently as March 12, 2021, Horwitz allegedly again promised investors that payment was "forthcoming" and suggested that investors could "provide funds to pay 1inMM legal counsel" in connection with efforts to obtain payment from HBO. Compl. ¶¶ 75-77.

The Indictment returned in the Criminal Action on May 4, 2021, alleges substantially the same conduct alleged by the civil complaint. See generally Indictment. Vedder Price now seeks to withdraw as counsel for 1inMM.

### III. LEGAL STANDARD

Local Rule 83-2.3.2 allows an attorney to withdraw as counsel only upon leave of court. C.D. Cal. L.R. 83-2.3.2. A motion for leave to withdraw "must be made upon written notice given reasonably in advance to the client and to all other parties who have appeared in the action." Id. When an attorney requests "leave to withdraw from representation of an organization of any kind," the attorney "must give written notice to the organization of the consequences of its inability to appear pro se." C.D. Cal. L.R. 83-2.3.4. A motion for leave to withdraw "must be supported by good cause." C.D. Cal. L.R. 83-2.3.2.

Withdrawal is governed by the California Rules of Professional Conduct ("CRPC"). See Nehad v. Mukasey, 535 F.3d 962, 970 (9th Cir. 2008). Rule 1.16(b) sets

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-02927-CAS-GJSx | Date | October 18, 2021 |
| Title | Securities and Exchange Commission v. Zachary J. Horwitz et al | | |

forth several grounds under which an attorney may request permission to withdraw, including when the client "renders it unreasonably difficult for the lawyer to carry out the employment effectively," when the client "knowingly and freely assents to termination of the employment," or if "the lawyer believes in good faith, in a proceeding pending before a tribunal, that the tribunal will find the existence of other good cause for withdrawal." Cal. R. Prof. Conduct 1.16(b). However, the local rules specify that "[o]nly individuals may represent themselves pro se. No organization or entity of any other kind (including corporations, limited liability corporations, partnerships, limited liability partnerships, unincorporated associations, trusts) may appear in any action or proceeding unless represented by an attorney permitted to practice before this Court." L.R. 83-2.2.2.

"[I]n ruling on a motion to withdraw, courts have looked at several factors including: 1) the reasons why withdrawal is sought; 2) the prejudice withdrawal may cause to other litigants; 3) the harm withdrawal might cause to the administration of justice; and 4) the degree to which withdrawal will delay the resolution of the case." CE Res., Inc. v. Magellan Grp., LLC, No. 2:08-CV-02999MCEKJM, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009) (collecting cases). "Ultimately, the court's ruling must involve a balancing of the equities." Id. "The decision to grant or deny a motion to withdraw is within the Court's discretion." Travelers Cas. & Sur. Co. of Am. v. Dunmore, No. 2:07-CV-02493-TLN-DB, 2021 WL 4263343, at *2 (E.D. Cal. Sept. 20, 2021) (citing United States v. Carter, 560 F.3d 1107, 1113 (9th Cir. 2009).

**IV.   DISCUSSION**

In its motion to withdraw as counsel for 1inMM, Vedder Price contends that good cause to withdraw as counsel exists because effective representation of 1inMM is "impossible." Mot. at 5. Vedder Price claims that Horowitz, the sole member and manager of 1inMM, "has constitutional rights to consider, including the right not to speak or act on behalf of 1inMM or direct Vedder Price in its representation of 1inMM." Id. Given that the company allegedly has no other managers, members, or employees who may act on its behalf in this case, Vedder Price argues it "cannot respond to discovery or motion practice, file any documents, or otherwise take any action to defend 1inMM." Id. Vedder Price notes that Horowitz, in his capacity as 1inMM's sole member and manager, has consented to Vedder Price's withdraw. Id. (citing Quezada v. City of Los Angeles, 2017 WL 2562099, at *2 (C.D. Cal. June 13, 2017) ("Withdrawal may be permitted when the client freely assents to it."). Finally, Vedder Price claims that although "there is good

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:21-cv-02927-CAS-GJSx | Date | October 18, 2021 |
|---|---|---|---|
| Title | Securities and Exchange Commission v. Zachary J. Horwitz et al | | |

cause for Vedder Price's withdrawal so [that] the Court need not consider whether it will cause any delay . . . Vedder Price's withdrawal would not unreasonably delay the resolution of this case because it will not disrupt the status quo." Mot. at 6. Vedder Price has stated Horwitz's guilty plea in the Criminal Action "does not change or alter Vedder Price's position on its motion," and argues that the Court should grant Vedder Price's motion to withdraw as counsel for 1inMM "in light of the SEC's Notice of Non-Opposition." Dkt. 60.

The Court finds that good cause exists to grant Vedder Price's unopposed motion to withdraw as counsel for 1inMM, which it submits with the consent of its client. See Mot. at 5. However, pursuant to Local Rule 83-2.2.2, "[n]o organization or entity of any other kind (including corporations, limited liability corporations, partnerships, limited liability partnerships, unincorporated associations, trusts) may appear in any action or proceeding unless represented by an attorney permitted to practice before this Court under L.R. 83-2.1." L.R. 83-2.2.2. Accordingly, 1inMM must find new counsel in order to mount a defense. See Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201–202, 113 S. Ct. 716, 121 L. Ed. 2d 656 (1993) ("It has been the law for the better part of two centuries ... that a corporation may appear in the federal courts only through licensed counsel."). If 1inMM fails to find replacement counsel, it risks the entry of monetary and terminating sanctions against it, including default judgment.

**V.     CONCLUSION**

In accordance with the foregoing, the Court **GRANTS** Vedder Price's motion to withdraw as counsel for defendant 1inMM. The Court **DIRECTS** Vedder Price to provide notice to 1inMM that it may not appear pro se before this Court, and risks the entry of monetary and terminating sanctions against it if it fails to secure replacement counsel.

IT IS SO ORDERED.

|  | 00 : 11 |
|---|---|
| Initials of Preparer | CMJ |