Terence G. Banich (SBN 212173)
terence.banich@katten.com
Allison E. Yager (*pro hac vice* to be filed)
allison.yager@katten.com
**KATTEN MUCHIN ROSENMAN LLP**
525 W. Monroe St.
Chicago, IL 60661
Telephone:  (312) 902-5665
Facsimile:  (312) 902-1061

*Proposed Attorneys for the Receiver*
Michele Vives

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>   Plaintiff,<br><br>v.<br><br>ZACHARY J. HORWITZ; and 1inMM CAPITAL, LLC,<br><br>   Defendants. | Case No. 2:21-cv-02927-CAS(GJSx)<br><br>**NOTICE OF MOTION AND UNOPPOSED MOTION OF RECEIVER MICHELE VIVES FOR ORDER AUTHORIZING EMPLOYMENT OF KATTEN MUCHIN ROSENMAN LLP AS COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:      February 14, 2022<br>Time:      10:00 a.m. PST<br>Judge:    Hon. Christina A. Snyder<br>Courtroom:  8D |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT, on February 14, 2022, at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 8D, located at the United States Courthouse, 350 West First Street, Los Angeles, California 90012, Michele Vives, not individually, but solely as the federal equity receiver of defendant 1inMM Capital, LLC (the "Receiver"), will and hereby does move the Court for entry of an order authorizing her to employ Katten Muchin Rosenman LLP as her attorneys (the "Motion"). The Receiver has filed the Motion because she requires legal counsel to advise and assist her with her duties and rights under the Receiver Order (as defined herein).

The Motion is based on the Memorandum of Points and Authorities below, and is supported by the *Declaration of Terence G. Banich*, dated February 3, 2022 ("Banich Decl."), attached hereto as **Exhibit 1**, and the *Declaration of Michele Vives*, dated February 3, 2022 ("Vives Decl."), attached hereto as **Exhibit 2**.

On February 2, 2022, pursuant to Local Rule 7-3, Terence G. Banich, one of the lawyers for the Receiver, spoke with Kathryn C. Wanner, counsel for the Securities and Exchange Commission, and Michael Quinn, counsel for defendant Zachary Horwitz, regarding the Motion. Ms. Wanner and Mr. Quinn advised that their respective clients do not object to the relief requested by the Motion.

Dated: February 3, 2022        Respectfully submitted,

**KATTEN MUCHIN ROSENMAN LLP**

By:   /s/*Terence G. Banich*
      Terence G. Banich

*Proposed Attorneys for the Receiver*
Michele Vives

## TABLE OF CONTENTS

Memorandum of Points and Authorities ........................................................... 3

I. Factual Background ........................................................................... 3

II. Proposed Employment of Counsel .................................................. 6

III. Compensation Arrangements .......................................................... 9

IV. Legal Standards .............................................................................. 11

V. Relief Requested .............................................................................. 12

## TABLE OF AUTHORITIES

*Bennett v. Williams*, 892 F.2d 822 (9th Cir. 1989) ............................................ 13

*Drilling & Expl. Corp. v. Webster*, 69 F.2d 416 (9th Cir. 1934) ....................... 11

*Fed. Trade Comm'n v. Am. Home Servicing Ctr., LLC*, No. 8:18-CV-00597-JLS-KES, 2018 WL 6071385 (C.D. Cal. Sept. 19, 2018) ....... 12

*Fed. Trade Comm'n v. Impetus Enter., Inc.*, No. 8:18-CV-01987-JLS-KES, 2019 WL 2610972 (C.D. Cal. May 1, 2019) ............................. 12

*In re Danner*, No. ID-11-1315-HJUMK, 2012 WL 3205242 (B.A.P. 9th Cir. July 31, 2012) ............................................................... 12, 15

*In re Hunanyan*, 631 B.R. 904 (Bankr. C.D. Cal. 2021) ............................... 15

*In re Moore*, No. 6:21-bk-70299, 2021 WL 3777538 (Bankr. W.D. Ark. Aug. 25, 2021) ....................................................................... 15

