Terence G. Banich (SBN 212173)
terence.banich@katten.com
Allison E. Yager (*pro hac vice* to be filed)
allison.yager@katten.com
**KATTEN MUCHIN ROSENMAN LLP**
525 W. Monroe St.
Chicago, IL 60661
Telephone:   (312) 902-5665
Facsimile:    (312) 902-1061

*Proposed Attorneys for the Receiver*
Michele Vives

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ZACHARY J. HORWITZ; and 1inMM CAPITAL, LLC,<br><br>Defendants. | Case No. 2:21-cv-02927-CAS(GJSx)<br><br>**DECLARATION OF TERENCE G. BANICH**<br><br>Date:          February 14, 2022<br>Time:         10:00 a.m. PST<br>Judge:        Hon. Christina A. Snyder<br>Courtroom: 8D |

I, Terence G. Banich, declare as follows:

1. I am over the age of eighteen years, am under no disability and am competent to testify to the matters set forth herein. Except as otherwise stated, all facts set forth in this declaration are based upon my personal knowledge and/or my review of documents. If called as a witness in this case, I could and would testify competently to the facts set forth in this declaration.

2. I submit this declaration in support of the *Motion of Receiver Michele Vives for Order Authorizing Employment of Katten Muchin Rosenman LLP as Counsel*, dated February 3, 2022 (the "Motion").

3. I am an attorney licensed to practice law in, and am a member in good standing of the bars of, the State of Illinois, the State of California and the District of Columbia, and I have been duly admitted to practice before the Supreme Court of the United States, several United States Courts of Appeal and several United States District Courts, including the Central District of California.

4. I am a partner in the Insolvency and Restructuring department of Katten Muchin Rosenman LLP ("Katten"), a full-service law firm with nearly 700 attorneys in locations across the United States (including offices in Los Angeles and Century City), as well as in London and Shanghai.

5. I am resident in the Katten's Chicago office, and have been in private practice continuously since 1999.

6. On January 10, 2022, the Court held a hearing on the *Motion by Plaintiff Securities and Exchange Commission that Receiver be Appointed*, dated December 8, 2021 [ECF #65] (the "Receiver Motion"), and indicated to the parties that it would grant the Receiver Motion following submission of a revised proposed order. That same day, the Receiver engaged Katten to be her counsel, and directed Katten to commence work. Katten commenced work for the Receiver that same day. On January 14, 2022, this Court entered the *Order on Appointment of a Permanent Receiver* [ECF #70] (the "Receiver Order"), which appointed Michele

Vives to be the federal equity receiver of defendant 1inMM Capital, LLC as well as assets that are attributable to investor or client funds or that were fraudulently transferred by Defendants (the "Receiver").

7. A true and correct copy of the retention agreement between the Receiver and Katten, dated January 10, 2022, is attached to the Motion as **Exhibit 3**.

8. Katten's Insolvency and Restructuring practice has in-depth experience representing different constituencies and in all types of in-court and out-of-court restructurings and workouts, with a focus on bankruptcy litigation, transactions under section 363 of the Bankruptcy Code and other M&A transactions involving distressed companies. In addition, Katten regularly represents corporate debtors, official and unofficial creditors' committees, secured lenders, trade creditors, administrative agents, federal receivers, indenture trustees and equity sponsors. Katten is also one of the preeminent firms in representing independent directors in chapter 11 cases and out-of-court restructurings.

9. I am the lawyer at Katten with the primary responsibility for representing the Receiver.

10. During my career, I have represented federal receivers appointed in at least the following cases:

(a) *Sec. & Exch. Comm'n v. Church Extension of the Church of God, Inc., et al.*, No. 02-cv-1118 (S.D. Ind.);

(b) *Unofficial On-Shore Creditors' Comm. of the Bayou Family of Cos. v. Bayou Grp., LLC, et al.*, No. 7:06-cv-02379 (S.D.N.Y.);

(c) *Perez v. Enter. Laundry Servs., Inc., et al.*, No. 1:12-cv-01926 (N.D. Ill.);

(d) *Aviles-Cobos v. Figueroa Rests., Ltd.*, No. 1:16-cv-2380 (N.D. Ill.);

(e) *In re First Farmers Fin. Litig.*, No. 1:14-cv-7581 (N.D. Ill.);

(f) *Fed. Trade Comm'n v. Asia Pac. Telecom, Inc.*, et al., No. 1:10-cv-3168 (N.D. Ill.);

    (g)    *Fed. Trade Comm'n v. 2145183 Ontario Inc.*, No. 1:09-cv-7423 (N.D. Ill.);

    (h)    *Sec. & Exch. Comm'n v. Salutric*, No. 1:10-cv-00115 (N.D. Ill.);

    (i)    *Fed. Trade Comm'n v. Stark Law, LLC, et al.*, No. 1:16-cv-3463 (N.D. Ill.);

    (j)    *Fed. Trade Comm'n v. A1 Janitorial Supply Corp., et al.*, No. 1:17-cv-07790 (N.D. Ill.);

    (k)    *Big Shoulders Cap. LLC v. San Luis & Rio Grande R.R., Inc., et al.*, No. 1:19-cv-06029 (N.D. Ill.); and

    (l)    *CIBC Bank USA v. JH Portfolio Debt Equities, LLC, et al.*, No. 1:18-cv-3964 (N.D. Ill.)

11.    I have also represented various other fiduciary clients, such as debtors in possession and chapter 7 and 11 bankruptcy trustees.

12.    Katten has no connections with the Plaintiff or Defendants, and neither holds nor represents any adverse interest in connection with the matters upon which Katten is to be employed by the Receiver.

