Terence G. Banich (SBN 212173)
terence.banich@katten.com
**KATTEN MUCHIN ROSENMAN LLP**
525 W. Monroe St.
Chicago, IL 60661
Telephone: (312) 902-5665
Facsimile: (312) 902-1061

*Proposed Attorneys for the Receiver*
Michele Vives

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ZACHARY J. HORWITZ; and 1inMM CAPITAL, LLC,<br><br>Defendants. | Case No. 2:21-cv-02927-CAS(GJSx)<br><br>**DECLARATION OF MICHELE VIVES**<br><br>Date: February 14, 2022<br>Time: 10:00 a.m. PST<br>Judge: Hon. Christina A. Snyder<br>Courtroom: 8D |

I, Michele Vives, declare as follows:

1. I am over the age of eighteen years, am under no disability and am competent to testify to the matters set forth herein. Except as otherwise stated, all facts set forth in this declaration are based upon my personal knowledge and/or my review of documents. If called as a witness in this case, I could and would testify competently to the facts set forth in this declaration.

2. I submit this declaration in support of the *Motion of Receiver Michele Vives for Order Authorizing Employment of Katten Muchin Rosenman LLP as Counsel*, dated February 3, 2022 (the "Motion").

3. I am the President of the Douglas Wilson Companies ("DWC"), an advisory firm that assists companies and entities of all kinds, from financial institutions to operating companies, law firms, state and federal courts, corporations, partnerships, pension funds, REITs and more. DWC has been appointed as receiver or otherwise involved in hundreds of receiver cases over the last 30 years, and has served in other fiduciary roles, such as chapter 11 trustee, chapter 11 examiner, special master, liquidating trustee, assignee for the benefit of creditors and chief restructuring officer.

4. On January 14, 2022, this Court entered the *Order on Appointment of a Permanent Receiver* [ECF #70] (the "Receiver Order"), which appointed me to be the federal equity receiver of defendant 1inMM Capital, LLC as well as assets that are attributable to investor or client funds or that were fraudulently transferred by Defendants.

5. Section II(F) of the Receiver Order empowers me to retain and employ professional persons, including attorneys. Given the magnitude of Defendants' fraud and the attendant investors' loss being in the hundreds of millions of dollars and the likely complexity of the factual and legal issues presented, I have deemed it advisable and necessary to retain legal counsel to advise me in the execution of my duties under the Receiver Order.

6. In anticipation of my potential selection to be receiver, I considered several potential law firms to be my counsel in this matter. After taking into account the candidate law firms' experience in federal receiverships, their hourly rates and other factors, and following discussions with the SEC, I decided to engage and employ Terence G. Banich and Katten Muchin Rosenman LLP ("Katten") to be my attorneys to assist me in the exercise of my rights and the discharge of my duties under the Receiver Order.

7. On January 10, 2022, following the hearing on the Receiver Motion, I engaged Katten to be my counsel, and directed them to commence work. I selected Katten particularly because of Mr. Banich's extensive experience in federal receivership cases and proceedings, as well as Katten's experience in the entertainment and media area.

8. Mr. Banich is the lawyer at Katten with the primary responsibility for representing me.

9. I propose that the Court authorize Katten to render the following legal services on behalf of the Receiver:

    (a) Advise the Receiver with respect to my rights, duties and responsibilities under the Receiver Order and applicable law, and with regard to the administration of the receivership case;

    (b) Assist the Receiver in my investigation of the acts, transactions, conduct, assets, liabilities and financial condition of the Defendants and their affiliates;

    (c) Assist the Receiver in obtaining custody and control over property of the receivership estate within and without this federal district;

    (d) Assist and advise the Receiver with respect to sale of property of the receivership estate;

    (e) Assist and advise the Receiver in my investigation and pursuit of litigation, particularly including fraudulent transfer and insider preference actions;

    (f) Prepare on behalf of the Receiver any applications, motions, pleadings, orders, reports, agreements and other legal documents, including interim and final applications for payment of fees and reimbursement of expenses;

(g) Confer with parties in interest and their counsel;

(h) Appear in court for hearings in this case and any related litigation;

(i) Enforce the injunction imposed by section V of the Receiver Order;

(j) Assist the Receiver in identifying, and retaining and appointing, any other professional persons;

(k) Advise the Receiver regarding proposing a claims process and formulating a plan of distribution, if warranted; and

(l) Perform such other legal services (but not including tax law services) as may be necessary, or that the Receiver may request, from time to time.

10. Katten's fees for this engagement will be based upon its hourly rates.

11. At my request, Katten has agreed to discount its hourly rates for this engagement. Katten has agreed to charge me, as Receiver, 85% of its then-current regional rate for all timekeepers, regardless of title, position or seniority. So, for example, Mr. Banich's current (2021) regional rate is $840, so his rate will initially be $714. I find Katten's agreement to discount its rates by 15% for this engagement to be acceptable.

12. I understand that Katten adjusts its rates annually in response to market trends and other factors, generally in the first calendar quarter of the year.

13. Katten will also seek reimbursement of its out-of-pocket expenses, which include items such as consultants, experts, filing fees, court reporting fees, travel costs, overnight or other special mail services, messenger services, photocopies, long distance telephone, outgoing faxes, research service charges (e.g., Westlaw), secretarial and other staff overtime charges (when required to meet the needs of the matter), and other special services such as document imaging.

//
//
//
//

14. The Katten attorneys who may work on this matter from time to time as appropriate include:

| Name | Practice (Office) | Title | Class | Usual Rate | Discounted Rate |
|---|---|---|---|---|---|
| Terence Banich | Insolvency and Restructuring (CHI) | Partner | 1999 | $840 | $714 |
| Allison Yager | Insolvency and Restructuring (CHI) | Associate | 2014 | $695 | $591 |
| Tami Sims | Entertainment and Media (LAX) | Partner | 2006 | $940 | $782 |
| Joanna Hill | Entertainment and Media (LAX) | Associate | 2014 | $835 | $710 |
| Farzad Damania | Mergers/Acquisitions/Private Equity (NYC) | Partner | 1999 | $1,120 | $952 |
| Christine Fitzgerald | West Coast Real Estate (LAX) | Partner | 1996 | $880 | $748 |

I reviewed and considered the above staffing model, as well as Katten's hourly rates, as discounted, and found them to be reasonable and appropriate considering the scope of this receivership. In the exercise of my business judgment, I may in the future: (a) determine that present needs warrant the assignment of different or additional Katten personnel and/or (b) direct that Katten's anticipated internal distribution of work, as described in pages 13-14 of the Motion, be varied from time to time, depending on the task at hand.

15. Given that Defendants' fraudulent scheme involved the entertainment industry, the Receiver requested that Katten's team include lawyers with experience in that area, as well as lawyers who focus on M&A/transactional and real-estate work.

16. Given the complexity of this case, the need for an extensive factual investigation and the litigation that will likely be necessary to claw back Defendants' fraudulent transfers for the benefit of the defrauded investors, I submit that Katten's compensation arrangement is warranted, reasonable and appropriate under the circumstances. I therefore respectfully ask the Court to grant the Motion.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 3, 2022    /s/*Michele Vives*
in San Diego, California            Michele Vives