**Katten**

525 W. Monroe Street
Chicago, IL  60661-3693
+1.312.902.5200 tel
katten.com

**TERENCE G. BANICH**
terence.banich@katten.com
+1.312.902.5665 direct

January 10, 2022

<u>Via Email</u>

Michele Vives (mvives@douglaswilson.com)
President
Douglas Wilson Companies
1620 Fifth Ave., Ste. 400
San Diego, CA 92101

Re:     Legal Representation

Dear Michele:

We are pleased to have the opportunity to represent you, not individually, but solely as the federal equity receiver of 1inMM Capital, LLC appointed by the United States District Court for the Central District of California (the "Court") in the civil action styled *Securities & Exchange Commission v. Zachary J. Horwitz*, No. 2:21-cv-02927 (the "Case"), as well as any additional persons or entities of which the Court may appoint you receiver, in connection with the rights conferred and duties imposed on you by that certain *Order on Appointment of a Permanent Receiver*, to be entered by the Court in the Case (the "Receiver Order"). This letter and the enclosed Terms of Engagement, which contains a provision on conflicts of interest, describe the basis on which our firm provides legal services.

Subject to the exclusions stated in the Terms of Engagement, the Firm will provide you with all necessary legal services concerning your rights, duties and responsibilities as Receiver under the Receiver Order, including, without limitation, your actions taken pursuant to the Receiver Order, litigation commenced as Receiver, claims asserted against you as Receiver or against the assets of the receivership estate and such other matters arising out of or relating to your actions or inactions as Receiver (the "Matter"). The Firm's services on the Matter will include reviewing and analyzing the underlying facts and applying legal theories to those facts; consulting with you and your other advisors; drafting, editing and reviewing necessary motions, pleadings, notices, agreements, correspondence, discovery materials and other documents; communicating with creditors, parties in interest and their respective counsel; attending court hearings in the Case and any related litigation; employing investigators or expert witnesses, as may be necessary; and attending to such other tasks that are customary professional activities pertaining to the representation of a receiver.

I will be the lawyer at the firm with the primary responsibility for your representation, and will be involved in managing this engagement. Associate attorneys may also work on this matter as necessary and appropriate for the task. As indicated in the Terms of Engagement, our fees are based upon our hourly rates. My current regional hourly rate is $840, though the Firm adjusts its rates annually in response to market trends and other factors, generally during the first calendar

KATTEN MUCHIN ROSENMAN LLP
CENTURY CITY    CHARLOTTE    CHICAGO    DALLAS    LOS ANGELES
NEW YORK    ORANGE COUNTY    SHANGHAI    WASHINGTON, DC
A limited liability partnership including professional corporations
LONDON: KATTEN MUCHIN ROSENMAN UK LLP

151665455v1

# Katten

January 10, 2022
Page 2

quarter of the year. Based on discussions with you, we have agreed to discount our then-current regional hourly rates by 15% for all timekeepers.

The Firm understands that, pursuant to section VII of the Receiver Order and notwithstanding section IV.C of the Terms and Conditions, the Court must approve its fees and expenses. However, the Firm would ask that the Receiver move the Court to approve interim compensation and expense reimbursement procedures for the Receiver and her professionals. Because of the nature of this engagement, the Firm will not require a retainer at this time.

Please review the Terms of Engagement, with the assistance of independent counsel if you wish, and let me know if you have any questions about them. If all the terms are satisfactory, please indicate your consent by signing this letter and returning it to me. However, your continuing instructions in this matter will amount to your acceptance of the terms of this letter, including the Terms of Engagement (collectively "the Terms"). All parties to this agreement agree that a digital signature shall be effective to prove each party's agreement to the Terms. Furthermore, the parties agree that the Terms may be proven through an electronic copy in digital format, and that no "original" hard-copy document need be retained to prove the Terms.

I very much look forward to working with you.

Sincerely,

Terence G. Banich

TGB:bap

This letter and the Terms of Engagement are agreed to:

Michele Vives, as Receiver of 1inMM Capital, LLC

Dated: January 10, 2022

151665455v1

**KATTEN MUCHIN ROSENMAN LLP**
**TERMS OF ENGAGEMENT**

The information below describes the terms that apply to the legal services provided for you by Katten Muchin Rosenman LLP (the "Firm"). We encourage you to discuss any of these terms with us at any time. If modifications to the terms are needed, you should discuss that with us so that agreement on changes can be reached and reduced to writing. All references to "you" or "your" means only the client or clients identified in our engagement letter. **Individuals or entities that are related to or affiliated with you, such as partners, officers, directors, stockholders, parent companies, related companies, or family members, are not clients, unless we otherwise agree in writing.**

**I.      Scope of Representation.** The scope of the work we will do for you is limited to the description stated in our engagement letter. Any changes or additions to the scope of our work, which we would be pleased to consider, must be agreed to and memorialized by letter or email. Unless that description states otherwise, **our engagement does not include responsibility for:** (1) review of your insurance policies to determine the possibility of coverage for our fees and costs or for the claim asserted against you, (2) notification of your insurance carriers about a matter, (3) advice to you about your disclosure obligations concerning a matter under the federal securities laws or any other applicable law, or (4) advice to you about tax issues that relate to a matter. If we agree to represent you in additional matters, we will do so in writing by letter or email, and the terms of our engagement will remain the same for these additional matters unless changed by agreement in writing.

