Terence G. Banich (SBN 212173)
terence.banich@katten.com
Allison E. Yager (*pro hac vice* to be filed)
allison.yager@katten.com
**KATTEN MUCHIN ROSENMAN LLP**
525 W. Monroe St.
Chicago, IL 60661
Telephone:  (312) 902-5200
Facsimile:   (312) 902-1061

*Proposed Attorneys for the Receiver*
Michele Vives

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>ZACHARY J. HORWITZ; and 1inMM CAPITAL, LLC,<br><br>    Defendants. | Case No. 2:21-cv-02927-CAS(GJSx)<br><br>**NOTICE OF MOTION AND UNOPPOSED MOTION OF RECEIVER MICHELE VIVES FOR ORDER ESTABLISHING PROCEDURES FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:      February 14, 2022<br>Time:     10:00 a.m. PST<br>Judge:    Hon. Christina A. Snyder<br>Courtroom: 8D |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT, on February 14, 2022, at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 8D, located at the United States Courthouse, 350 West First Street, Los Angeles, California 90012, Michele Vives, not individually, but solely as the federal equity receiver of defendant 1inMM Capital, LLC (the "Receiver"), will and hereby does move the Court for entry of an order establishing procedures for the allowance of compensation and reimbursement of expenses (the "Motion"). The Receiver has filed the Motion for the purpose of establishing procedures governing the interim and final allowance of the fees and expenses of the Receiver, her attorneys, and other professionals retained by the Receiver.

On February 2, 2022, pursuant to Local Rule 7-3, Terence G. Banich, one of the lawyers for the Receiver, spoke with Kathryn C. Wanner, counsel for the Securities and Exchange Commission, and Michael Quinn, counsel for defendant Zachary Horwitz, regarding the Motion. Ms. Wanner and Mr. Quinn advised that their respective clients do not object to the relief requested by the Motion.

Dated: February 3, 2022        Respectfully submitted,

**KATTEN MUCHIN ROSENMAN LLP**

By:   /s/*Terence G. Banich*
      Terence G. Banich

*Proposed Attorneys for the Receiver*
Michele Vives

Case No. 2:21-cv-02927-CAS(GJSx)
MOTION OF RECEIVER MICHELE VIVES FOR ORDER ESTABLISHING PROCEDURES FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

2

# PROOF OF SERVICE

**STATE OF ILLINOIS, COUNTY OF COOK**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Cook, State of Illinois. My business address is 525 W. Monroe St., Chicago, IL 60661.

On February 3, 2022, I served the following document(s) described as:

**UNOPPOSED MOTION OF RECEIVER MICHELE VIVES FOR ORDER ESTABLISHING PROCEDURES FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES** on counsel of record in this action as follows:

**[ ] BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Katten Muchin Rosenman LLP practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

**[ ] BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused the document(s) to be sent from e-mail address terence.banich@katten.com to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**[ ] BY OVERNIGHT MAIL (FedEx):** I enclosed said document(s) in an envelope or package provided by FEDEX and addressed to the persons at the addresses listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of FEDEX or delivered such document(s) to a courier or driver authorized by FEDEX to receive documents.

**[ ] BY PERSONAL SERVICE:** I caused said document to be personally delivered the document(s) to the person at the addresses listed above by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office.

**[X] E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

I declare under penalty of perjury under the laws of the State of Illinois that the foregoing is true and correct.

Executed on February 3, 2022, at Winnetka, Illinois.

/s/Terence G. Banich
Terence G. Banich

Case No. 2:21-cv-02927-CAS(GJSx)
PROOF OF SERVICE

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Factual Background[1]

On April 5, 2021, the Securities and Exchange Commission ("SEC") commenced the above-captioned action against Zachary J. Horwitz ("Horwitz") and 1inMM Capital, LLC ("1inMM," and together with Horwitz, the "Defendants"), alleging that they committed an offering fraud and perpetrated a Ponzi scheme in violation of the federal securities laws. (*Complaint*, dated April 5, 2021 [ECF #1], ¶¶ 1, 4.)

