UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ZACHARY J. HORWITZ; and 1inMM CAPITAL, LLC,<br><br>　　　　Defendants. | Case No. 2:21-cv-02927-CAS(GJSx)<br><br>**[PROPOSED] ORDER GRANTING MOTION OF RECEIVER MICHELE VIVES FOR ORDER ESTABLISHING PROCEDURES FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES** |

Upon consideration of the *Motion of Receiver Michele Vives for Order Establishing Procedures for Allowance of Compensation and Reimbursement of Expenses*, dated January __, 2022 (the "Motion")[1]; the Court, having jurisdiction to hear and determine the Motion, has reviewed the Motion and accompanying memorandum of points and authorities in support thereof, and concluded that all parties in interest have due and sufficient notice of the Motion; after due deliberation and consideration of the Motion, and there being good cause to grant the relief provided herein; it is, pursuant to the Court's power to supervise equity receiverships and all other powers in that behalf so enabling, hereby ORDERED:

1. The Motion is GRANTED.

2. To implement section VII of the Receiver Order, the Court APPROVES the Compensation Procedures as provided herein.

3. The Receiver, her attorneys and other professionals she retains in this case ("Professionals") may seek interim compensation of fees and reimbursement of expenses in accordance with the procedures in paragraph 3 of this order:

(a) Monthly Statements. On or before the 20th day of each month following the month for which compensation is sought, the Receiver and the Professionals shall file and serve on the plaintiff Securities and Exchange Commission and defendants Zachary J. Horwitz and 1inMM Capital, LLC (together, the "Notice Parties") a detailed statement of fees and expenses incurred for the prior month (each, a "Monthly Statement"); *provided, however,* the parties may redact any privileged material or attorney work product from any invoices or

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Motion.

Case No. 2:21-cv-02927-CAS(GJSx)
[[PROPOSED] ORDER GRANTING MOTION OF RECEIVER MICHELE VIVES FOR ORDER ESTABLISHING PROCEDURES FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

2

time records submitted with the Monthly Statements.

(b) <u>Objection Period.</u> The Notice Parties shall have 10 days following the filing of a Monthly Statement (the "<u>Objection Period</u>") to review to the Monthly Statement.

(c) <u>Interim Payment.</u> After expiration of the Objection Period, the Receiver shall pay, without further order of the Court, eighty percent (80%) of the fees and one-hundred percent (100%) of the expenses requested in the Monthly Statement, except such fees or expenses as to which a Notice of Objection (as defined below) has been served (an "<u>Interim Payment</u>"). An Interim Payment shall be deemed conditionally allowed by the Court until the Court reviews and allows such fees and expenses on a final basis pursuant to the Quarterly Fee Application procedures described in paragraphs 5-6 of this order.

(d) <u>Notice of Objection.</u> If any Notice Party wishes to object to the fees or expenses in a Monthly Statement, the objecting Notice Party must—within the Objection Period—serve (but not file with the Court) a "Notice of Objection" on the Receiver and the applicable Professional to which the Monthly Statement relates. A Notice of Objection must state the nature of the objection with reasonable specificity and identify the amount of the fees or costs to which the objection is made.

(e) <u>Resolution of Notices of Objection.</u> The parties shall attempt to resolve any such Notice of Objection consensually. If the parties reach a resolution, the Receiver shall pay the agreed amount without further order of the Court, subject to the 80% cap on fees set forth above. If, however, the parties are unable to reach a resolution within five (5) days after service of the Notice of Objection, the objecting party may file a written objection with the Court. The Court will consider and dispose of any filed objections at the hearing on the applicable Quarterly Fee Application. If the objection relates to whether a redacted

Case No. 2:21-cv-02927-CAS(GJSx)
[[PROPOSED] ORDER GRANTING MOTION OF RECEIVER MICHELE VIVES FOR ORDER ESTABLISHING PROCEDURES FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

3

time entry is privileged or attorney work product, the Court may review the unredacted time entries *in camera* to resolve the objection.

(f) <u>Timing.</u> The Receiver and the Professionals shall file their first Monthly Statements on or before February 20, 2022 for the services rendered and expenses incurred through and including January 31, 2022.

4. The Compensation Procedures described in paragraph 3 of this order are not subject to the notice and hearing procedures of Local Rule 66-7(f).

5. Approximately every three (3) months, the Receiver and the Professionals shall comply with section VII of the Receiver Order by filing Fee Applications that request final allowance and approval of the fees and expenses requested in the Monthly Statements for the prior three-month period, including all Interim Payments ("<u>Quarterly Fee Applications</u>"), and set them for hearing before the Court pursuant to Local Rule 66-7(f). At any hearing on a Quarterly Fee Application the Court shall consider any objections filed by the Notice Parties and enter appropriate orders allowing such compensation on a final basis, and authorizing the Receiver to pay the full, approved amount of the fees.

6. The Receiver and the Professionals shall file their first Quarterly Fee Applications on or before May 1, 2022 for the services performed and expenses incurred through and including March 31, 2022.

7. The Court retains exclusive jurisdiction to hear and determine any disputes arising out of or relating to this order.

Dated: _____

United States District Judge