**Exhibit E**

**Transcript of Telephonic Status Hearing Held on February 3, 2022**

1

```
 1                IN THE UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF ILLINOIS
 2                         EASTERN DIVISION

 3   MICHAEL GOULD,                    ) Case No. 21-CV-6049
                                       )
 4               Plaintiff,            ) STATUS HEARING
                                       ) (held telephonically)
 5   vs.                               )
                                       ) Chicago, Illinois
 6   TYLER CROOKSTON,                  ) Date: February 3, 2022
                                       ) Time:  9:30 a.m.
 7               Defendant.            )
```

```
                TRANSCRIPT OF TELEPHONIC STATUS HEARING
                      HELD TELEPHONICALLY BEFORE
                 THE HONORABLE JUDGE JORGE L. ALONSO
                      UNITED STATES DISTRICT JUDGE
```

```
                          A P P E A R A N C E S

     For the Plaintiff:     (No appearance.)


     For the Defendant:     Jena L. Levin, Esq.
                            Foley & Lardner LLP
                            321 North Clark Street, Suite 2800
                            Chicago, Illinois  60654
                            312-832-4500
                            (appeared telephonically)




     Proceedings reported by machine shorthand, transcript produced
     by computer-aided transcription.

     Court Reporter:        Annette M. Montalvo, CSR, RDR, CRR
                            Official Court Reporter
                            United States Courthouse, Room 1902
                            219 South Dearborn Street
                            Chicago, Illinois  60604
                            312-818-6683
```

```
 1     (Proceedings commenced at 10:03 a.m., in open court, via
 2   teleconference, to wit:)
 3             THE COURTROOM DEPUTY:  21-CV-6049, Gould v.
 4   Crookston.
 5             MS. LEVIN:  Good morning, Your Honor.  Jena Levin for
 6   the defendant.  And, Your Honor, I'm not sure, it doesn't
 7   sound like plaintiff's counsel is on the call.
 8             I had -- I didn't see an e-mail with the dial-in
 9   number, but I had it from the last hearing, so I forwarded it
10   to counsel just before, around 9:15, but -- so I'm not sure if
11   he's planning on joining this morning.
12             THE COURT:  Okay.  So we didn't enter the order this
13   morning?  The number is on the docket from the prior court
14   date.  Ms. Levin, do you mind reaching out to him?
15             Oh, you're right.  It's listed on the last court date
16   and it gives the phone number for this court date.
17             Do you mind reaching out to him?  Is it Mr. Loftus?
18             MS. LEVIN:  I already did, Your Honor.
19             THE COURT:  Okay.
20             MS. LEVIN:  I haven't heard back.
21             THE COURT:  Okay.  And have you heard from Mr. Loftus
22   or Mr. Eisenberg regarding the receiver?
23             MS. LEVIN:  I have not.  I have not heard anything.
24   And when we were last up on presentment of our motion to stay,
25   Mr. Loftus had indicated that he wanted to not file, but
```

1  submit something from the SEC or the receiver, which as far as
2  I know, he has not done.  I assume I would have been copied if
3  he submitted anything to chambers.
4        But so nothing has been filed.  And so, you know,
5  last time we were here, I think he proposed doing that in lieu
6  of filing any kind of written response or arguing a
7  substantive response to our motion.  So I don't know, you
8  know, if the Court wants to give him time to file such a
9  response or what, but.
10        THE COURT:  Okay.  He requested this date, as you
11 stated.  He was in contact with the receiver, and he thought
12 that he could ascertain her intent regarding these assets.
13        MS. LEVIN:  Yes.  That's what he suggested.  We
14 are -- the defendant's position is, I mean, we are highly
15 skeptical that he will be able to submit anything indicating
16 that either the receiver or the SEC, you know, has no intent
17 to go after the assets of the defendant in this case.  That
18 would be contrary to specifically what the SEC stated in its
19 motion for receiver and the reason that it was seeking to have
20 a receiver appointed.  So we don't think that he's going to be
21 able to submit anything to that effect, but.
22        THE COURT:  Okay.  I'm going to grant the motion that
23 was entered and continued.  It is number 11.  It is a motion
24 to stay.  It is opposed.  The reasons for the opposition are
25 not frivolous, by any stretch.  But I believe that the motion

4

1  makes sense.
2             Ms. Levin, as you point out, as you point out in your
3  motion, the SEC specifically identified this lawsuit, at least
4  this lawsuit --
5             MS. LEVIN:  Yes.
6             THE COURT:  -- when it was before -- before it was
7  removed.
8             MS. LEVIN:  Correct.
9             THE COURT:  So despite the concerns and the
10 opposition of the plaintiff, the motion is going to be
11 granted.  The allegations are that the defendant in this case,
12 who is working as an investment banker or broker for JJMT Cap
13 LLC, advised plaintiff to invest with the third party, 1inMM
14 Cap.  That organization turned out to be a Ponzi scheme.
15 Mr. Horwitz was arrested in the subsequent SEC action in
16 California.  The district court has entered an order
17 appointing a receiver over the assets that are, quote,
18 attributable to funds derived from investors or clients of
19 Horwitz and 1inMM.  Of course, there's an issue as to how
20 directly attributable the funds have to be.  Defendant
21 received these funds not directly from plaintiff, but from his
22 employer, JJMT.
23            So after consideration of the plaintiff's objections,
24 the motion is going to be granted, and counsel did not appear
25 today.  I don't have additional information, which may or may

1  not have been helpful, but counsel admitted on the last court
2  date that the receiver was drinking through a fire hose at
3  present, and it is unlikely that she would have had a
4  definitive position at this point.
5          All right.  The motion is granted.  The stay is
6  entered.
7          I am going to set a status date in three months,
8  which takes us to the beginning of May.  I will set it for May
9  3.  And I will direct the parties to file a joint status
10 report at least three days before that court date, advising me
11 of the status and making recommendations as to the necessity
12 of that status report -- of that status hearing.
13         Thank you, Ms. Levin.
14         MS. LEVIN:  Thank you, Your Honor.
15    (Proceedings concluded at 10:10 a.m.)
16
17
                            * * * * *
18
                      **REPORTER'S CERTIFICATE**
19
           I, ANNETTE M. MONTALVO, do hereby certify that the
20 above and foregoing constitutes a true and accurate transcript
   of my stenographic notes and is a full, true and complete
21 transcript of the proceedings.
22         Dated this 18th day of February, 2022.
23 /s/Annette M. Montalvo
   Annette M. Montalvo, CSR, RDR, CRR
24 Official Court Reporter
25