Terence G. Banich (SBN 212173)
terence.banich@katten.com
Allison E. Yager (*pro hac vice* to be filed)
allison.yager@katten.com
**KATTEN MUCHIN ROSENMAN LLP**
525 W. Monroe St.
Chicago, IL 60661
Telephone:  (312) 902-5665
Facsimile:   (312) 902-1061

*Attorneys for the Receiver*
Michele Vives

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ZACHARY J. HORWITZ; and 1inMM CAPITAL, LLC,<br><br>　　　　Defendants. | Case No. 2:21-cv-02927-CAS(GJSx)<br><br>**DECLARATION OF TERENCE G. BANICH**<br><br>Judge:　　Hon. Christina A. Snyder<br>Courtroom: 8D |

I, Terence G. Banich, declare as follows:

1. I am over the age of eighteen years, am under no disability and am competent to testify to the matters set forth herein. Except as otherwise stated, all facts set forth in this declaration are based upon my personal knowledge and/or my review of documents. If called as a witness in this case, I could and would testify competently to the facts set forth in this declaration.

2. I submit this declaration in support of the *Application of Non-Resident Attorney to Appear in a Specific Case* Pro Hac Vice, dated July 29, 2022 (the "Application"), to respectfully request that the Court excuse Ms. Yager of the obligation imposed by Local Rule 83-2.1.3.4 to designate local counsel who "maintains an office within the District for the practice of law, in which the attorney is physically present on a regular basis to conduct business."

3. I am an attorney licensed to practice law in, and am a member in good standing of the bars of, the State of Illinois, the State of California and the District of Columbia, and I have been duly admitted to practice before the Supreme Court of the United States, several United States Courts of Appeal and several United States District Courts, including the Central District of California, to which I have been admitted to practice since April 10, 2001.

4. I am a partner in the Insolvency and Restructuring department of Katten Muchin Rosenman LLP ("Katten"), a full-service law firm with nearly 700 attorneys in locations across the United States (including offices in Los Angeles and Century City), as well as in London and Shanghai.

5. I am resident in the Katten's Chicago office, and have been in private practice continuously since 1999.

6. On January 14, 2022, the Court in the above-captioned civil action entered the *Order on Appointment of a Permanent Receiver* [ECF #70], which appointed Michele Vives to be the federal equity receiver of defendant 1inMM Capital, LLC as well as assets that are attributable to investor or client funds or that

were fraudulently transferred by Defendants (the "Receiver").

7. Katten represents the Receiver, and I am her lead counsel. In that role, I provide legal advice to the Receiver relating to the administration of the estate, recovery of estate assets and pursuing litigation, and supervise the preparation of all pleadings, motions and other documents to be filed with the Court.

8. The non-resident attorney who is the subject of the Application, Allison E. Yager, is a mid-level associate in Katten's Insolvency & Restructuring Department and is also resident in the Chicago office. Ms. Yager works with me on the administrative, investigative and litigation aspects of this case, including by conducting legal research, preparing initial drafts of certain pleadings, motions and other documents, reviewing documents and performing other tasks as requested or as appropriate for a mid-level associate.

9. The Receiver wishes that Ms. Yager be admitted *pro hac vice* in this civil action.

10. I respectfully believe that, under the circumstances here, Ms. Yager should be admitted *pro hac vice* without the need for her to designate local counsel who is physically present within the Central District of California. This is because, among other reasons:

(a) This is a receivership with limited resources. The Receiver would prefer to avoid adding another lawyer to her legal team as a result of the local counsel requirement, as doing so would cause undue burden and expense to have that lawyer become familiar with the case.

(b) All hearings in the above-captioned case have, so far, been conducted by Zoom, making in-person appearances unnecessary. To the extent that the Court wished to conduct an in-person hearing, I would attend.

(c) To the extent that there is an emergency hearing requiring an in-person appearance on short notice, Katten has offices in Los Angeles and Century City, and I could ask a lawyer resident there to appear.

(d) I have been a member of the Bar of the Central District of California since April 10, 2001—over 21 years—and all the while have remained in good standing, and have become readily familiar with the Court's Local Rules.

(e) During that time, I have appeared in at least five different civil actions and miscellaneous cases,[1] and I never missed a hearing that involved my client and required my presence.

11. I therefore respectfully request that the Court grant the Application, allow Ms. Yager to appear *pro hac vice* herein and excuse her from the obligation imposed by Local Rule 83-2.1.3.4 to designate local counsel.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 29, 2022
in Winnetka, Illinois                    /s/Terence G. Banich

                                         Terence G. Banich

---

[1] Nos. 8-07-cv-00848, 2:19-mc-00019, 2:19-mc-00026, 2:21-cv-07703 and 2:21-cv-02927. I identified these cases by reviewing my ECF transaction log, which only goes back to 2008. I may have appeared in cases in the Central District of California prior to 2008, but records of those appearances are no longer available to me.