# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ZACHARY J. HORWITZ; and 1inMM CAPITAL, LLC,<br><br>Defendants. | Case No. 2:21-cv-02927-CAS(GJSx)<br><br>**ORDER DIRECTING GODADDY.COM, LLC TO PRODUCE ELECTRONIC COMMUNICATIONS AND RELATED DOCUMENTS** |

Upon consideration of the *Stipulation for Order Requiring GoDaddy.com, LLC to Produce Electronic Communications and Related Documents*, dated October 20, 2022 (the "Stipulation"), between plaintiff Securities and Exchange Commission and Michele Vives, not individually, but solely as the receiver (the "Receiver") of 1inMM Capital, LLC and its subsidiaries, affiliates and over the assets more particularly described in the *Order on Appointment of Permanent Receiver*, dated January 14, 2022 [ECF #70] (the "Receiver Order"); the Court, finding that there being good cause to grant the relief provided herein; it is, pursuant to the Court's power to supervise equity receiverships and all other powers in that behalf so enabling, hereby ORDERED:

1. The Stipulation is APPROVED.

2. GoDaddy.com, LLC ("GoDaddy"), including its officers, agents, servants, employees and attorneys, is hereby DIRECTED to—

    (a) Produce to the Receiver the content of all electronic communications in its electronic storage pertaining to 1inMM Capital, LLC, including without limitation, copies of all electronic mail, instant messages and chat logs/sessions sent by and received from users with the domain "@1inMM.com," including without limitation, "info@1inMM.com" and "zach@1inMM.com";

    (b) Produce to the Receiver all customer records and other information pertaining to 1inMM Capital, LLC and/or Zachary Horwitz, including without limitation, the login credentials for all 1inMM email accounts; and

    (c) Transfer control over the domain "1inMM.com" to the Receiver, including the website "www.1inMM.com."

3. The Court hereby FINDS that the Electronic Communications Privacy Act, 18 U.S.C. §§ 2701 *et seq.*, does not prevent GoDaddy from complying with the acts specified in paragraph 2 of this order because the exceptions set forth in 18 U.S.C. § 2702(b)(1) and (3) and (c)(2) have been satisfied by the Receiver's consents set forth in the seventh and eighth whereas clauses of the Stipulation.

4.  GoDaddy must comply with this order irrespective of—

(a)  Anything to the contrary in GoDaddy's "Subpoena Policy/Attorney Tips" on its website or any other of its corporate policies; or

(b)  What person or entity is listed in GoDaddy's books and records as the registrant of "1inMM.com."

5.  The Court retains exclusive jurisdiction to hear and determine any disputes arising out of or relating to this order.

Dated: October 21, 2022

_____
HONORABLE GAIL J. STANDISH
United States Magistrate Judge

Case No. 2:21-cv-02927-CAS(GJSx)
ORDER DIRECTING GODADDY.COM, LLC TO PRODUCE ELECTRONIC COMMUNICATIONS AND RELATED DOCUMENTS

3