Terence G. Banich (SBN 212173)
terence.banich@katten.com
Allison E. Yager (*pro hac vice*)
allison.yager@katten.com
**KATTEN MUCHIN ROSENMAN LLP**
525 W. Monroe St.
Chicago, IL 60661
Telephone:  (312) 902-5200
Facsimile:   (312) 902-1061

*Attorneys for the Receiver*
Michele Vives

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>            Plaintiff,<br><br>    v.<br><br>ZACHARY J. HORWITZ; and 1inMM CAPITAL, LLC,<br><br>            Defendants. | Case No. 2:21-cv-02927-CAS(GJSx)<br><br>**NOTICE OF MOTION AND MOTION OF KATTEN MUCHIN ROSENMAN LLP FOR FINAL APPROVAL AND PAYMENT OF FEES AND EXPENSES (JULY–SEPTEMBER 2022)**<br><br>Date:         November 28, 2022<br>Time:        10:00 a.m. PT<br>Judge:       Hon. Christina A. Snyder<br>Courtroom: 8D |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT, on November 28, 2022 at 10:00 a.m. PT, or as soon thereafter as the matter may be heard in Courtroom 8D, located at the United States Courthouse, 350 West First Street, Los Angeles, California 90012, Katten Muchin Rosenman LLP ("Katten"), as counsel for Michele Vives in her capacity as the receiver (the "Receiver") appointed in the above-captioned action (the "Case"), will and hereby does move the Court (the "Motion") for entry of an order (i) allowing and approving Katten's fees and expenses incurred during the period July 1, 2022 through September 30, 2022 (the "Application Period") on a final basis; (ii) authorizing the Receiver to pay Katten the Holdback Amount (defined below); and (iii) granting related relief.

The Receiver has filed the Motion pursuant to and in compliance with Local Rule 66-7(f) and paragraphs 5 and 6 of the *Order Granting Motion of Receiver Michele Vives for Order Establishing Procedures for Allowance of Compensation and Reimbursement of Expenses*, dated February 22, 2022 [ECF #77] (the "Compensation Procedures Order").

This Motion is made following the conference of counsel pursuant to Local Rule 7-3 which took place on October 28, 2022. **No party requests a hearing on the Motion.**

Dated: October 28, 2022

Respectfully submitted,

**KATTEN MUCHIN ROSENMAN LLP**

By:  /s/*Terence G. Banich*
     Terence G. Banich

*Attorneys for the Receiver*
Michele Vives

Case No. 2:21-cv-02927-CAS(GJSx)
MOTION OF KATTEN MUCHIN ROSENMAN LLP FOR FINAL
APPROVAL OF FEES AND EXPENSES (JULY-SEPTEMBER 2022)

2

# MEMORANDUM OF POINTS AND AUTHORITIES

## Background

**A.     Overview**

1. On April 4, 2021, the Securities and Exchanges Commission ("SEC") filed a complaint against Zachary Horwitz ("Horwitz") and 1inMM Capital, LLC ("1inMM"), alleging that Horwitz, through 1inMM, operated a Ponzi scheme in which he raised over $690 million from investors selling promissory notes issued by 1inMM purporting to invest in various movie film productions.

2. On April 6, 2021, this Court issued an order [ECF #18] granting the SEC's application for an asset freeze against Horwitz and 1inMM, including, but not limited to, certain real property and bank accounts. On May 14, 2021, this Court issued a further order [ECF #43] extending the order freezing all of Horwitz's and 1inMM's assets pending further action by this Court. This freeze order remains in effect.

3. On October 4, 2021, in a parallel Criminal Action, Horwitz pled guilty to one count of securities fraud in violation of 15 U.S.C. §§ 78j(b), 78ff and 17 C.F.R. § 240.10b-5, in *United States v. Horwitz*, No. 2:21-cr-00214-MCS-1. Accordingly, on February 14, 2022, Horwitz was sentenced to 240 months of imprisonment and was ordered to pay restitution in the total amount of $230,361,884 to certain investors.

4. On December 8, 2021, the SEC filed the *Motion by Plaintiff Securities and Exchange Commission That Receiver Be Appointed* [ECF #65] (the "Receivership Motion"), seeking appointment of a permanent receiver of Horwitz's and 1inMM's assets. The SEC indicated that a receiver would benefit the estate by managing known assets, including ongoing businesses and identifying any other significant assets that may be available to compensate investors.

