UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ZACHARY J. HORWITZ; and 1inMM CAPITAL, LLC,<br><br>Defendants. | Case No. 2:21-cv-02927-CAS(GJSx)<br><br>**[PROPOSED] PROTECTIVE ORDER AS TO RECEIVER INVESTIGATIONS AND RELATED CIVIL ACTIONS** |

## I.  PURPOSES, APPLICABILITY AND LIMITATIONS

A. **Purposes.** On January 14, 2022, the Court in the above-captioned civil action entered the *Order on Appointment of Permanent Receiver* [ECF #76] (the "Receiver Order") that, among other things, appointed Michele Vives to be the federal equity receiver (the "Receiver") of 1inMM Capital, LLC and its subsidiaries and affiliates, as well as over the assets that are attributable to funds derived from investors or clients of Zachary J. Horwitz and 1inMM Capital, LLC or were fraudulently transferred by Zachary J. Horwitz and 1inMM Capital, LLC. The Receiver Order, among other things, authorized the Receiver to investigate and prosecute claims and causes of action (defined in Section III(N) as "Receiver Actions"), which are likely to involve production of confidential, proprietary, or private information which may warrant special protection from public disclosure and from use for any purpose other than carrying out the Receiver's duties under the Receiver Order. Accordingly, the Receiver and the persons and entities identified in the signature block, who have been formally or informally requested by the Receiver to produce or provide documents or information to the Receiver in regard to pending or potential Receiver Actions, hereby stipulate to and petition the Court to enter this Protective Order.

B. **Applicability.** This Protective Order applies only to "Receiver Actions" as defined by Section III(N). For the avoidance of doubt, this Protective Order does not apply to any documents produced in response to subpoenas served by the Securities and Exchange Commission or Zachary J. Horwitz in the above-captioned civil action.

C. **Limitations.** The Parties (as defined in Section III(J) below) acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further

acknowledge, as set forth in Section XIII(C), below, this Protective Order does not entitle any Party to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

## II. GOOD CAUSE STATEMENT

A. The Receiver's investigation and any civil actions she commences (defined in Section III(N) as "Receiver Actions") are likely to involve personal identifying information, personal financial information, and details about lenders, investors and/or third parties. Such confidential and proprietary materials are not otherwise generally unavailable to the public, and may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the particular Receiver Action, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## III. DEFINITIONS

In this Protective Order, the following definitions apply:

A. **"Challenging Party"** means a Party or Non-Party that challenges the designation of information or items under this Order.

B. **"CONFIDENTIAL Information or Items"** means information (regardless of how it is generated, stored or maintained), documents, electronically

stored information or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), or otherwise contains information subject to applicable privacy rights of third parties pursuant to federal or state rule or statute, and as specified above in the Good Cause Statement.

C. **"Counsel"** means Outside Counsel of Record and House Counsel (as well as their support staff).

D. **"Designating Party"** means a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

E. **"Disclosure or Discovery Material"** means all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to a subpoena, discovery request or informal request by the Receiver for documents or information pursuant to her investigatory powers under the Receiver Order.

F. **"Expert"** means a person with specialized knowledge or experience in a matter pertinent to a Receiver Action who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in a Receiver Action.

G. **"House Counsel"** means attorneys who are employees of a party to a Receiver Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

H. **"Non-Party"** means any natural person, partnership, corporation, association or other legal entity that is not a Party to a Receiver Action.

I. **"Outside Counsel of Record"** means attorneys (including their support staff) who are not employees of a Party to a Receiver Action but are retained to represent or advise a party to a Receiver Action, regardless whether such attorneys have filed an appearance in the above-captioned civil action.

J. **"Party or Parties"** means the Receiver, the persons or entities listed in

the signature block of this Order and any other person or entity who is or becomes the subject of a Receiver Action and signs the "Acknowledgment and Agreement to Be Bound" annexed hereto as Exhibit A, including all of their respective officers, directors, employees, consultants, retained experts and Outside Counsel of Record (and their support staffs) (and, in the case of the Receiver, all employees of Douglas Wilson Associates).

K. **"Producing Party"** means a Party or Non-Party that produces Disclosure or Discovery Material in a Receiver Action.

L. **"Professional Vendors"** means persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

M. **"Protected Material"** means any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

N. **"Receiver Action"** means: (1) any subpoena or informal request for documents or information issued by the Receiver to any person or entity pursuant to her investigatory powers under the Receiver Order or the Federal Rules of Civil Procedure; or (2) all discovery in a civil action commenced by or against the Receiver, regardless of whether the Clerk of the Court assigns such civil action a case number other than Case No. 2:21-cv-02927-CAS(GJSx). For avoidance of doubt, "Receiver Action" excludes the Securities and Exchange Commission's civil action against defendant Zachary J. Horwitz and 1inMM Capital, LLC, and any discovery issued by the parties thereto.

O. **"Receiving Party"** means a Party that receives Disclosure or Discovery Material from a Producing Party.

IV. **SCOPE**

A. The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from

Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations or presentations by Parties or their Counsel that might reveal Protected Material.

B. Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

## V. DURATION

A. Even after final disposition or termination of a particular Receiver Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

## VI. DESIGNATING PROTECTED MATERIAL

A. **Exercise of Restraint and Care in Designating Material for Protection**

1. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

2. Mass, indiscriminate or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

3. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable

designation.

B. **Manner and Timing of Designations**

1. The Parties acknowledge and agree that Discovery Material produced prior to entry of this Order is CONFIDENTIAL pursuant to the terms of this Order notwithstanding whether it is marked or designated as CONFIDENTIAL and jointly designate such Discovery Material as CONFIDENTIAL.

