# EXHIBIT 2

EXHIBIT 2
15

Douglas Wilson Companies  1620 Fifth Avenue, Suite 400
San Diego, California 92101
phone: 619.641.1141 fax: 619.641.1150
www.douglaswilson.com

March 18, 2022

*VIA OVERNIGHT MAIL*

City National Bank

███████████

350 South Grand Ave. 4th Floor,
Los Angeles, CA 90071



Re:   *Securities and Exchange Commission v. Zachary J. Horowitz; 1inMM Capital, LLC*
(United States District Court, Case No. 2:21-cv-02927-CAS-GJS)
**Production of Additional Information**

Dear ███████,

As you are aware, I have been appointed Receiver (the "Receiver") in the above- referenced matter by United States District Court, Central District of California. Attached hereto is a copy of my Order of Appointment. Pursuant to Paragraph A of the Order of Appointment, I am authorized to "to have access to and to collect and take custody, control, possession, and charge of all funds, assets, collateral, premises, choses in action, books, records, papers, and other real or personal property..." As part of my duties, I am seeking additional information related to financial transactions executed by the entities in Receivership.

I appreciate your facilitation of my previous records request. Upon further review, I am requesting the following additional information:

1. Copies of all communications (emails and letters) of which any representative of City National Bank has had with Zachary Horwitz.
2. For all the accounts where Horwitz is a signatory, we have noted several domestic and international wires. (incoming and outgoing) The statements you forwarded do not note the specific originator or beneficiary for each wire transfer. Please forward that information for each wire transfer (i.e., wire transfer confirmations noting the originator and beneficiary)
3. We have noted that we did not receive any information regarding the Horwitz Line of Credit account ending in CNB Acct xx9641. Please forward all statements and corresponding account information.

We request that the information be received by us not later than April 29, 2022. Please do forward the information as it becomes available.

If there are any questions or issues that should arise, please feel free to contact me at mvives@douglaswilson.com or at 619-906-4376.

Sincerely,

DOUGLAS WILSON COMPANIES

*[signature]*

MICHELE A. VIVES, Federal Receiver

Los Angeles/OC   Las Vegas   Phoenix   San Diego   San Francisco   Washington, DC
Serving clients throughout the United States

EXHIBIT 2
16

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>ZACHARY J. HORWITZ; AND 1INMM CAPITAL, LLC,<br><br>Defendants. | Case No. 2:21-cv-02927-CAS-GJS<br><br>**ORDER ON APPOINTMENT OF A PERMANENT RECEIVER** |

EXHIBIT 2
17

This matter came before the Court upon the Motion of Plaintiff Securities and Exchange Commission ("SEC") for Appointment of a Permanent Receiver (the "Motion"). The Court, having considered the SEC's Motion, grants the Motion and finds good cause exists to warrant the appointment of a permanent receiver over 1inMM Capital, LLC; over assets that are attributable to funds derived from investors or clients of the Defendants or were fraudulently transferred by the Defendants; and, to identify any other significant assets that may be available to compensate investors.

**I.**

IT IS HEREBY ORDERED that the SEC's Motion to Appoint a Permanent Receiver is GRANTED and a permanent receiver shall be appointed over 1inMM Capital, LLC; over assets that are attributable to funds derived from investors or clients of the Defendants or were fraudulently transferred by the Defendants (collectively, the "Subject Assets"); and, to identify any other significant assets that may be available to compensate investors.

**II.**

IT IS FURTHER ORDERED that Michele Vives of Douglas Wilson Companies is appointed as permanent receiver of Defendant 1inMM Capital, LLC ("1inMM") and its subsidiaries and affiliates, and over the Subject Assets, with full powers of an equity receiver, including, but not limited to, full power over all funds, assets, collateral, premises (whether owned, leased, occupied, or otherwise controlled), choses in action, books, records, papers and other property belonging to, being managed by or in the possession of or control of Defendant 1inMM and its subsidiaries and affiliates, and over the Subject Assets, and that such receiver is immediately authorized, empowered and directed:

    A.    to have access to and to collect and take custody, control, possession, and charge of all funds, assets, collateral, premises (whether owned, leased, pledged as collateral, occupied, or otherwise controlled), choses in action, books, records, papers and other real or personal property,

wherever located, of or managed by Defendant 1inMM and its subsidiaries and affiliates, and over the Subject Assets, (collectively, the "Assets"), with full power to sue, foreclose, marshal, collect, receive, and take into possession all such Assets (including access to and taking custody, control, and possession of all such Assets);

B. to assume full control of Defendant 1inMM as the receiver deems necessary or advisable, and if necessary, to seek court approval to remove any director, officer, attorney, independent contractor, employee, or agent of Defendant 1inMM and its subsidiaries and affiliates, including any named Defendant, from control of, management of, or participation in, the affairs of Defendant 1inMM;

C. to have control of, and to be added as the sole authorized signatory for, all accounts of the entities in receivership and accounts containing the Assets, including all accounts at any bank, title company, escrow agent, financial institution or brokerage firm (including any futures commission merchant) which has possession, custody or control of any Assets, or which maintains accounts over which Defendant 1inMM, and its subsidiaries and affiliates, and/or any of its employees or agents have signatory authority;

D. to conduct such investigation and discovery as may be necessary to locate and account for all of the assets of or managed by Defendant 1inMM and its subsidiaries and affiliates, and to engage and employ attorneys, accountants and other persons to assist in such investigation and discovery;

E. to take such action as is necessary and appropriate to preserve and take control of and to prevent the dissipation, concealment, or disposition of any Assets;

