LATHAM & WATKINS LLP
  Manuel A. Abascal (Bar No. 171301)
    *manny.abascal@lw.com*
355 South Grand Avenue, Suite 100
Los Angeles, California 90071-1560
Telephone: +1.213.485.1234
Facsimile: +1.213.891.8763

LATHAM & WATKINS LLP
  Joshua G. Hamilton (Bar No. 199610)
    *Joshua.Hamilton@lw.com*
10250 Constellation Blvd, Suite 1100
Los Angeles, California 90069
Telephone: +1.424.653.5509
Facsimile: +1.213.891.8763

Attorneys for Non-Party
City National Bank

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>  v.<br><br>ZACHARY HORWITZ, et al.,<br><br>    Defendants. | Case No. 2:21-CV-02927-CAS-GJS<br><br>**NON-PARTY CITY NATIONAL BANK'S APPLICATION FOR LEAVE TO FILE UNDER SEAL CERTAIN MATERIAL IN SUPPORT OF CITY NATIONAL BANK'S MOTION TO QUASH SUBPOENA**<br><br>Hon. Christina A. Snyder<br>Hon. Gail J. Standish<br><br>DISCOVERY MATTER |

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

CASE NO. 2:21-CV-02927-CAS-GJS
NON-PARTY CITY NATIONAL BANK'S
APPLICATION TO SEAL RE: MOTION TO QUASH

**TO THE COURT AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to Local Rule 79-5, non-party City National Bank ("CNB") hereby applies to the Court for an order permitting CNB to file under seal the Subpoena To Produce Documents, Information, Or Objects Or To Permit Inspection of Premises in a Civil Action ("Subpoena"), served by Michele Vives ("Receiver"), in her capacity as receiver, upon CNB. The Subpoena is attached as Exhibit 7 to the Declaration of Joshua G. Hamilton ("Hamilton Declaration") in Support of CNB's Motion to Quash Subpoena ("Motion to Quash").

This Application is brought for good cause on multiple, particularized grounds, including: (1) to enforce CNB's contractual right to alternative dispute resolution ("ADR"), including with respect to 1inMM Capital, LLC and certain of its related or affiliated entities (collectively, the "1inMM Related Clients") on whose behalf the Receiver purports to act; (2) to protect CNB's right to privacy; and (3) to avoid prejudice to CNB and its employees from the public dissemination of the details contained in the Subpoena.

Pursuant to Local Rule 79-5, CNB is not aware that any party intends to oppose this Application.

## I. LEGAL STANDARD

The standard for sealing documents filed in support of a motion depends on whether the motion is dispositive or non-dispositive. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179-81 (9th Cir. 2006) ("The public policies that support the right of access to dispositive motions, and related materials, do not apply with equal force to non-dispositive materials."). Non-dispositive motions only require a "particularized showing" of "good cause" as opposed to the higher "compelling reasons" standard. *Id.* at 1180; *see also Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (noting the "lower burden" of the "'good

1

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

CASE NO. 2:21-CV-02927-CAS-GJS
NON-PARTY CITY NATIONAL BANK'S
APPLICATION TO SEAL RE: MOTION TO QUASH

cause' standard"). This is because "the public has less of a need for access" to non-dispositive motions, which are often "unrelated or only tangentially related, to the underlying cause of action[.]" *Kamakana*, 447 F.3d at 1179; *United States v. Sleugh*, 896 F.3d 1007, 1014 (9th Cir. 2018) ("[S]ubpoenas, subpoena applications, and supporting affidavits, like civil discovery motions and supporting materials, are ordinarily only 'tangentially related to the underlying cause of action.'"). In fact, "[m]aterials submitted to a court for its consideration of a discovery motion are actually *one step further removed* in public concern from the trial process than the discovery materials themselves.'" *Sleugh*, 896 F.3d at 1015 (citing *United States v. Kravetz*, 706 F.3d 47, 54 (1st Cir. 2013)) (emphasis added).

## II. THE SUBPOENA SHOULD BE SEALED.

CNB seeks to seal only the Subpoena filed in support of its Motion to Quash, which does not and could not dispose of the underlying case or any other action. CNB thus need only demonstrate that "good cause" warrants sealing. Good cause exists for granting CNB's Application for several independent reasons.

*First*, the Motion to Quash is based on a purely legal issue: whether CNB's ADR agreements with the 1inMM Related Clients specified therein make the Subpoena unenforceable. *See generally* Mot. to Quash; *see also Selling Source, LLC v. Red River Ventures, LLC*, No. 2:09-CV-01491-JCM, 2011 WL 1630338, at *4 (D. Nev. Apr. 29, 2011) (finding good cause to seal portions of motion to compel where the non-dispositive filing contained factual inaccuracies involving a non-party). The specific contents of the Subpoena itself are "not important" to the Court's decision on the Motion to Quash "or to the public understanding" of such, *Saint Alphonsus Med. Ctr.-Nampa, Inc. v. St. Luke's Health Sys.*, Ltd., No. 1:12-CV-00560-BLW, 2014 WL 3101716, at *3 (D. Idaho July 3, 2014). Indeed, the actual content and scope of the Subpoena are immaterial to the legal issue presented by the Motion to Quash; *any* subpoena served on behalf of a 1inMM

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

Related Client and issued to CNB in this case would be unenforceable because of the requirement for ADR.

*Second*, there is good cause to seal the Subpoena, which is massively overbroad, includes 122 demands, references individual non-parties by name, and is not tied to any claim that can be brought in this Court. The unverified nature of the Subpoena's demands specifically harms and prejudices CNB. "Raw, unverified information should not be as readily disclosed as matters that are verified." *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995).

*Third*, the prejudice from public disclosure of a list of broad categories of documents specific to a non-party's business outweighs any need for public access. There is clearly "good cause" to seal the Subpoena, considering the irrelevance of its specific contents. *See Saint Alphonsus*, 2014 WL 3101716, at *3 (finding compelling reasons to seal information that "reveals potential affiliation that might be damaging to [individuals]" and was "[n]ot important to [the] Court['s] decision or to public understanding[.]").

*Fourth*, good cause exists to seal the Subpoena to protect the privacy interests of multiple non-party CNB employees and other individuals identified by name in the Subpoena. It is well established that "the privacy interests of innocent third parties . . . weigh heavily in the sealing calculus." *Martinez v. City of New York*, 2022 WL 17090292, at *2 (E.D.N.Y. June 8, 2022) (internal quotations omitted). Accordingly, "[r]equests to seal personal information are often granted to protect an individual's privacy and prevent exposure to harm, particularly where the information relates to nonparties." *In re Bofi Holding, Inc. Sec. Litig.,* No. 15-CV-2324-GPC-KSC, 2021 WL 3700749, at *8 (S.D. Cal. July 27, 2021) (sealing non-party former employees' personal information based on showing of good cause); *see also SteppeChange LLC v. VEON Ltd.*, 354 F. Supp. 3d 1033, 1045-46 (N.D. Cal. 2018) (granting motion to seal for good cause where documents contained personal identifying information of both parties and nonparties). Here,

neither CNB, nor any of its employees, are parties in this case.  That further strengthens CNB's showing of good cause.

*Fifth*, such privacy interests in nonparties' personal identifying information have routinely been held to outweigh public interest in access.  *See, e.g., Fed. Trade Comm'n v. AAFE Prod. Corp.*, No. 17-CV-00575-AJB-JMA, 2017 WL 3721695, at *1 (S.D. Cal. Aug. 29, 2017) (finding "justifications for sealing outweigh the public's interest in the non-party's personal information").  Indeed, courts have sealed such personal identifying information, including non-party employee names, even under the more stringent "compelling reasons" standard. *See, e.g., Snapkeys, Ltd. v. Google LLC*, No. 19-CV-02658-LHK, 2021 WL 1951250, at *3 (N.D. Cal. May 14, 2021) (finding compelling reasons to seal personal identifying information of company's current and former employees contained in exhibits to declarations in support of dispositive motion); *Opperman v. Path, Inc.*, No. 13-CV-00453-JST, 2017 WL 1036652, at *4 (N.D. Cal. Mar. 17, 2017) (sealing entire exhibit which included names and phone numbers of nonparties based in part on the compelling reason to protect non-party privacy interests).  The Subpoena was issued in an alleged Ponzi scheme case, but it includes multiple names of nonparties, including CNB employees.  Protecting such employees' privacy interests clearly meets the lower standard of good cause to seal the Subpoena.

*Sixth*, CNB's sealing request is supported by good cause because it is narrowly tailored.  CNB seeks to seal only a *single* exhibit: the Subpoena. *See eBay Inc. v. Boch*, No. 19-CV-04422-BLF, 2022 WL 1131720, at *2 (N.D. Cal. Mar. 21, 2022) (granting sealing request where "information [is] of minimal relevance to the merits of the motion" and the sealing "request is narrowly tailored").

4

CASE NO. 2:21-CV-02927-CAS-GJS
NON-PARTY CITY NATIONAL BANK'S
APPLICATION TO SEAL RE: MOTION TO QUASH

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

For the foregoing reasons, non-party CNB respectfully requests that the Court seal Exhibit 7 to the Hamilton Declaration.

Dated: March 15, 2023         LATHAM & WATKINS LLP

By /s/ Joshua G. Hamilton
Joshua G. Hamilton
*Attorneys for Non-Party
City National Bank*

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

5

CASE NO. 2:21-CV-02927-CAS-GJS
NON-PARTY CITY NATIONAL BANK'S
APPLICATION TO SEAL RE: MOTION TO QUASH