## Exhibit 3

**Nelson Declaration**

Terence G. Banich (SBN 212173)
terence.banich@katten.com
Allison E. Yager (*pro hac vice*)
allison.yager@katten.com
**KATTEN MUCHIN ROSENMAN LLP**
525 W. Monroe St.
Chicago, IL 60661
Telephone:   (312) 902-5665
Facsimile:    (312) 902-1061

*Attorneys for the Receiver*
Michele Vives

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>             Plaintiff,<br><br>      v.<br><br>ZACHARY J. HORWITZ; and 1inMM CAPITAL, LLC,<br><br>             Defendants. | Case No. 2:21-cv-02927-CAS-PD<br><br>**DECLARATION OF MARGARET GEMBALA NELSON**<br><br>Judge:         Hon. Christina A. Snyder<br>Courtroom:  8D |

Case No. 2:21-cv-02927-CAS-PD
DECLARATION OF MARGARET NELSON

I, Margaret Nelson, declare as follows:

1. I am over the age of eighteen years, am under no disability and am competent to testify to the matters set forth herein. Except as otherwise stated, all facts set forth in this declaration are based upon my personal knowledge and/or my review of documents. If called as a witness in this case, I could and would testify competently to the facts set forth in this declaration.

2. I submit this declaration in support of the *Motion of Receiver Michele Vives for Order Approving Settlement with Tyler Crookston*, dated May 26, 2023 (the "Motion"). Any capitalized terms not defined herein have the meanings ascribed to them in the Motion.

3. I am a partner at Foley & Lardner LLP ("Foley"), a law firm that, among other things, represents accounting firms, financial service entities, corporations and their professionals in auditor liability matters, government enforcement investigations and examinations, and complex securities and business litigation. I have more than 20 years of experience as a regulatory and litigation lawyer focusing on complex securities, accounting compliance, and commercial matters.

4. I represented Tyler Crookston with respect to the Investor Actions arising out of or relating to the 1inMM Ponzi Scheme, as well as the Settlement and other events described in the Motion.

5. In connection with the Investor Actions, Crookston asserted several defenses that could have resulted in the Investor Plaintiffs taking nothing.

6. The Settlement Payment—57% of the total Transfers—exceed what Crookston would have paid to resolve the Receiver Claims alone without a bar order.

7. The Settlement resolves a particularly complex multiparty dispute. The Bar Order also helped resolve complex claims that would have been difficult—if not impossible—to resolve independently.

8. Crookston wanted to achieve finality with a settlement, which he really could only accomplish through a deal with the Receiver.

9. The Bar Order is necessary to the Settlement because Crookston would not have settled with the Receiver without a bar order enjoining all future claims against him arising out of or relating to the 1inMM Ponzi Scheme and/or JJMT.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 26, 2023          /s/*Margaret G. Nelson*
in Chicago, Illinois                      Margaret Gembala Nelson