# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ZACHARY J. HORWITZ; and 1inMM CAPITAL, LLC,<br><br>Defendants. | Case No. 2:21-cv-02927-CAS-PD<br><br>**[PROPOSED] ORDER APPROVING SETTLEMENT WITH JOSEPH DEALTERIS, JACOB WUNDERLIN, MATTHEW SCHWEINZGER AND JJMT CAPITAL, LLC, AND FOR RELATED RELIEF** |

KATTEN MUCHIN ROSENMAN LLP
525 W. MONROE ST.
CHICAGO, IL 60661
(312) 902-5200

1   Upon consideration of the *Motion of Receiver Michele Vives for Order Approving Settlement with Joseph deAlteris, Jacob Wunderlin, Matthew Schweinzger and JJMT Capital, LLC, and for Related Relief*, dated July 28, 2023 (the "Motion"), the Court, having jurisdiction to hear and determine the Motion, has reviewed the Motion and accompanying memorandum of points and authorities and declarations in support thereof, considered the exhibits to the Motion, and concluded that all parties in interest have due and sufficient notice of the Motion; after due deliberation and consideration of the Motion, and there being good cause to grant the relief provided herein; it is, pursuant to the Court's power to supervise equity receiverships and all other powers in that behalf so enabling, hereby ORDERED:

1.   The Motion is GRANTED. Capitalized terms not defined herein have the meanings ascribed to them in the Motion or the Settlement Agreement.

2.   Notice of the Motion, including the Published Notice, is sufficient under the circumstances and satisfies due process, and any further notice otherwise required by Local Rule 66-7 is waived.

3.   The terms of the Settlement with Joseph deAlteris, Jacob Wunderlin, Matthew Schweinzger and JJMT Capital, LLC memorialized in the Settlement Agreement are fair and equitable, including without limitation, the Bar Order and the Administrative Claims, and the Settlement Agreement and its terms are therefore APPROVED.

4.   The Court hereby PERMANENTLY BARS, RESTRAINS and ENJOINS all persons and entities (except any governmental unit, as that term is defined by 11 U.S.C. § 101(27)), as well as their respective heirs, successors, assigns, subsidiaries, parents, affiliates, officers, directors, shareholders, members, managers, partners, representatives, agents, employees and attorneys, from commencing or continuing any civil action, administrative proceeding, arbitration or other adversarial proceeding against Joseph deAlteris, Jacob Wunderlin or

KATTEN MUCHIN ROSENMAN LLP
525 W. MONROE ST.
CHICAGO, IL 60661
(312) 902-5200

Matthew Schweinzger, as well as their wives, children and respective current and former employers, JJMT Capital, LLC, JJMT Management Co., LLC, J.T.H.D. Investments, LLC, JJMT Group, LLC, Chi Town Capital, LLC, the Windy City Entities, GMCS Investments, LLC, the JTHD Trust U/A/D 7/1/2016 and its settlors, trustees and beneficiaries, the deAlteris Family Legacy Trust U/A/D 4/1/2021 and its settlors, trustees and beneficiaries, the Wunderlin Family Legacy Trust U/A/D 4/20/2021 and its settlors, trustees and beneficiaries, the Wunderlin 2019 Trust U/A/D 9/5/2019 and its settlors, trustees and beneficiaries, the MCS Trust I U/A/D 7/12/2016 and its settlors, trustees and beneficiaries, the Matthew Schweinzger Legacy Trust U/A/D 3/19/2021 and its settlors, trustees and beneficiaries, GLD Trust No. 1 and its settlors, trustees and beneficiaries, Mohawk RE Trust No. 1 and its settlors, trustees and beneficiaries, and DJW Consulting, LLC, asserting any claim, cause of action, counter-claim, cross-claim or adversarial proceeding arising out of, in connection with or relating in any way to:

    (a)    The 1inMM Ponzi Scheme;

    (b)    Acts or omissions relating to JJMT Capital, LLC, JJMT Group, LLC, J.T.H.D. Investments, LLC or Chi-Town Capital, LLC;

    (c)    Acts or omissions relating to the 1inMM Ponzi Scheme or the 1inMM Defendants;

    (d)    Acts or omissions relating to any investment, loan or transfer of money to JJMT Capital, LLC, JJMT Group, LLC, J.T.H.D. Investments, LLC, Chi-Town Capital, LLC or 1inMM Capital, LLC and/or repayment or lack of repayment by JJMT Capital, LLC, JJMT Group, LLC, J.T.H.D. Investments, LLC, Chi-Town Capital, LLC or the 1inMM Defendants (in whatever form and however denominated, a "1inMM Claim").

All 1inMM Claims are hereby channeled into the Receivership Estate's claims distribution process that the Court will establish by separate order. *Provided,*

*however*, this order does not bar, restrain or enjoin: (x) the Receiver from asserting a claim to avoid and recover transfers to any of the persons and entities listed in paragraph 14 of the Agreement (other than JJMT Capital, LLC); or (y) any Investor Plaintiff from asserting a claim arising out of his or her employment by or investment in Acrisure, LLC and its subsidiaries and affiliates including but not limited to Acrisure Holdings, Inc.

5. The Receiver is AUTHORIZED to take such further actions as may be necessary to consummate the transactions in the Settlement Agreement, including without limitation, paying the Administrative Claims to the respective holders thereof in the amounts specified in the Settlement Agreement.

6. The Court retains exclusive jurisdiction to hear and determine any disputes arising out of or relating to the settlement approved by this order.

Dated:

                                                        United States District Judge