**RAINES FELDMAN LITTRELL LLP**
Kathy Bazoian Phelps (State Bar No. 155564)
kphelps@raineslaw.com
1900 Avenue of the Stars, Suite 1900
Los Angeles, California 90067
Telephone: (310) 440-4100
Facsimile: (310) 691-1943

*Counsel for Michele Vives,
Permanent Receiver*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ZACHARY J. HORWITZ, *et al.*,<br><br>Defendants. | Case No.: 2:21-cv-02927-CAS-PD<br><br>**NOTICE OF MOTION AND MOTION OF RECEIVER FOR REVIEW OF MAGISTRATE JUDGE'S DISCOVERY ORDER (DKT. 250) PURSUANT TO FED. R. CIV. P. 72**<br><br>Date: September 25, 2023<br>Time: 10:00 a.m.<br>Dept.: Courtroom 8D<br>Place: United States District Court<br>350 West 1st Street,<br>Los Angeles, CA 90012<br><br>Hon. Christina A. Snyder<br>Hon. Patricia Donahue |

1  **PLEASE TAKE NOTICE THAT** on September 25, 2023, at 10:00 a.m. in Courtroom 8D of the above-entitled Court, located at 350 West 1st Street, Los Angeles, CA 90012, Michele Vives, the receiver ("Receiver") for 1inMM Capital, LLC and its subsidiaries and affiliates, and over assets that are attributable to funds derived from investors or clients of Zachary J. Horwitz and 1inMM Capital, LLC, will and hereby does move this Court for review of Magistrate Judge Patricia Donahue's Discovery Order [Dkt. 250] regarding Non-Party City National Bank's Motion to Quash Subpoena pursuant to Fed. R. Civ. P. 72(a) and Local Rule 72-2.1 ("Motion") on the basis that the Magistrate Judge's ruling was clearly erroneous and contrary to law.

The Receiver believes that errors of both fact and law are contained in the Discovery Order, and she respectfully requests that the Court reverse the Discovery Order and compel CNB to comply with the Subpoena. The Receiver's Objections are summarized as follows:

1. The Discovery Order states that "The 1inMM Related Clients entered into multiple Account Agreements and TMSDAs with CNB that contained binding *arbitration* agreements." Discovery Order at 6 (emphasis added). That conclusion is incorrect and contrary to the evidence in the record. Not one of the 1inMM Related Clients is subject to an arbitration provision for at least the following reasons:

   a. The Account Agreements were repeatedly amended to expressly exclude arbitration provisions for California account holders. Other Alternative Dispute Resolution ("ADR") procedures such as judicial reference are included for California accounts, but not arbitration. The Discovery Order does not distinguish between judicial reference and arbitration;

   b. The 2023 Amendment (defined in the Motion) – that inserted an arbitration provision *after* the Receiver's appointment and *after* the

      Subpoena was served – is not binding on the Receiver. The Discovery Order improperly concludes that "these arbitration agreements, . . . *were in place prior to the Receiver's appointment*, even though she did not sign them or manifest assent." Discovery Order at 7 (emphasis added). The version of the Account Agreement applicable at the time of the Receiver's appointment (the 2020 Amendment) excluded arbitration for California account holders. CNB amended its Account Agreement after it received the Subpoena to include an arbitration provision that would apply to California account holders. There has been no assent to this after-hours arbitration provision.

      2.    The Discovery Order does not distinguish between information sought as to account holders that are receivership entities and account holders that are not receivership entities. The Receiver does not stand in the shoes of all of the persons whose records are the subject of the Subpoena, and she is not bound by account agreements or any ADR provisions of those nonreceivership account holders. Horwitz and MJLZ Trust are not receivership entities and the Receiver does not stand in their shoes.

      3.    The Discovery Order improperly found that an ADR-triggering event has occurred. There is no dispute here, quantifiable or otherwise. The Receiver is merely investigating potential claims.

      4.    Even if the Court concludes that an investigation constitutes a dispute, the only ADR applicable is judicial reference as set forth in the 2020 Amendment, and only as to the receivership entities (which excludes Horwitz and MJLZ Trust).

      5.    The Discovery Order prohibits the Receiver from doing her duties by precluding an important investigation of potentially substantial claims for the benefit of defrauded victims. Equity dictates that the Receiver should not be bound by ADR provisions, even if any should apply. The Ponzi schemer has been

removed from the contract relationships, and the Receiver should not be held to the terms of the ADR provision in the 2020. Arbitration and judicial reference of a receiver's dispute inherently conflict with Congress's desires and the purposes underlying 28 U.S.C. §§ 754 and 1692.

The Motion is made following the Receiver's communications with counsel for the Securities and Exchange Commission under Local Rule 7-3, and a conference with counsel for City National Bank which took place pursuant to Local Rule 7-3 on August 23, 2023.

This Motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities, filed concurrently; the briefing, declarations, and documents submitted in connection with Non-Party City National Bank's Motion to Quash Subpoena [Dkt. 195 *et seq.*; Dkt. 202 *et seq.*; Dkt. 203 *et seq.*]; all other papers on file with the Court; and upon such further oral argument, testimony and evidence as may be received at the hearing on this matter.

PLEASE TAKE FURTHER NOTICE that pursuant to Local Rule 7-9, any party who opposes the Motion must, not later than 21 days before the date of the hearing on the motion, serve upon all other parties and file with the Clerk either (a) the evidence upon which the opposing party will rely in opposition to the motion and a brief but complete memorandum which shall contain a statement of all the reasons in opposition thereto and the points and authorities upon which the opposing party will rely, or (b) a written statement that that party will not oppose the motion. Evidence presented in all opposing papers shall comply with the requirements of L.R. 7-6, 7-7 and 7-8.

///
///
///
///

| | | |
|---|---|---|
| 1 | DATED: August 25, 2023 | RAINES FELDMAN LITTRELL LLP |
| 2 | | |
| 3 | | By:  /s/ *Kathy Bazoian Phelps* |
| | | Kathy Bazoian Phelps |
| 4 | | |
| 5 | | *Counsel for Michele Vives* |
| | | *Permanent Receiver* |