*Sec. & Exch. Comm'n v. Byers*, 590 F. Supp. 2d 637 (S.D.N.Y. 2008) ........ 12

*Sec. & Exch. Comm'n v. Cap. Cove Bancorp LLC*, No. 8:15-cv-00980-JLS(JCx) (C.D. Cal.), at ECF #42 (July 7, 2015) and ECF #87 (Aug. 25, 2015) ............................................................................. 13

*Sec. & Exch. Comm'n v. Cap. Cove Bancorp LLC*, No. 8:15-CV-980-JLS, 2016 WL 6139939 (C.D. Cal. Mar. 23, 2016) ........................... 12

*Sec. & Exch. Comm'n v. Cap. Cove Bancorp LLC*, No. 8:15-CV-980-JLS-JCX, 2018 WL 11357746 (C.D. Cal. Sept. 7, 2018) .................... 12

*Sec. & Exch. Comm'n v. Durmaz*, No. 2:10-CV-01689-JLS-AJW, 2018 WL 10798893 (C.D. Cal. Sept. 19, 2018) ................................ 11

*Sec. & Exch. Comm'n v. Hardy*, 803 F.2d 1034 (9th Cir. 1986) .................. 11

*Sec. & Exch. Comm'n v. Small Bus. Cap. Corp.*, No. 5:12-cv-03237-EJD (N.D. Cal.), at ECF #31 (July 9, 2012) and ECF #36 (July 10, 2012) ............................................................................................. 13

*United States Trustee v. Knudsen Corp. (In re Knudsen Corp.)*, 84
    B.R. 668 (B.A.P. 9th Cir. 1988) .......................................................................... 11

11 U.S.C. § 328(a) ............................................................................................. 12, 15

15 U.S.C. § 78j(b) ...................................................................................................... 4

15 U.S.C. § 78ff ......................................................................................................... 4

17 C.F.R. § 240.10b-5 ............................................................................................... 4

Local Rule 66-7(f) ................................................................................................... 11

Local Rule 66-8 ........................................................................................... 9, 11-12

Local Rule 66-8.1 .................................................................................................... 11

KATTEN MUCHIN ROSENMAN LLP
525 W. MONROE ST.
CHICAGO, IL 60661
(312) 902-5200

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Factual Background

On April 5, 2021, the Securities and Exchange Commission ("SEC") commenced the above-captioned action against Zachary J. Horwitz ("Horwitz") and 1inMM Capital, LLC ("1inMM," and together with Horwitz, the "Defendants"), alleging that they committed an offering fraud and Ponzi scheme in violation of the federal securities laws. (*Complaint*, dated April 5, 2021 [ECF #1] ("Compl."), ¶¶ 1, 4.)

Specifically, the SEC alleges that, since at least March 2014 and continuing until at least December 2019, Defendants raised over $690 million from investors by selling promissory notes issued by 1inMM using fabricated agreements and fake emails with prominent third-party companies with whom Defendants had no actual business relationship. (Compl. ¶¶ 4, 19-33.) Defendants represented to potential investors that the purpose of the offering was to finance 1inMM's acquisition and licensing of distribution rights in specific movies to major media companies, such as Netflix and Home Box Office. (*Id.* ¶¶ 5, 34-38.) To induce investors to purchase 1inMM's promissory notes, Horwitz made various false and misleading statements about his experience and the involvement of major media corporations as his "Strategic Partner[s]," and showed potential investors falsified documents and communications to make his statements more believable. (*Id.* ¶¶ 5-6, 39-48.) The reality, however, was that Defendants had no relationship with Netflix or HBO, and had never licensed any movie rights to any company. (*Id.* ¶¶ 8, 49.) Horwitz used investor funds to pay purported returns on previous investments, as well as to spend lavishly on his lifestyle. (*Id.* ¶¶ 4, 9-12, 50-61.)

Shortly after filing this enforcement action, the Court entered an order freezing Defendants' assets. [ECF #28] Around the same time, the United States arrested Horwitz and criminally charged him with wire fraud, in violation of 18 U.S.C. § 1343. *United States v. Zachary J. Horwitz*, No. 2:21-cr-00214-MCS (the

Case No. 2:21-cv-02927-CAS(GJSx)
MOTION OF RECEIVER MICHELE VIVES FOR ORDER AUTHORIZING
EMPLOYMENT OF KATTEN MUCHIN ROSENMAN LLP AS COUNSEL

3

"Criminal Case"), ECF #2. On May 4, 2021, a grand jury returned a 13-count indictment against Horwitz, charging him with five counts of securities fraud, six counts of wire fraud and two counts of aggravated identity theft. [Criminal Case ECF #25] On September 1, 2021, Horwitz and the United States entered into a plea agreement in the Criminal Case, whereby Horwitz agreed to plead guilty to one count of securities fraud, in violation of 15 U.S.C. §§ 78j(b), 78ff and 17 C.F.R. § 240.10b-5. [Criminal Case ECF #45] Horwitz is set to be sentenced on February 14, 2022. [Criminal Case ECF #51]

Meanwhile, on December 8, 2021, the SEC filed a motion in this case asking the Court to appoint a receiver over 1inMM and over all assets held by, for the benefit of or under the direct or indirect control of Horwitz (the "Receiver Motion" or "Receiver Mot."). [ECF #65] In the Receiver Motion, the SEC argued that appointing an equity receiver is necessary to marshal investor assets that Horwitz misappropriated into a variety of third-party business enterprises or for his own personal benefit. (Receiver Mot. at 1.) Defendants raised a staggering $690 million from investors, and subsequently invested about $23 million into startup and film-production companies. (*Id.* at 1, 3-4.) These investments, the SEC asserted, may result in significant monetary returns, so they require the management and supervision of an independent fiduciary in order to maximize recovery to the defrauded investors. (*Id.* at 5-7.) In addition, the SEC argued that, because Defendants operated a Ponzi scheme, a receiver is needed to pursue any net winners and other recipients of fraudulent transfers, and to recover any other assets, for the benefit of the investors. (*Id.* at 7-8.) Finally, given that there are hundreds of victims of Defendants' scheme who are collectively owed

approximately $227 million,[1] a receiver is necessary for the efficient and orderly collection and distribution of net recoveries to holders of allowed claims. (*Id.*)

The SEC proposed Ms. Vives, president of the Douglas Wilson Companies, to be receiver because of her and her firm's extensive experience with receiverships, forensic accounting, business planning, consulting and related work. (Receiver Mot. at 8-9.)

On January 14, 2022, the Court entered an order granting the Receiver Motion and entered the *Order on Appointment of a Permanent Receiver* [ECF #70] (the "Receiver Order"). The Receiver Order found that good cause existed to appoint a permanent receiver over 1inMM as well as assets that are attributable to investor or client funds or that were fraudulently transferred by Defendants, in order to identify and marshal assets to make the defrauded investors as whole as possible. (Receiver Order § I.)

The Receiver Order confers on Ms. Vives "full powers of an equity receiver," and specifically authorizes and directs the Receiver to, among other things: take custody and control over all assets of 1inMM and its subsidiaries and affiliates; assume full control over 1inMM; conduct an investigation and discovery as may be necessary to locate and account for the assets of or managed by 1inMM and its subsidiaries and affiliates; preserve and prevent dissipation of the receivership estate assets; engage and employ attorneys and other professionals as the Receiver deems advisable or necessary to carry out her rights and duties under the Receiver Order; make an accounting of the financial condition of 1inMM; and investigate and, where appropriate, prosecute claims and causes of action that the

---

[1] [Criminal Case ECF #1 at ¶ 5]

Receiver may possess. (Receiver Order § II.)

## II. Proposed Employment of Counsel

Section II(F) of the Receiver Order empowers the Receiver to retain and employ professional persons, including attorneys. (Receiver Order § II(F).) Given the magnitude of Defendants' fraud, the attendant investors' loss being in the hundreds of millions of dollars and the likely complexity of the factual and legal issues presented, the Receiver has deemed it advisable and necessary to retain legal counsel to advise her in the execution of her duties under the Receiver Order. (Vives Decl. ¶ 5.)

In anticipation of her potential selection to be receiver, Ms. Vives considered several potential law firms to be her counsel in this matter. (Vives Decl. ¶ 6.) After taking into account the candidate law firms' experience in federal receiverships, their hourly rates and other factors, and following discussions with the SEC, the Receiver decided to engage and employ Terence G. Banich and Katten Muchin Rosenman LLP ("Katten") to be her attorneys to assist her in the exercise of her rights and the discharge of her duties under the Receiver Order. (*Id.*)

On January 10, 2022, following the hearing on the Receiver Motion, the Receiver engaged Katten to be her counsel, and directed Katten to commence work. (Vives Decl. ¶ 7; Banich Decl. ¶ 6.) Katten commenced work for the Receiver that same day. (Banich Decl. ¶ 6.) A true and correct copy of the retention agreement between the Receiver and Katten is attached as **Exhibit 3**. (*Id.* ¶ 7.) Katten is a full-service law firm with nearly 700 attorneys in locations across the United States (including offices in Los Angeles and Century City), as well as in London and Shanghai. (*Id.* ¶ 4.)

The Receiver decided to retain Katten to be her counsel particularly because of Mr. Banich's extensive experience in federal receivership cases and proceedings, as well as Katten's experience in the entertainment and media area. (Vives Decl. ¶ 7.) Katten's Insolvency and Restructuring practice has in-depth

experience representing different constituencies and in all types of in-court and out-of-court restructurings and workouts, with a focus on bankruptcy litigation, transactions under section 363 of the Bankruptcy Code and other M&A transactions involving distressed companies. (Banich Decl. ¶ 8.) In addition, Katten regularly represents corporate debtors, official and unofficial creditors' committees, secured lenders, trade creditors, administrative agents, federal receivers, indenture trustees and equity sponsors. (*Id.*) Katten is also one of the preeminent firms in representing independent directors in chapter 11 cases and out-of-court restructurings. (*Id.*)

Mr. Banich is an attorney licensed to practice law in, and is a member in good standing of the bars of, the State of California, the State of Illinois, the District of Columbia, the Supreme Court of the United States and multiple federal courts of appeals and district courts, including the United States District Court for the Central District of California. (Banich Decl. ¶ 3.) Mr. Banich is a partner in Katten's Insolvency and Restructuring department, resident in the firm's Chicago office, and has been in private practice continuously since 1999. (*Id.* ¶¶ 4-5.) Mr. Banich is the lawyer at Katten with the primary responsibility for representing the Receiver. (Vives Decl. ¶ 8; Banich Decl. ¶ 9.)

During his career, Mr. Banich has represented federal receivers appointed in at least the following cases:

- *Sec. & Exch. Comm'n v. Church Extension of the Church of God, Inc., et al.*, No. 02-cv-1118 (S.D. Ind.);

- *Unofficial On-Shore Creditors' Comm. of the Bayou Family of Cos. v. Bayou Grp., LLC, et al.*, No. 7:06-cv-02379 (S.D.N.Y.);

- *Perez v. Enter. Laundry Servs., Inc., et al.*, No. 1:12-cv-01926 (N.D. Ill.);

- *Aviles-Cobos v. Figueroa Rests., Ltd.*, No. 1:16-cv-2380 (N.D. Ill.);

- *In re First Farmers Fin. Litig.*, No. 1:14-cv-7581 (N.D. Ill.);

/

- *Fed. Trade Comm'n v. Asia Pac. Telecom, Inc.*, et al., No. 1:10-cv-3168 (N.D. Ill.);

- *Fed. Trade Comm'n v. 2145183 Ontario Inc.*, No. 1:09-cv-7423 (N.D. Ill.);

- *Sec. & Exch. Comm'n v. Salutric*, No. 1:10-cv-00115 (N.D. Ill.);

- *Fed. Trade Comm'n v. Stark Law, LLC, et al.*, No. 1:16-cv-3463 (N.D. Ill.);

- *Fed. Trade Comm'n v. A1 Janitorial Supply Corp., et al.*, No. 1:17-cv-07790 (N.D. Ill.);

- *Big Shoulders Cap. LLC v. San Luis & Rio Grande R.R., Inc., et al.*, No. 1:19-cv-06029 (N.D. Ill.); and

- *CIBC Bank USA v. JH Portfolio Debt Equities, LLC, et al.*, No. 1:18-cv-3964 (N.D. Ill.)

(*Id.* ¶ 10.) Mr. Banich has also represented various other fiduciary clients, such as debtors in possession and chapter 7 and 11 bankruptcy trustees. (*Id.* ¶ 11.)

The Receiver proposes that the Court authorize Katten to render the following legal services on behalf of the Receiver:

(a) Advise the Receiver with respect to her rights, duties and responsibilities under the Receiver Order and applicable law, and with regard to the administration of the receivership case;

(b) Assist the Receiver in her investigation of the acts, transactions, conduct, assets, liabilities and financial condition of the Defendants and their affiliates;

(c) Assist the Receiver in obtaining custody and control over property of the receivership estate within and without this federal district;

(d) Assist and advise the Receiver with respect to sale of property of the receivership estate;

(e) Assist and advise the Receiver in her investigation and pursuit of litigation, particularly including fraudulent transfer and insider preference actions;

(f) Prepare on behalf of the Receiver any applications, motions, pleadings, orders, reports, agreements and other legal documents, including interim and final applications for payment of fees and reimbursement of expenses;

(g) Confer with parties in interest and their counsel;

(h) Appear in court for hearings in this case and any related litigation;

(i) Enforce the injunction imposed by section V of the Receiver Order;

(j) Assist the Receiver in identifying, and retaining and appointing, any other professional persons;

(k) Advise the Receiver regarding proposing a claims process and formulating a plan of distribution, if warranted; and

(l) Perform such other legal services (but not including tax law services) as may be necessary, or that the Receiver may request, from time to time.

(Vives Decl. ¶ 9; Banich Decl. ¶ 13.)

Katten has no connections with the Plaintiff or Defendants, and neither holds nor represents any adverse interest in connection with the matters upon which Katten is to be employed by the Receiver. (Banich Decl. ¶ 12.)

### III. Compensation Arrangements

Local Rule 66-8 states that: "Except as otherwise ordered by the Court, a receiver shall administer the estate as nearly as possible in accordance with the practice in the administration of estates in bankruptcy." LR 66-8. However, as discussed in Part IV, *infra*, this Court has broad discretion to fix the allowance of compensation of a receiver and her counsel.

Katten's fees for this engagement will be based upon its hourly rates. (Vives Decl. ¶ 10; Banich Decl. ¶ 14.) At the Receiver's request, Katten has agreed to discount its hourly rates for this engagement. (Vives Decl ¶ 11; Banich Decl. ¶ 15.) Katten has agreed to charge the Receiver 85% of its then-current regional rate for all timekeepers, regardless of title, position or seniority. (Vives Decl. ¶ 11; Banich Decl. ¶ 15.) So, for example, Mr. Banich's current (2021) regional rate is $840, so his rate will initially be $714. (*Id.*) Katten adjusts its rates annually in response to market trends and other factors, generally in the first calendar quarter of the year. (Vives Decl. ¶ 12; Banich Decl. ¶ 16.) The Katten attorneys who may work on this matter from time to time as appropriate include:

| Name | Practice (Office) | Title | Class | Usual Rate | Discounted Rate |
|---|---|---|---|---|---|
| Terence Banich | Insolvency and Restructuring (CHI) | Partner | 1999 | $840 | $714 |
| Allison Yager | Insolvency and Restructuring (CHI) | Associate | 2014 | $695 | $591 |
| Tami Sims | Entertainment and Media (LAX) | Partner | 2006 | $940 | $782 |
| Joanna Hill | Entertainment and Media (LAX) | Associate | 2014 | $835 | $710 |
| Farzad Damania | Mergers/Acquisitions/Private Equity (NYC) | Partner | 1999 | $1,120 | $952 |
| Christine Fitzgerald | West Coast Real Estate (LAX) | Partner | 1996 | $880 | $748 |

(Banich Decl. ¶ 19; Vives Decl. ¶ 14.) The Receiver reviewed and considered the above staffing model, as well as Katten's hourly rates, as discounted, and found them to be reasonable and appropriate considering the scope of this receivership. (*Id.*)[2] The Receiver may in the future determine that present needs warrant the assignment of different or additional Katten personnel. (Vives Decl. ¶ 14(a).)

Katten will also seek reimbursement of its out-of-pocket expenses, which include items such as consultants, experts, filing fees, court reporting fees, travel costs, overnight or other special mail services, messenger services, photocopies, long distance telephone, outgoing faxes, research service charges (e.g., Westlaw), secretarial and other staff overtime charges (when required to meet the needs of the matter), and other special services such as document imaging. (Vives Decl. ¶ 13; Banich Decl. ¶ 17.) Katten typically advances those costs on its client's behalf and includes them in its monthly bills, though some large disbursements may be forwarded to the client for direct payment. (Banich Decl. ¶ 17.)

Given the complexity of this case, the need for an extensive factual investigation and the litigation that will likely be necessary to claw back Defendants' fraudulent transfers for the benefit of the defrauded investors, the Receiver submits that Katten's compensation arrangement is warranted and appropriate under the circumstances. (Vives Decl. ¶ 16.) Katten acknowledges that

---

[2] The Receiver discusses Katten's proposed staffing model in more detail in Part V, *infra*.

the sole source of its compensation in this case will be funds in the receivership estate, and understands that Local Rule 66-8.1 requires it to keep an itemized record of time spent and services rendered. (Banich Decl. ¶ 18.) Katten further acknowledges that any and all compensation for legal services rendered on behalf of the Receiver will be subject to Court approval following notice and a hearing.[3] (*Id.*; LR 66-7(f); Receiver Order § VII.)

## IV. Legal Standards

District courts have "extremely broad" power and "wide discretion" in overseeing the administration of a receivership. *Sec. & Exch. Comm'n v. Hardy*, 803 F.2d 1034, 1037 (9th Cir. 1986). That broad authority to oversee the administration of a receivership extends to the employment and compensation of a receiver's professionals. In an equity receivership, "[t]he court appointing the receiver has full power to fix the compensation of such receiver and the compensation of the receiver's attorney or attorneys," such that the approval of an employment application "is left entirely to the determination of the appointing court." *Drilling & Expl. Corp. v. Webster*, 69 F.2d 416, 418 (9th Cir. 1934); *accord Sec. & Exch. Comm'n v. Durmaz*, No. 2:10-CV-01689-JLS-AJW, 2018 WL 10798893, at *2 (C.D. Cal. Sept. 19, 2018) (applying *Webster*).

Local Rule 66-8 directs a receiver to "administer the estate as nearly as possible in accordance with the practice in the administration of estates in bankruptcy." LR 66-8. Thus, at least one court in this district has considered

---

[3] Contemporaneous with filing this Motion, the Receiver is filing a motion for entry of an order establishing procedures for the payment of compensation and reimbursement of expenses for the Receiver and her professionals, as is permissible in bankruptcy cases. *See, e.g., United States Trustee v. Knudsen Corp. (In re Knudsen Corp.)*, 84 B.R. 668, 671-73 (B.A.P. 9th Cir. 1988).

bankruptcy principles for guidance in connection with a receiver's retention and compensation of professionals. *See, e.g., Sec. & Exch. Comm'n v. Cap. Cove Bancorp LLC*, No. 8:15-CV-980-JLS, 2016 WL 6139939, at *3 (C.D. Cal. Mar. 23, 2016) (citing Local Rule 66-8 and applying § 328(a) of the Bankruptcy Code to the receiver's motion to employ attorneys). Section 328(a) of the Bankruptcy Code, in turn, permits the employment of a professional to assist a bankruptcy trustee "on any reasonable terms and conditions of employment, including…on an hourly basis…." 11 U.S.C. § 328(a). The court "has wide discretion [under § 328] to decide whether a proposed arrangement is or is not reasonable or appropriate under the circumstances of a particular case." *In re Danner*, No. ID-11-1315-HJUMK, 2012 WL 3205242, at *4 (B.A.P. 9th Cir. July 31, 2012).

"A receiver appointed by a court who reasonably and diligently discharges his duties is entitled to be fairly compensated for services rendered and expenses incurred." *Fed. Trade Comm'n v. Impetus Enter., Inc.*, No. 8:18-CV-01987-JLS-KES, 2019 WL 2610972, at *3 (C.D. Cal. May 1, 2019) (quoting *Sec. & Exch. Comm'n v. Byers*, 590 F. Supp. 2d 637, 644 (S.D.N.Y. 2008)). "This entitlement to reasonable compensation extends to the professionals employed by the receiver." *Fed. Trade Comm'n v. Am. Home Servicing Ctr., LLC*, No. 8:18-CV-00597-JLS-KES, 2018 WL 6071385, at *2 (C.D. Cal. Sept. 19, 2018) (citing *Drilling & Expl. Corp.*, 69 F.2d at 418). "Generally, receivers and any assisting professionals should charge a reduced rate to reflect the public interest involved in preserving funds held in a receivership estate." *Sec. & Exch. Comm'n v. Cap. Cove Bancorp LLC*, No. 8:15-CV-980-JLS-JCX, 2018 WL 11357746, at *2 (C.D. Cal. Sept. 7, 2018) (citing *Byers*, 590 F. Supp. 2d at 646-67).

### V. Relief Requested

The Court should grant the Motion and authorize the Receiver to employ Katten as her counsel on the terms proposed. As a preliminary matter, the Court has already empowered the Receiver to "retain" and "employ" attorneys of her

Case No. 2:21-cv-02927-CAS(GJSx)
MOTION OF RECEIVER MICHELE VIVES FOR ORDER AUTHORIZING
EMPLOYMENT OF KATTEN MUCHIN ROSENMAN LLP AS COUNSEL

12

choice. (Receiver Order § II(F).) The Receiver considered several law firms before deciding to engage Katten, primarily because of Mr. Banich's experience in federal receivership and bankruptcy cases, and Katten's experience in the entertainment and media area. (Vives Decl. ¶ 7.) Courts generally defer to the business judgment of receivers and similar fiduciaries as to matters of estate administration. *See, e.g., Bennett v. Williams*, 892 F.2d 822, 824 (9th Cir. 1989) ("we are deferential to the business management decisions of a bankruptcy trustee…").

The terms of Katten's retention are reasonable under the circumstances. (Vives Decl. ¶ 16.) The Receiver has determined that she requires the assistance of counsel to carry out her duties under the Receiver Order, largely because of the sheer magnitude of Defendants' fraud, the investors' losses being in the hundreds of millions of dollars and the likely complexity of the factual and legal issues presented. (*Id.* ¶ 5.) The proposed scope of work for Katten, described above, is typical for a receiver's counsel in a similar receiverships in civil enforcement actions.[4] Katten has agreed to reduce its standard regional hourly rates for all timekeepers by 15 percent, which the Receiver has found to be acceptable for this matter. (Banich Decl. ¶ 15; Vives Decl. ¶ 11.)

Moreover, the anticipated staffing on this matter is reasonable and appropriate. (Vives Decl. ¶ 14.) The principal lawyer at Katten representing the Receiver will be Mr. Banich, who focuses his practice on bankruptcy, insolvency and litigation, and has many years of experience representing federal receivers as

---

[4] *See, e.g., Sec. & Exch. Comm'n v. Cap. Cove Bancorp LLC*, No. 8:15-cv-00980-JLS(JCx) (C.D. Cal.), at ECF #42 (July 7, 2015) and ECF #87 (Aug. 25, 2015); *Sec. & Exch. Comm'n v. Small Bus. Cap. Corp.*, No. 5:12-cv-03237-EJD (N.D. Cal.), at ECF #31 (July 9, 2012) and ECF #36 (July 10, 2012).

well as other fiduciaries. (Banich Decl. ¶¶ 9-11.) Allison Yager, a mid-level associate in Katten's Insolvency & Restructuring Department, will work with Mr. Banich on the administrative, investigative and litigation aspects of this case. (*Id.* ¶ 21.) Mr. Banich is expected to serve as lead counsel, and will provide legal advice to the Receiver relating to the administration of the estate, recovery of estate assets and pursuing litigation, and will supervise the preparation of all pleadings, motions and other documents to be filed with the Court. (*Id.* ¶ 20.) Ms. Yager is expected to conduct legal research, prepare initial drafts of certain pleadings, motions and other documents, review documents and perform other tasks as requested or as appropriate for a mid-level associate. (*Id.* ¶ 21.) The Receiver may, in her business judgment, direct that this distribution of work be varied from time to time, depending on the task at hand. (Vives Decl. ¶ 14(b).)

Additional Katten lawyers may work on this matter on discrete tasks or as the Receiver may direct. Given that Defendants' fraudulent scheme involved the entertainment industry, the Receiver requested that Katten's team include lawyers with experience in that area. (Vives Decl. ¶ 15.) Tami Kameda Sims is a partner in Katten's Entertainment and Media practice, resident in the firm's Los Angeles (Century City) office. (Banich Decl. ¶ 22.) Ms. Sims has over 15 years of experience in litigation and counseling matters pertaining to the entertainment industry. (*Id.*) Ms. Sims will be assisted, as appropriate, by Joanna Hill, an associate in Katten's Entertainment and Media practice, also resident in the firm's Los Angeles (Century City) office. (*Id.* ¶ 23.)

The Receiver also requested that Katten's team include lawyers who focus on corporate/M&A or transactional and real-estate work. (Vives Decl. ¶ 15.) To the extent that the Receiver requires any corporate/M&A or transactional services, Farzad F. Damania, a partner in Katten's Corporate Department and Capital Markets practice group, resident in the firm's New York office, may assist. (Banich Decl. ¶ 24.) Mr. Damania has over 20 years of experience with matters

involving securities regulation, corporate governance or capital markets and mergers and acquisitions. (*Id.*) Finally, should the Receiver need any advice regarding real estate assets that may belong to the estate, Christine Fitzgerald, a partner in Katten's Real Estate Department, resident in the firm's Los Angeles (Century City) office, is available to assist. (*Id.* ¶ 25.) Ms. Fitzgerald has over 25 years of experience in real estate finance, including issues such as syndicated, securitized, mezzanine, ground lease, hospitality and construction lending and borrowing, intercreditor arrangements, participations, whole and portfolio loan sales, among many others. (*Id.*)

Accordingly, the Court should, in the exercise of its wide discretion to fix the compensation of a receiver's attorneys, approve the proposed retention and terms and conditions of employment of Katten by the Receiver as reasonable. (Vives Decl. ¶ 16.) *See, e.g., Webster*, 69 F.2d at 418; *Durmaz*, 2018 WL 10798893, at *2; 11 U.S.C. § 328(a) (made applicable by LR 66-8); *Danner*, 2012 WL 3205242, at *4. As noted above, Katten commenced work for the Receiver on January 10, 2022 at the Receiver's direction. (Vives Decl. ¶ 7; Banich Decl. ¶ 6.) The Court should approve the employment of Katten effective as of January 10, 2022, when it began work on this matter. *See, e.g., In re Hunanyan*, 631 B.R. 904, 913 (Bankr. C.D. Cal. 2021) (authorizing employment of professional effective on the date professional commenced work); *In re Moore*, No. 6:21-bk-70299, 2021 WL 3777538, at *5 (Bankr. W.D. Ark. Aug. 25, 2021) (same).

//
//
//
//
//
//
//

**WHEREFORE**, the Receiver respectfully requests that the Court enter an order substantially in the form submitted herewith as **Exhibit 4**: (a) granting the Motion; (b) authorizing the Receiver to employ Katten as her attorneys in this case effective as of January 10, 2022; (c) finding that the terms and conditions of Katten's employment as the Receiver's counsel are reasonable and appropriate; and (d) granting such further relief as the Court deems necessary and appropriate.

Dated: February 3, 2022              Respectfully submitted,

                                     **KATTEN MUCHIN ROSENMAN LLP**

                                     By:   /s/*Terence G. Banich*
                                           Terence G. Banich

                                     *Proposed Attorneys for the Receiver*
                                     Michele Vives

Case No. 2:21-cv-02927-CAS(GJSx)
MOTION OF RECEIVER MICHELE VIVES FOR ORDER AUTHORIZING
EMPLOYMENT OF KATTEN MUCHIN ROSENMAN LLP AS COUNSEL

16