13.    The Receiver proposes that the Court authorize Katten to render the following legal services on behalf of the Receiver:

    (a)    Advise the Receiver with respect to her rights, duties and responsibilities under the Receiver Order and applicable law, and with regard to the administration of the receivership case;

    (b)    Assist the Receiver in her investigation of the acts, transactions, conduct, assets, liabilities and financial condition of the Defendants and their affiliates;

    (c)    Assist the Receiver in obtaining custody and control over property of the receivership estate within and without this federal district;

    (d)    Assist and advise the Receiver with respect to sale of property of the receivership estate;

    (e)    Assist and advise the Receiver in my investigation and pursuit of litigation, particularly including fraudulent transfer and insider preference actions;

    (f)    Prepare on behalf of the Receiver any applications, motions, pleadings, orders, reports, agreements and other legal documents, including interim and final applications for payment of fees and reimbursement of expenses;

  (g) Confer with parties in interest and their counsel;

  (h) Appear in court for hearings in this case and any related litigation;

  (i) Enforce the injunction imposed by section V of the Receiver Order;

  (j) Assist the Receiver in identifying, and retaining and appointing, any other professional persons;

  (k) Advise the Receiver regarding proposing a claims process and formulating a plan of distribution, if warranted; and

  (l) Perform such other legal services (but not including tax law services) as may be necessary, or that the Receiver may request, from time to time.

14. Katten's fees for this engagement will be based upon its hourly rates.

15. At the Receiver's request, Katten has agreed to discount its hourly rates for this engagement. Katten has agreed to charge the Receiver 85% of its then-current regional rate for all timekeepers, regardless of title, position or seniority. So, for example, my current (2021) regional rate is $840, so my rate will initially be $714. The Receiver has determined that Katten's agreement to discount its rates by 15% for this engagement is acceptable.

16. Katten adjusts its rates annually in response to market trends and other factors, generally in the first calendar quarter of the year.

17. Katten will also seek reimbursement of its out-of-pocket expenses, which include items such as consultants, experts, filing fees, court reporting fees, travel costs, overnight or other special mail services, messenger services, photocopies, long distance telephone, outgoing faxes, research service charges (e.g., Westlaw), secretarial and other staff overtime charges (when required to meet the needs of the matter), and other special services such as document imaging. Katten typically advances those costs on its client's behalf and includes them in its monthly bills, though some large disbursements may be forwarded to the client for direct payment.

18. Katten acknowledges that the sole source of its compensation in this

case will be funds in the receivership estate, and understands that Local Rule 66-8.1 requires it to keep an itemized record of time spent and services rendered. Katten further acknowledges that any and all compensation for legal services rendered on behalf of the Receiver will be subject to Court approval following notice and a hearing.

19. The Katten attorneys who may work on this matter from time to time as appropriate include:

| Name | Practice (Office) | Title | Class | Usual Rate | Discounted Rate |
|---|---|---|---|---|---|
| Terence Banich | Insolvency and Restructuring (CHI) | Partner | 1999 | $840 | $714 |
| Allison Yager | Insolvency and Restructuring (CHI) | Associate | 2014 | $695 | $591 |
| Tami Sims | Entertainment and Media (LAX) | Partner | 2006 | $940 | $782 |
| Joanna Hill | Entertainment and Media (LAX) | Associate | 2014 | $835 | $710 |
| Farzad Damania | Mergers/Acquisitions/Private Equity (NYC) | Partner | 1999 | $1,120 | $952 |
| Christine Fitzgerald | West Coast Real Estate (LAX) | Partner | 1996 | $880 | $748 |

The Receiver reviewed and considered the above staffing model, as well as Katten's hourly rates, as discounted, and found them to be reasonable and appropriate considering the scope of this receivership.

20. I expect to serve as lead counsel, and will provide legal advice to the Receiver relating to the administration of the estate, recovery of estate assets and pursuing litigation, and will supervise the preparation of all pleadings, motions and other documents to be filed with the Court.

21. Allison E. Yager is a mid-level associate in Katten's Insolvency & Restructuring Department who will work with me on the administrative, investigative and litigation aspects of this case. Ms. Yager will conduct legal research, prepare initial drafts of certain pleadings, motions and other documents, review documents and perform other tasks as requested or as appropriate for a mid-level associate.

22. Tami Kameda Sims is a partner in Katten's Entertainment and Media practice, resident in the firm's Los Angeles (Century City) office. Ms. Sims has over 15 years of experience in litigation and counseling matters pertaining to the entertainment industry.

23.  Ms. Sims will be assisted, as appropriate, by Joanna Hill, an associate in Katten's Entertainment and Media practice, also resident in the firm's Los Angeles (Century City) office.

24.  To the extent that the Receiver requires any corporate/M&A or transactional services, Farzad F. Damania, a partner in Katten's Corporate Department and Capital Markets practice group, resident in the firm's New York office, may assist. Mr. Damania has over 20 years of experience with matters involving securities regulation, corporate governance or capital markets and mergers and acquisitions.

25.  Should the Receiver need any advice regarding real estate assets that may belong to the estate, Christine Fitzgerald, a partner in Katten's Real Estate Department, resident in the firm's Los Angeles (Century City) office, is available to assist. Ms. Fitzgerald has over 25 years of experience in real estate finance, including issues such as syndicated, securitized, mezzanine, ground lease, hospitality and construction lending and borrowing, intercreditor arrangements, participations, whole and portfolio loan sales, among many others.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 3, 2022
in Winnetka, Illinois

*/s/ Terence G. Banich*
Terence G. Banich