Additionally, if in response to your request or by requirement of lawful process we: testify; gather and/or produce documents; respond to document hold or production requests; or respond to any other requests in connection with possible, threatened or actual proceedings commenced by third parties that relate to our representation of you, you agree to pay us our reasonable fees and costs incurred.

**II.     Staffing.** Terence Banich will have the primary responsibility for our relationship. We assign additional lawyers and other personnel when needed based upon the type of work and the appropriate experience level required.

**III.    Client Responsibilities.** You agree to provide us with all information that we believe is necessary or appropriate to fulfill our professional responsibilities in this matter and to cooperate with us in matters such as fact investigation, preparation of pleadings, discovery responses, settlement conferences, etc. You will designate one or more persons to give us instructions and authority to receive our requests and inquiries. You further agree that without our express written consent, you will not use our name or the fact of your engagement of us in any form of advertising or solicitation of business.

**IV.    Financial Arrangements.**

   A.    Fees and Expenses. Our fees are based primarily upon the hourly rates of our lawyers and other personnel in effect when the services are performed. These rates change periodically based upon economic factors and the experience level of our personnel. In determining the amount of our fee, we may also consider and adjust our total fee based on other factors, including the novelty and difficulty of the issues involved, the amount involved and the results obtained, and the time limits, if any, imposed by you or by the circumstances of the engagement. We are affiliated with Katten Muchin Rosenman UK LLP of London, England, and if we obtain advice or services on your behalf from that firm, we will include their time and expenses on our bill.

Expenses include items such as consultants, experts, filing fees, court reporting fees, travel costs, overnight or other special mail services, messenger services, photocopies, long distance telephone, outgoing faxes, research service charges (e.g., LEXIS), secretarial and other staff overtime charges (when required to meet the needs of the matter), and other special services such as document imaging. Certain of these charges are adjusted to include administrative and overhead expenses incurred by the Firm to provide the billed service. With respect to costs incurred and payable to third parties, such as court reporters or experts, it is our usual policy to forward those bills to you for payment directly to the third party, and you agree to pay those fees directly to the provider. As an accommodation to you, however, we may advance those costs on your behalf and include them in our monthly bills. Some large disbursements may be forwarded to you for direct payment. Some charges may not be in the system at the time of monthly billing and will appear on a later bill.

B.      Fee Deposits. The amount of any fee deposit required in this engagement is set forth in the engagement letter, which is not an estimate of the total costs of the representation, nor is it a maximum fee. This fee deposit will be deposited in the Firm's client retainer trust account and will be used to pay our fees and expenses when they come due. We will pay our monthly invoices using the fee deposit when earned, unless you already have paid the invoice or dispute the amount of our invoice before that time. You agree that you will maintain the fee deposit balance at the amount agreed in the engagement letter. Accordingly, while we will pay our invoices from the fee deposit as set forth above, you agree to maintain the agreed balance by either paying each invoice within 20 days of mailing or by replenishing the fee deposit in a like amount. In the event our fees and expenses exceed the retainer deposited with us, we will bill you for the excess. We may, as an accommodation to you, agree to waive the fee deposit if our invoices are timely paid. In the event we do so, however, you agree that we may request replenishment of the fee deposit at any time, should we determine that to be necessary, in our sole discretion. We may also request, and you agree to provide, additional fee advances from time to time based on our estimates of future work to be undertaken. If you fail to maintain the balance of the fee deposit when requested or to pay promptly any additional fees requested, we reserve the right to cease performing further work and withdraw from the representation.

C.      Billing and Payment. We generally forward our statements monthly. The statements will include a brief description of the work performed, the date the work was performed, the time required to do the work, and the expenses incurred. Payment is due promptly upon receipt of our statement. We reserve the right to terminate our representation of clients who do not pay promptly. We do not and cannot guarantee the outcome of any matter, and payment of our fees and disbursements is not conditioned on any particular outcome.

**V.     Electronic Communication.** The use of email can be an efficient means of communication, and we use it often in communicating with clients. Some clients also use instant messaging as a means of communication. However, these electronic communications can be delayed or blocked (for example, by anti-spam software) or otherwise not transmitted. You must not assume that an email or instant message sent to us was actually opened and read by us unless you receive a non-automated reply message indicating that we have read your message.

**VI.    Responses to Auditors' Inquiries.** We are frequently asked to provide information to auditing firms regarding client legal matters and we respond to those inquiries with the same level of care and professionalism used to handle the client's other legal work. We will accordingly charge for those services at the same rates. When you make a written request that we provide information to an auditing firm, we will deem your request to be your consent for us to disclose the requested information on your behalf. Additionally, when an auditing firm makes a written request for information on your behalf, that request will be deemed to be your consent for us to

2

disclose that information to the auditing firm.

**VII.   Conflicts of Interest Issues.**

As you know, we are a large general services law firm with many clients and with offices located in Charlotte, North Carolina; Chicago, Illinois; Dallas, Texas; Los Angeles, California (Century City and Downtown); New York, New York; Orange County, California; Washington D.C.; and Shanghai, China, and we have an affiliate in London, England. It is possible that, during the course of our engagement, an existing or future client may seek to hire the Firm in connection with an actual or potential transaction or pending or potential litigation or other dispute resolution proceeding in which such other client's interests are or potentially may become adverse to your interests.

During the term of this engagement, we agree that we will not accept representation of another client in a legal matter that is directly adverse to you unless and until we have made disclosure to you of the relevant facts and circumstances of our undertaking the two representations and you have consented to our representation of the other client. You agree that you will be reasonable in evaluating such circumstances and that you will give your consent if we can confirm to you in good faith that the following criteria are met: (i) there is no substantial relationship between any matter in which we are representing or have represented you and the matter for the other client; (ii) our representation of the other client will not implicate any confidential information we have received from you; (iii) our effective representation of you and the discharge of our professional responsibilities to you will not be prejudiced by our representation of the other client; and (iv) the other client has also consented based on our disclosure of the relevant facts and circumstances of our undertaking the two representations.

Further, in the course of our representation of you, it may be necessary for our lawyers to analyze or address their professional duties or responsibilities or those of the Firm, and to consult with the Firm's General Counsel, Deputy General Counsel, Conflicts Counsel, or other lawyers in doing so. To the extent we are addressing our duties, obligations or responsibilities to you in those consultations, it is possible that a conflict of interest might be deemed to exist as between our Firm and you. As a condition of this engagement, you waive any conflict of interest that might be deemed to arise out of any such consultations. You further agree that these consultations are protected from disclosure by the Firm's attorney-client privilege. Nothing in the foregoing shall diminish or otherwise affect our obligation to keep you informed of material developments in your representation, including any conclusions arising out of such consultations to the extent that they affect your interests.

**VIII.   Arbitration of Disputes.** You agree that any dispute, controversy or claim directly or indirectly relating to or arising out of this agreement, work we perform for you or the fees charged by us or your failure to pay such fees shall be submitted to binding arbitration with JAMS (or another mutually agreed arbitration or dispute resolution organization) in Chicago, Illinois, under the JAMS Comprehensive Arbitration Rules and Procedures (or other applicable rules). The arbitrator shall have no authority to award punitive damages or to treble or otherwise multiply actual damages. The award in the arbitration shall be final and binding and judgment thereon may be entered and enforced in any court of competent jurisdiction. The costs and expenses (including reasonable attorney's fees of the prevailing party) shall be borne and paid by the party that the arbitrator, or arbitrators, determine is the non-prevailing party. You agree and consent to personal jurisdiction, service of process and venue in any federal or state court within the County of Cook in the State of Illinois in connection with any action brought to enforce an award in arbitration. You further agree that service of process may be made upon you by Katten Muchin Rosenman LLP by causing process to be delivered to you at the above address (or such other address of which you hereafter shall advise us in writing) by registered or certified mail, return receipt requested.

151665455v1

**IX.** **Conclusion of Representation.** Our representation of you will terminate when we send you our final statement for services rendered in this matter. We may also terminate our representation for any reason consistent with rules of professional responsibility, including conflicts of interest or your failure to pay our fees and expenses. Our representation may also be terminated upon your request. Following termination, any nonpublic information you have supplied to us which is retained by us will be kept confidential in accordance with applicable rules of professional responsibility. Once our representation is concluded, we will not be obligated to take any steps such as keeping track of deadlines, filing papers, pursuing appeals, or monitoring or advising you about changes in the law or circumstances that might bear upon the concluded matter.

**X.** **Disposition of Client Files.** Upon conclusion of your representation, we may return to you your original papers, documents and/or other property that you provided to the Firm during our engagement. You agree to accept the return of such documents and/or property. If you so request, we will also provide to you, at your expense, copies or originals of your complete file. We reserve the right to make, at our expense, copies of all documents generated or received by us in the course of our representation of you. The Firm will not provide copies or originals of the Firm Administrative or Matter Administration files pertaining to the matter, which will be retained by the Firm. All such documents retained by the Firm, including client files (including any original documents and/or property that we attempted unsuccessfully to return to you) and Firm Administrative or Matter Administration files, will be transferred to the person responsible for administering our records retention program. For various reasons, including the minimization of unnecessary storage expenses, we reserve the right to destroy or otherwise dispose of any documents or other materials retained by us within a reasonable time, but not less than seven (7) years after the matter is closed.