On December 8, 2021, the SEC filed a motion in this case asking the Court to appoint a receiver over 1inMM and over all assets held by, for the benefit of or under the direct or indirect control of Horwitz (the "Receiver Motion"). [ECF #65] The SEC proposed Ms. Vives (the "Receiver"), president of the Douglas Wilson Companies, to be receiver because of her and her firm's extensive experience with receiverships, forensic accounting, business planning, consulting and related work. (Receiver Mot. at 8-9.)

On January 20, 2022, the Court entered the *Order on Appointment of a Permanent Receiver* [ECF #70] (the "Receiver Order"), granting the Receiver Motion. The Receiver Order found that good cause existed to appoint a permanent receiver over 1inMM as well as assets that are attributable to investor or client funds or that were fraudulently transferred by Defendants, in order to identify and marshal assets to make the defrauded investors as whole as possible. (Receiver Order § I.)

---

[1] Additional factual background relevant to these proceedings can be found in the Retention Motion (as defined below), which has been filed contemporaneously with this Motion.

Case No. 2:21-cv-02927-CAS(GJSx)
MOTION OF RECEIVER MICHELE VIVES FOR ORDER ESTABLISHING
PROCEDURES FOR ALLOWANCE OF COMPENSATION AND
REIMBURSEMENT OF EXPENSES

3

KATTEN MUCHIN ROSENMAN LLP
525 W. MONROE ST.
CHICAGO, IL 60661
(312) 902-5200

The Receiver Order confers on the Receiver "full powers of an equity receiver," and specifically authorizes the Receiver to, among other things, engage and employ attorneys and other professionals (collectively, the "Professionals") as the Receiver deems advisable or necessary to carry out her rights and duties under the Receiver Order. (Receiver Order §§ II, II(F).)

Accordingly, contemporaneously with the filing of this Motion, the Receiver has filed the *Motion of Receiver Michele Vives for Order Authorizing Employment of Katten Muchin Rosenman LLP as Counsel* [ECF # 71] (the "Retention Motion"), seeking authorization to employ Katten Muchin Rosenman LLP ("Katten") as her legal counsel, retroactive to January 10, 2022. (Retention Mot. at 15.)

The Receiver Order requires 1inMM and its subsidiaries and affiliates to pay the costs, fees and expenses of the Receiver and the Professionals. (Receiver Order § VII.) Additionally, the Receiver and the Professionals are required to file applications for approval of all such costs, fees and expenses ("Fee Applications"), other than routine and necessary business expenses incurred in conducting the receivership. (*Id*.) However, the Receiver Order does not specify when Fee Applications are to be submitted or what time periods they should cover. Accordingly, by this Motion, the Receiver seeks to implement section VII of the Receiver Order by establishing procedures for the allowance of compensation and reimbursement of expenses for the Receiver and her Professionals.

**II.   The Proposed Compensation Procedures**

The Receiver proposes that the Court adopt the following procedures (collectively, the "Compensation Procedures") to govern monthly interim compensation and reimbursement of expenses and the submission of Fee Applications on a quarterly basis for the Receiver, Katten, and any other Professionals that the Receiver may employ with the Court's approval.

//

**A.      Monthly Interim Compensation Procedures**

1.      <u>Monthly Statements.</u> On or before the 20th day of each month following the month for which compensation is sought, the Receiver and the Professionals shall file and serve on the SEC and the Defendants (collectively, the "<u>Notice Parties</u>") a detailed statement of fees and expenses incurred for the prior month (each, a "<u>Monthly Statement</u>"); *provided, however,* the parties may redact any privileged material or attorney work product from any invoices or time records submitted with the Monthly Statements.

2.      <u>Objection Period.</u> The Notice Parties shall have 10 days following the filing of a Monthly Statement (the "<u>Objection Period</u>") to review to the Monthly Statement.

3.      <u>Interim Payment.</u> After expiration of the Objection Period, the Receiver shall pay, without further order of the Court, eighty percent (80%) of the fees and one-hundred percent (100%) of the expenses requested in the Monthly Statement, except such fees or expenses as to which a Notice of Objection (as defined below) has been served (an "<u>Interim Payment</u>"). An Interim Payment shall be deemed conditionally allowed by the Court until the Court reviews and allows such fees and expenses on a final basis pursuant to the Quarterly Fee Application procedures described below.

4.      <u>Notice of Objection.</u> If any Notice Party wishes to object to the fees or expenses in a Monthly Statement, the objecting Notice Party must—within the Objection Period—serve (but not file with the Court) a "Notice of Objection" on the Receiver and the applicable Professional to which the Monthly Statement relates. A Notice of Objection must state the nature of the objection with reasonable specificity and identify the amount of the fees or costs to which the objection is made.

5.      <u>Resolution of Notices of Objection.</u> The parties shall attempt to

resolve any such Notice of Objection consensually. If the parties reach a resolution, the Receiver shall pay the agreed amount without further order of the Court, subject to the 80% cap on fees set forth above. If, however, the parties are unable to reach a resolution within five (5) days after service of the Notice of Objection, the objecting party may file a written objection with the Court. The Court will consider and dispose of any filed objections at the hearing on the applicable Quarterly Fee Application. If the objection relates to whether a redacted time entry is privileged or attorney work product, the Court may review the unredacted time entries *in camera* to resolve the objection.

6. <u>Timing.</u> The Receiver and the Professionals shall file their first Monthly Statements on or before February 20, 2022 for the services rendered and expenses incurred through and including January 31, 2022.

7. <u>Application of LR 66-7(f)</u>. The interim compensation procedures described in paragraphs 1-6 above are not subject to the notice and hearing procedures of Local Rule 66-7(f).

**B.  Quarterly Fee Application Procedures**

Approximately every three (3) months, the Receiver and the Professionals shall comply with section VII of the Receiver Order by filing Fee Applications that request final allowance and approval of the fees and expenses requested in the Monthly Statements for the prior three-month period, including all Interim Payments ("<u>Quarterly Fee Applications</u>"), and set them for hearing before the Court pursuant to Local Rule 66-7(f). At any hearing on a Quarterly Fee Application the Court shall consider any objections filed by the Notice Parties and enter appropriate orders allowing such compensation on a final basis, and authorizing the Receiver to pay the full, approved amount of the fees.

The Receiver and the Professionals shall file their first Quarterly Fee Applications on or before May 1, 2022 for the services performed and expenses

Case No. 2:21-cv-02927-CAS(GJSx)
MOTION OF RECEIVER MICHELE VIVES FOR ORDER ESTABLISHING
PROCEDURES FOR ALLOWANCE OF COMPENSATION AND
REIMBURSEMENT OF EXPENSES

6

incurred through and including March 31, 2022.

## III. The Court Should Approve the Compensation Procedures

The Motion should be granted. Approving the Compensation Procedures is within the broad discretion that this Court has to administer a receivership, and the Compensation Procedures themselves comport with applicable law and practice.

Local Rule 66-8 directs a receiver to "administer the estate as nearly as possible in accordance with the practice in the administration of estates in bankruptcy." LR 66-8. District courts have "extremely broad" power and "wide discretion" in overseeing the administration of a receivership. *Sec. & Exch. Comm'n v. Hardy*, 803 F.2d 1034, 1037 (9th Cir. 1986). The Ninth Circuit "affords broad deference" to the district court's "supervisory role" in receivership cases, and "generally uphold[s] reasonable procedures instituted by the district court that serve th[e] purpose of order and efficient administration of the receivership for the benefit of creditors." *Commodity Futures Trading Comm'n v. Topworth Int'l, Ltd.*, 205 F.3d 1107, 1115 (9th Cir. 1999) (citing *Hardy*).

Interim compensation procedures are generally permissible in bankruptcy cases. *See, e.g., United States Trustee v. Knudsen Corp. (In re Knudsen Corp.)*, 84 B.R. 668, 671-72 (B.A.P. 9th Cir. 1988); *In re Las Vegas Monorail Co.*, 458 B.R. 553, 555 (Bankr. D. Nev. 2011); *see also In re Golden Fleece Beverages, Inc.*, No. 21 B 12228, 2021 WL 6045422, at *4-5 (Bankr. N.D. Ill. Nov. 24, 2021) (following *Knudsen*). Permitting estate professionals to receive interim compensation and reimbursement of expenses, subject to final court review and approval, avoids the "improper" result "compelling [the professionals] to finance the reorganization" while they "wait an extended period for payment." *Knudsen*, 84 B.R. at 672. While this is not a bankruptcy case, Local Rule 66-8 authorizes the Court to apply those bankruptcy administrative principles to this receivership.

Courts within the Ninth Circuit have approved procedures governing the

Case No. 2:21-cv-02927-CAS(GJSx)
MOTION OF RECEIVER MICHELE VIVES FOR ORDER ESTABLISHING PROCEDURES FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

7

1  interim and final compensation of receivers and their professionals that are similar
2  to the Compensation Procedures that the Receiver proposes here. *See*, *e.g.*,
3  *Consumer Fin. Prot. Bureau v. Pension Funding, LLC*, No. 8:15-cv-1329 (C.D.
4  Cal.), at ECF #71 (Mar. 1, 2016) and ECF #86 (Apr. 13, 2016) (granting receiver's
5  motion for approval of compensation procedures requiring submission of quarterly
6  interim reports and fee applications); *Alliance Bank of Ariz. v. Patel*, No. 2:13-cv-
7  00736-CAS-JC (C.D. Cal.), at ECF #46 (May 28, 2013) (approving compensation
8  procedures including the submission of monthly fee statements and objection
9  procedures, and authorizing receiver to pay 100% of fees and expenses not subject
10 to objection); *Comm 2006-C8 Kaiwi Street, LLC v. FPA Gold Coast Assocs., LLC*,
11 No. 1:09-cv-0040-SOM-KSC (D. Haw.), at ECF #15 (Oct. 2, 2009) and ECF #24
12 (Nov. 10, 2009) (authorizing receiver and professionals to submit monthly
13 statements and pay 90% of fees and 100% of expenses each month subject to final
14 approval in quarterly fee applications).

The Court should, in the exercise of its broad power and wide discretion to administer the receivership and oversee the Receiver and her Professionals, grant the Motion and approve the Compensation Procedures. The Receiver submits that the Compensation Procedures will facilitate the orderly and efficient administration of the receivership by confirming and streamlining the compensation process for the Receiver and the Professionals and allowing the Court and the Notice Parties to monitor the fees and expenses incurred by the Receiver and Professionals in this case. Moreover, the Compensation Procedures respect the local rules' requirement that receivers, their attorneys, and other persons appointed or employed to aid in a receivership keep "an itemized record of time spent and services rendered." LR 66-8.1. Finally, the Compensation Procedures relieve the Receiver and the Professionals from financing the receivership between the Court's rulings on the Quarterly Fee Applications, while preserving the Court's ability to approve the

Case No. 2:21-cv-02927-CAS(GJSx)
MOTION OF RECEIVER MICHELE VIVES FOR ORDER ESTABLISHING
PROCEDURES FOR ALLOWANCE OF COMPENSATION AND
REIMBURSEMENT OF EXPENSES

8

1  requested fees and expenses on a final basis.

2  **WHEREFORE**, the Receiver respectfully requests that the Court enter an
3  order substantially in the form submitted herewith as **Exhibit 1**: (a) granting the
4  Motion; (b) approving the Compensation Procedures; and (c) granting such further
5  relief as the Court deems necessary and appropriate.

6  Dated: February 3, 2022        Respectfully submitted,

**KATTEN MUCHIN ROSENMAN LLP**

By:   /s/*Terence G. Banich*
         Terence G. Banich

*Proposed Attorneys for the Receiver*
Michele Vives

Case No. 2:21-cv-02927-CAS(GJSx)
MOTION OF RECEIVER MICHELE VIVES FOR ORDER ESTABLISHING
PROCEDURES FOR ALLOWANCE OF COMPENSATION AND
REIMBURSEMENT OF EXPENSES

9