5. On January 14, 2022, this Court granted the Receivership Motion and entered the *Order on Appointment of a Permanent Receiver* [ECF #70] (the

Case No. 2:21-cv-02927-CAS(GJSx)
MOTION OF KATTEN MUCHIN ROSENMAN LLP FOR FINAL
APPROVAL OF FEES AND EXPENSES (JULY-SEPTEMBER 2022)

3

"Receivership Order") appointing Michele Vives as permanent receiver of 1inMM and its subsidiaries and affiliates, and over the assets more particularly described in the Receivership Order (the "Receivership Estate"), with full powers of an equity receiver.

6. The Receivership Order authorized and directed the Receiver to, among other things, (a) assume full control over 1inMM and its subsidiaries and affiliates; (b) take exclusive custody, control and possession of all assets of 1inMM and its subsidiaries and affiliates; (c) conduct such investigation and discovery as may be necessary to identify and preserve other assets of 1inMM and its subsidiaries and affiliates; and (d) investigate and pursue all claims and causes of action existing as a result of the activities of 1inMM and its subsidiaries and affiliates.

**B.    Retention of Professionals**

7. The Receivership Order authorized the Receiver "to choose, engage, and employ attorneys … as the receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order." (Receivership Order at 2-3.)

8. The Receiver chose to retain Katten as her legal counsel. The Receiver filed the *Motion of Receiver Michele Vives for Order Authorizing Employment of Katten Muchin Rosenman LLP as Counsel*, dated February 3, 2022 [ECF #76] (the "Katten Retention Motion"), requesting an order authorizing the Receiver to employ Katten as her counsel. The Katten Retention Motion was unopposed.

9. On February 22, 2022, the Court granted the Katten Retention Motion and entered the *Order Granting Motion of Receiver Michele Vives for Order Authorizing Employment of Katten Muchin Rosenman LLP as Counsel* [ECF #76].

**C.    Compensation Procedures**

10. Under the Receivership Order, "1inMM, and its subsidiaries and affiliates, shall pay the costs, fees and expenses of the [Receiver] incurred in connection with the performance of [her] duties described in this Order, including

the costs and expenses of those persons who may be engaged or employed by the [Receiver] to assist [her] in carrying out those duties and obligations." (Receivership Order at 5.)

11. On February 22, 2022, the Court entered the Compensation Procedures Order, which governs the payment of fees and expenses of the Receiver and her Professionals, which includes Katten.

12. The Compensation Procedures Order[1] permits the Receiver and her Professionals to file and serve on the Notice Parties (i.e., the SEC and Horwitz) a detailed Monthly Statement of fees and expense incurred for the prior month. (Compensation Procedures Order ¶ 3(a).) The Notice Parties then have ten days to review the Monthly Statement and, if necessary, serve on the Receiver and the Professionals a Notice of Objection. (*Id.* ¶ 3(b).)

13. After the expiration of the Objection Period, the Compensation Procedures Order authorizes the Receiver to make Interim Payments to herself and her Professionals totaling 80% of the fees and 100% of the expenses requested in the Monthly Statement that are not the subject of a Notice of Objection. (*Id.* ¶ 3(c).) Thus, 20% of the fees for each Monthly Statement is held back pending final allowance of the fees each quarter (the "Holdback Amount"). Interim Payments are deemed conditionally allowed by the Court until the Court reviews and allows such fees and expenses on a final basis pursuant to the Quarterly Fee Application procedures, discussed below. (*Id.*)

14. The Compensation Procedures Order also implements Article VII of the Receiver Order by requiring the Receiver and her Professionals to file applications on a quarterly basis requesting final allowance and approval of the fees

---

[1] Undefined capitalized terms used in this section C have the meanings ascribed to them in the Compensation Procedures Order.

and expenses requested in the Monthly Statements for the prior three-month period, including all Interim Payments ("Quarterly Fee Applications"). (Compensation Procedures Order ¶ 5.) The order further provides that, at any hearing on a Quarterly Fee Application, "the Court shall consider any objections filed by the Notice Parties and enter appropriate orders allowing such compensation on a final basis, and authorizing the Receiver to pay the full, approved amount of the fees." (*Id.*)

### D. Interim Payments

15. During the Application Period, Katten filed and served Monthly Statements for July, August and September 2022, which are summarized below. [ECF #123, 129, 133] (Copies attached as **Exhibits 1-3**.)

| Monthly Statement | Total Fees | Voluntary Fee Reductions | Expenses | Interim Payment | Holdback Amount |
|---|---|---|---|---|---|
| July 2022 | $80,702.40 | ($2,746.80) | $1,039.52 | $65,601.44 | $16,140.48 |
| August 2022 | $114,848.70 | ($13,267.20) | $2,361.58 | $94,240.54 | $22,969.74 |
| September 2022 | $74,641.20 | ($5,037.90) | $1,835.01 | $61,547.97 | $14,928.24 |
| **Total** | **$270,192.30** | **($21,051.90)** | **$5,236.11** | **$221,389.95** | **$54,038.46** |

16. As noted in the above chart, Katten voluntarily reduced its fees by a total of $21,051.90 during the Application Period as an accommodation to the receivership estate, which time was mostly attributable to the preparation of Monthly Statements, other administrative tasks and timekeepers who billed less than one hour during the respective Fee Period.

17. No parties objected to the Monthly Statements. Accordingly, pursuant to the authority conferred on her by paragraph 3(c) of the Compensation Procedures Order, the Receiver made Interim Payments to Katten for those months.

### Relief Requested

18. Katten respectfully requests that this Court approve, on a final basis, the fees and expenses requested in the Monthly Statements filed during the Application Period, and authorize the Receiver to pay the Holdback Amount.

19. The invoices attached to the Monthly Statements provide detailed descriptions of the services rendered by Katten during the Application Period,

including a description of the task, timekeeper, date and amount of time spent. The invoices include summary charts setting forth each professional who rendered services, the total time and value of the services, and the dollar value of each professional's services. The Receiver's report for the third quarter of 2022, filed contemporaneously herewith or shortly thereafter, provides a narrative that expands on the work performed during the Application Period.

20. The following is a non-exhaustive summary of the services rendered by Katten to the Receiver during the Application Period in this Case:

(a) Provided advice to the Receiver and her staff about carrying out her duties and exercising her rights under the Receiver Order;

(b) Advised the Receiver on various matters pertaining to the administration of the Receivership Estate;

(c) Conducted legal research on various issues pertaining to the Receivership Estate;

(d) Analyzed various issues relating to, among other things, the Receiver's investigation of 1inMM's assets and pursuit of claims on behalf of the Receivership Estate;

(e) Assisted with the identification and recovery of assets and property of the Receivership Estate;

(f) Monitored related litigation commenced by investor-creditors, engaged in multiple conferences with counsel for the parties in such litigation, and evaluated potential courses of action to reach global resolutions of such litigation;

(g) Advised the Receiver and her staff regarding various issues pertaining to the Receivership Estate's operational businesses and active investments;

(h) Reviewed and analyzed materials provided by the Receiver, the government and other persons in connection with the Receiver's investigation and discovery of assets;

(i) Drafted demand letters to, and tolling agreements with, various parties of interest;

(j) Engaged in discussions and attended numerous meetings and calls with representatives of the SEC and the U.S. Attorney's Office regarding the Receiver's investigation of 1inMM's assets and pursuit of claims on behalf of the Receivership Estate;

(k) Represented the Receiver in hearings in the Case before this Court;

(l) Prepared and reviewed Katten's and the Receiver's monthly fee statements filed during the Application Period; and

(m) Attended weekly meetings with the Receiver and her staff regarding strategies and updates regarding the foregoing.

21. All of the services for which compensation is requested were performed at the request or with the approval of the Receiver, in the exercise of her business judgment. These professional services were, in the exercise of Katten's reasonable billing judgment, necessarily rendered after due consideration of the expected costs and anticipated benefits of such services.

22. Katten has agreed to reduce its standard regional hourly rates for all timekeepers by 15 percent, which the Receiver has found to be acceptable for this matter and the Court has approved. [ECF #76 ¶ 3] The discounted hourly rates charged by Katten compare favorably with the rates charged by other large national firms having attorneys and paralegals with similar experience and expertise as the Katten professionals providing services to the Receiver. Further, the amount of time spent by Katten with respect to the Case is reasonable given the difficulty of the issues presented, the time constraints imposed by the circumstances, the amounts at stake, the sophistication and experience of opposing counsel and the ultimate benefit to the Receivership Estate.

23. To the greatest extent possible, meetings, court appearances, negotiations and other matters were handled by a single Katten lawyer. However, it was sometimes necessary for more than one Katten attorney to be involved in certain meetings. Many of the issues presented by the Case have been legally and factually complex and the amounts at stake significant. The results of Katten's efforts in this Case have benefitted the Receivership Estate and its creditors. Katten respectfully submits that the compensation requested in the Monthly Statements represents a fair and reasonable amount that should be allowed in full.

### Notice

24. Local Rule 66-7(f) requires a receiver to "give notice by mail to all parties to the action and to all known creditors of the defendant of the time and place for [the] hearing" on "[a]pplications for fees and expenses of the receiver, the attorney for the receiver and any other person appointed to aid the receiver." LR 66-7(f). As discussed in her report for the first quarter of 2022, however, the Receiver is still attempting to ascertain the identities and contact information for the investors who are the main creditors of the Receivership Estate. Moreover, even if the Receiver had contact information for all of those creditors—of which the Receiver understands there are in excess of 200—it would be expensive to serve them with paper copies of a notice of hearing.

25. Accordingly, the Receiver has given notice by CM/ECF of the hearing on this Motion to the parties who have appeared in this action (except for Rogue Black, which is now under the Receiver's control). The Receiver anticipates being able to serve the End-Investors with notices of hearing and other important filings as she obtains information about their identities and contact information. The Receiver submits that, under the present circumstances, no further or other notice is required, and requests that the Court dispense with any additional notice requirements under Local Rule 66-7(f).

//
//
//
//
//
//
//
//
//

## Conclusion

**WHEREFORE**, Katten respectfully requests that the Court enter an order:

(a) Granting the Motion;

(b) Finding that the Motion satisfies the requirements of Local Rules 66-7 and 66-8 and the Compensation Procedures Order;

(c) Allowing Katten the amount of $270,192.30 in compensation for services rendered during the Application Period on a final basis;

(d) Allowing Katten the amount of $5,236.11 in expense reimbursement for the Application Period on a final basis;

(e) Approving the Interim Payments identified in paragraph 15;

(f) Authorizing the Receiver to pay Katten the Holdback Amount of $54,038.46;

(g) Finding that notice of the Motion is sufficient under the circumstances, limiting the notice of the hearing on the Motion to that given, and dispensing with any additional notice requirements under Local Rule 66-7(f); and

(h) Granting such further relief as the Court deems necessary and appropriate.

Dated: October 28, 2022

Respectfully submitted,

**KATTEN MUCHIN ROSENMAN LLP**

By:   /s/*Terence G. Banich*
     Terence G. Banich

*Attorneys for the Receiver*
Michele Vives

# PROOF OF SERVICE

**STATE OF ILLINOIS, COUNTY OF COOK**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Cook, State of Illinois. My business address is 525 W. Monroe St., Chicago, IL 60661. On October 28, 2022, I served the following document(s) described as:

**NOTICE OF MOTION AND MOTION OF KATTEN MUCHIN ROSENMAN LLP FOR FINAL APPROVAL AND PAYMENT OF FEES AND EXPENSES (JULY–SEPTEMBER 2022)**

as follows:

**[ ] BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Katten Muchin Rosenman LLP practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

**[ ] BY POSTING ON THE RECEIVERSHIP WEBSITE AND E-MAIL:** Pursuant to paragraph 5 of the *Order Approving Quarterly Report of Receiver Michele Vives (Second Quarter 2022)*, dated August 26, 2022 [ECF #126], I posted a true and correct copy of the aforementioned document(s) on the receivership website (www.1inMMreceivership.com), and caused a hyperlink to the document(s) to be sent from e-mail address kbickings@douglaswilson.com to the current list of known investors in 1inMM Capital, LLC on file with the Receiver's office. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**[ ] BY OVERNIGHT MAIL (FedEx):** I enclosed said document(s) in an envelope or package provided by FEDEX and addressed to the persons at the addresses listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of FEDEX or delivered such document(s) to a courier or driver authorized by FEDEX to receive documents.

**[ ] BY PERSONAL SERVICE:** I caused said document to be personally delivered the document(s) to the person at the addresses listed above by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office.

**[X] E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

I declare under penalty of perjury under the laws of the State of Illinois that the foregoing is true and correct.

Executed on October 28, 2022, at Winnetka, Illinois.

*/s/Terence G. Banich*
Terence G. Banich

Case No. 2:21-cv-02927-CAS(GJSx)
MOTION OF KATTEN MUCHIN ROSENMAN LLP FOR FINAL
APPROVAL OF FEES AND EXPENSES (JULY-SEPTEMBER 2022)