2. Except as otherwise provided in this Order (see, e.g., Section VI(B)(3)(b), below and Section VI(B)(1) above), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

3. Designation in conformity with this Order requires the following:

a. For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

b. A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material.

If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

    c. For testimony given in depositions, that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

    d. For information produced in form other than document and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

  C. **Inadvertent Failure to Designate**

    1. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## VII. CHALLENGING CONFIDENTIALITY DESIGNATIONS

  A. **Timing of Challenges**

    1. Any party or Non-Party may challenge a designation of confidentiality at any time that is consistent with orders entered by the Court.

  B. **Meet and Confer**

    1. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

  C. **Burden**

    1. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper

purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

### VIII. ACCESS TO AND USE OF PROTECTED MATERIAL

    A. **Basic Principles**

        1. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with a Receiver Action only for prosecuting, defending or attempting to settle the Receiver Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the particular Receiver Action has been terminated, a Receiving Party must comply with the provisions of Section XIV below.

        2. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

    B. **Disclosure of "CONFIDENTIAL" Information or Items**

        1. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

            a. The Receiving Party's Outside Counsel of Record in a Receiver Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for the Receiver Action;

            b. The officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for the particular Receiver Action;

            c. Experts (as defined in this Order) of the Receiving Party

to whom disclosure is reasonably necessary for the particular Receiver Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

      d. The Court and its personnel;

      e. Court reporters and their staff;

      f. Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary or the particular Receiver Action and who have signed the "Acknowledgment and Agreement to be Bound" attached as Exhibit A hereto;

      g. The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

      h. During their depositions, witnesses, and attorneys for witnesses, in a Receiver Action to whom disclosure is reasonably necessary provided: (i) the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound;" and (ii) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound," unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order; and

      i. Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties to a particular Receiver Action engaged in settlement discussions.

## IX. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

  A. If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in a Receiver Action as "CONFIDENTIAL," that Party must:

        1. Promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

        2. Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

        3. Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

    B. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in a Receiver Action as "CONFIDENTIAL" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party to a Receiver Action to disobey a lawful directive from another court.

## X. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN A RECEIVER ACTION

    A. The terms of this Order are applicable to information produced by a Non-Party in a Receiver Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with a Receiver Action is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

    B. In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

    1. Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

    2. Promptly provide the Non-Party with a copy of this Protective Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

    3. Make the information requested available for inspection by the Non-Party, if requested.

  C. If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## XI. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

  A. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (1) notify in writing the Designating Party of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the Protected Material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) request such person or persons to execute the "Acknowledgment and Agreement to be Bound" that is attached hereto as Exhibit A.

## XII. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

  A. When a Producing Party gives notice to Receiving Parties that certain

inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the Protective Order submitted to the Court.

## XIII. MISCELLANEOUS

### A. **Right to Further Relief**

1. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

### B. **Right to Assert Other Objections**

1. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

### C. **Filing Protected Material**

1. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

## XIV. FINAL DISPOSITION

A. After the final disposition of a particular Receiver Action, within sixty

(60) days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material unless such material is to be maintained by counsel pursuant to the California Rules of Professional Conduct and other rules applicable to counsel. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section V.

B.   Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

//
//
//
//
//
//

**IT IS SO STIPULATED.**

Dated: November 21, 2022

*/s/ Terence G. Banich*
Terence G. Banich
Katten Muchin Rosenman LLP
Attorney for Receiver Michele Vives

Dated: November 21, 2022

*/s/ James L. Kopecky*
Kopecky Schumacher Rosenburg LLC
Attorney for JJMT Capital, LLC

Dated: November 21, 2022

*/s/ Corey R. Weber*
Corey R. Weber
BG Law LLP
Attorney for Jacob Wunderlin, Joseph deAlteris and Matthew Schweinzger

Upon consideration of the *Stipulation for Order Entering Protective Order as to Receiver Investigations and Related Civil Actions*, dated November 21, 2022 (the "Stipulation"), between plaintiff Securities and Exchange Commission and Michele Vives, not individually, but solely as the receiver of 1inMM Capital, LLC and its subsidiaries, affiliates and over the assets more particularly described in the *Order on Appointment of Permanent Receiver*, dated January 14, 2022 [ECF #70] (the "Receiver"); the Court, finding that there being good cause to grant the relief provided herein; it is, pursuant to the Court's power to supervise equity receiverships and all other powers in that behalf so enabling, hereby ORDERED:

1. The Stipulation is APPROVED.
2. The Protective Order set forth above is ENTERED and APPROVED.

Dated: _____, 2022

_____
Honorable Christina A. Snyder
United States District Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, [insert name] of [insert address], declare under penalty of perjury that I have read in its entirety and understand the *Protective Order* that was issued by the United States District Court for the Central District of California on [DATE] in the case of *Securities and Exchange Commission v. Horwitz*, No. 2:21-cv-02927-CAS(GJSx). I agree to become a "Party" to the *Protective Order*. I further agree to comply with and be bound by all of the terms of the Protective Order, and to produce and/or receive Disclosure or Discovery Material accordance with the terms thereof. I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this *Protective Order* to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this *Protective Order*, even if such enforcement proceedings occur after termination of this civil action. I hereby appoint [print or type full name] of [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this *Protective Order.*

Date: _____

City and State where signed: _____

Printed name: _____

Title (if applicable): _____

Signature: _____

KATTEN MUCHIN ROSENMAN LLP
525 W. MONROE ST.
CHICAGO, IL 60661
(312) 902-5200

Case No. 2:21-cv-02927-CAS(GJSx)
[PROPOSED] PROTECTIVE ORDER AS TO RECEIVER INVESTIGATIONS AND RELATED CIVIL ACTIONS

16