F. to choose, engage, and employ attorneys, accountants, appraisers, and

|   |   |   |
|---|---|---|
| 1 |   | other independent contractors and technical specialists, as the receiver |
| 2 |   | deems advisable or necessary in the performance of duties and |
| 3 |   | responsibilities under the authority granted by this Order; |
| 4 | G. | to make an accounting, as soon as practicable, to this Court and the SEC |
| 5 |   | of the assets and financial condition of Defendant 1inMM and to file the |
| 6 |   | accounting with the Court and deliver copies thereof to all parties; |
| 7 | H. | to make such payments and disbursements from the Assets taken into |
| 8 |   | custody, control, and possession or thereafter received by him or her, |
| 9 |   | and to incur, or authorize the making of, such agreements as may be |
| 10 |   | necessary and advisable in discharging his duties as permanent receiver; |
| 11 | I. | to investigate and, where appropriate, to institute, pursue, and prosecute |
| 12 |   | all claims and causes of action of whatever kind and nature that may |
| 13 |   | now or hereafter exist as a result of the activities of present or past |
| 14 |   | employees or agents of Defendant 1inMM, and its subsidiaries and |
| 15 |   | affiliates |
| 16 | J. | to institute, compromise, adjust, appear in, intervene in, or become party |
| 17 |   | to such actions or proceedings in state, federal, or foreign courts, which |
| 18 |   | (i) the receiver deems necessary and advisable to preserve or recover any |
| 19 |   | Assets, or (ii) the receiver deems necessary and advisable to carry out |
| 20 |   | the receiver's mandate under this Order; and |
| 21 | K. | to have access to and monitor all mail, electronic mail, and video phone |
| 22 |   | of the entities in receivership in order to review such mail, electronic |
| 23 |   | mail, and video phone which he deems relates to their business and the |
| 24 |   | discharging of his duties as permanent receiver. |

### III.

26  IT IS FURTHER ORDERED that Defendant 1inMM and its subsidiaries and
27 affiliates, including any of the other entities in receivership, and their officers, agents,
28 servants, employees and attorneys, and any other persons who are in custody,

possession or control of any assets, collateral, books, records, papers or other property of or managed by any of the entities in receivership, shall forthwith give access to and control of such property to the permanent receiver.

## IV.

IT IS FURTHER ORDERED that no officer, agent, servant, employee or attorney of Defendant 1inMM shall take any action or purport to take any action, in the name of or on behalf of Defendant 1inMM without the written consent of the permanent receiver or order of this Court.

## V.

IT IS FURTHER ORDERED that, except by leave of this Court, during the pendency of this receivership, all clients, investors, trust beneficiaries, note holders, creditors, claimants, lessors and all other persons or entities seeking relief of any kind, in law or in equity, from Defendant 1inMM, or its subsidiaries or affiliates, and all persons acting on behalf of any such investor, trust beneficiary, note holder, creditor, claimant, lessor, consultant group or other person, including sheriffs, marshals, servants, agents, employees and attorneys, are hereby restrained and enjoined from, directly or indirectly, with respect to these persons and entities:

  A.  commencing, prosecuting, continuing or enforcing any suit or proceeding (other than the present action by the SEC or any other action by the government) against any of them;

  B.  using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any property or property interests owned by or in the possession of Defendant 1inMM; and

  C.  doing any act or thing whatsoever to interfere with taking control, possession or management by the permanent receiver appointed

hereunder of the property and assets owned, controlled or managed by or in the possession of Defendant 1inMM, or in any way to interfere with or harass the permanent receiver or her attorneys, accountants, employees, or agents or to interfere in any manner with the discharge of the permanent receiver's duties and responsibilities hereunder.

### VI.

IT IS FURTHER ORDERED that Defendant Zachary Horwitz and 1inMM, and their subsidiaries, affiliates, officers, agents, servants, employees and attorneys, shall cooperate with and assist the permanent receiver and shall take no action, directly or indirectly, to hinder, obstruct, or otherwise interfere with the permanent receiver or his attorneys, accountants, employees or agents, in the conduct of the permanent receiver's duties or to interfere in any manner, directly or indirectly, with the custody, possession, management, or control by the permanent receiver of the funds, assets, collateral, premises, and choses in action described above.

### VII.

IT IS FURTHER ORDERED that Defendant 1inMM, and its subsidiaries and affiliates, shall pay the costs, fees and expenses of the permanent receiver incurred in connection with the performance of his duties described in this Order, including the costs and expenses of those persons who may be engaged or employed by the permanent receiver to assist him in carrying out his duties and obligations. All applications for costs, fees, and expenses for services rendered in connection with the receivership other than routine and necessary business expenses in conducting the receivership, such as salaries, rent, and any and all other reasonable operating expenses, shall be made by application setting forth in reasonable detail the nature of the services and shall be heard by the Court.

### VIII.

IT IS FURTHER ORDERED that no bond shall be required in connection with the appointment of the permanent receiver. Except for an act of gross negligence, the

1 permanent receiver shall not be liable for any loss or damage incurred by any of the defendants, their officers, agents, servants, employees and attorneys or any other person, by reason of any act performed or omitted to be performed by the permanent receiver in connection with the discharge of his duties and responsibilities.

## IX.

IT IS FURTHER ORDERED that representatives of the SEC and any other government agency are authorized to have continuing access to inspect or copy any or all of the corporate books and records and other documents of Defendant 1inMM and its affiliates and subsidiaries, , and continuing access to inspect their funds, property, assets and collateral, wherever located.

## X.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction over this action for the purpose of implementing and carrying out the terms of all orders and decrees which may be entered herein and to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

IT IS SO ORDERED.

DATED: January 14, 2022

*Christine A. Snyder*

THE HON. CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE