Terence G. Banich (SBN 212173)
terence.banich@katten.com
Allison E. Yager (*pro hac vice*)
allison.yager@katten.com
**KATTEN MUCHIN ROSENMAN LLP**
525 W. Monroe St.
Chicago, IL 60661
Telephone:  (312) 902-5200
Facsimile:  (312) 902-1061

*Attorneys for the Receiver*
Michele Vives

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ZACHARY J. HORWITZ and 1inMM CAPITAL, LLC,<br><br>　　　　Defendants. | Case No. 2:21-cv-02927-CAS-PD<br><br>**APPLICATION OF RECEIVER MICHELE VIVES TO FILE MOTION TO APPROVE SETTLEMENT WITH CONFIDENTIAL COUNTERPARTY UNDER SEAL**<br><br>Judge:　　Hon. Christina A. Snyder<br>Courtroom:　8D |

Receiver Michele Vives (the "Receiver"), pursuant to Local Rule 79-5.2.2, hereby applies (the "Application") for an order sealing (a) her *Motion to Approve Settlement with [a Confidential Counterparty] and for Related Relief* and all declarations and exhibits thereto (the "Settlement Motion"), (b) any response to or reply in support of the Settlement Motion and (c) the order granting the Settlement Motion. In support of the Application, the Receiver files concurrently herewith under seal the *Declaration of Terence G. Banich* (the "Banich Declaration"), which attaches the materials required by Local Rule 79-5.2.2(a). The Receiver respectfully states:

## Factual Background

1. A group of investors in 1inMM Capital, LLC represented by Loftus & Eisenberg, Ltd. (collectively, the "L&E Clients"), the Receiver, the settling counterparty (the "Settling Firm") and their respective counsel were parties to a confidential, private mediation governed by California Evidence Code §§1119 *et seq.* before a JAMS mediator on March 15, 2023.

2. As set forth below and in the Settlement Motion, the Settling Firm, the L&E Clients and the Receiver have executed a mediated settlement agreement (the "Settlement Agreement"), the material terms of which include strict confidentiality and the filing of the Settlement Motion and all related documents under seal. (Banich Decl. Ex. 2.)

3. Preserving that confidentiality through a sealing order as set forth in the Settlement Agreement is critically important and is an express condition precedent to its legal effectiveness. The Settlement Agreement contains two and one-half single spaced pages of strict and detailed provisions to guarantee that all aspects of the settlement stay confidential. (Banich Decl. Ex. 2, Settlement Agreement, ¶¶ 7(a)-(h).) The Settlement Agreement requires the Receiver to seek Court approval of the settlement with an application for a sealing order "in order to maintain the

confidentiality of this Agreement." (*Id.* ¶ 8(c).) Indeed, the Settlement Agreement expressly provides that:

> "Complete confidentiality as set forth herein is a material term of this Agreement without which this Agreement would not have been made."

(*Id.* ¶ 8(f).)

4. The Settlement Motion and its supporting declarations and exhibits, including the Settlement Agreement itself, discuss matters made confidential by the Settlement Agreement. (Banich Decl. Ex. 1.) The Receiver therefore requests permission to file the Settlement Motion and its supporting declarations and exhibits under seal. Publicly filing these documents would violate the Settlement Agreement's express terms without which the settlement would not have been made and would risk irreparable harm to the professional reputation of the Settling Firm.

## Relief Requested

5. The Application should be granted. Courts have repeatedly recognized the rights of parties to confidential settlements to keep their terms confidential from third parties. In *Hinshaw, Winkler, Draa, Marsh & Still*, 51 Cal. App. 4th 233, 241-42 (1996), for example, the Court of Appeal reversed the trial court's order permitting discovery of a confidential settlement agreement and granted petitions for writ of mandate/prohibition. The court held that the public policy favoring settlements and the parties' express agreement for confidentiality require a third party to show a "compelling need" to know the terms of the settlement before confidentiality can be abrogated, a showing not made in that case:

> "The privacy of a settlement is generally understood and accepted in our legal system, which favors settlement and therefore supports attendant needs for confidentiality. … These confidential settlement agreements are entitled to privacy protection. Plaintiffs have not made a sufficient showing of compelling need for the information to be entitled to invade that protection. … Our decision is influenced by the public policy favoring settlements, [and] the parties' expressed desire for confidentiality…"

Case No. 2:21-cv-02927-CAS-PD
APPLICATION OF RECEIVER MICHELE VIVES TO FILE MOTION TO APPROVE SETTLEMENT WITH CONFIDENTIAL COUNTERPARTY UNDER SEAL

2

1  *Id.* Similarly, in *Brantley v. Boyd*, 2013 WL 1786585 (N.D. Cal. 2013), the court denied third parties' motion for disclosure of confidential settlement agreements, holding that the movants failed to demonstrate a "sufficiently compelling need for the Court to abrogate the parties' expectation of confidentiality." *Id.* at *1.

6. Disclosure of any of the terms of settlement, including but not limited to the settlement payment, would likely irreparably injure the Settling Firm's unblemished professional reputation and standing. The Receiver understands that disclosure of the settlement terms would expose the Settling Firm to significant embarrassment, damage to its reputation and potential loss of clients because outsiders might construe the amount of the settlement payment without more to be an admission of liability, which it is not.

7. The Settling Firm is not a party to any proceeding before this Court. It is a party to a confidential, private mediation proceeding governed by California's strict mediation confidentiality statute. As a matter of law, it would be contrary to the strong public policy favoring mediation to allow outsiders to learn of settlements achieved in the course of mediation proceedings. In *Fireman's Fund Ins. Co. v. Cunningham Lindsey Claims Management, Inc.*, 2005 WL 1522783 (E.D.N.Y. 2005), the court so held even with respect to an award issued in a confidential arbitration:

> "There are important policy interest[s] involved in protecting the expectations of confidentiality belonging to parties who have chosen an alternative means of dispute resolution. Federal policy, as evidenced by the enactment of the Alternative Dispute Resolution Act of 1998 and the Federal Arbitration Act, favors alternative dispute resolution ('ADR'), and particularly arbitration. Thus, protecting confidentiality agreements…promotes federal policy and encourages ADR by ensuring that parties in an arbitration proceeding get the protections for which they contracted."

*Id.* at *3 (citations omitted). If, as in *Fireman's Fund*, an actual award was entitled to confidential treatment because of the confidential nature of arbitrations, that logic

Case No. 2:21-cv-02927-CAS-PD
APPLICATION OF RECEIVER MICHELE VIVES TO FILE MOTION TO APPROVE SETTLEMENT WITH CONFIDENTIAL COUNTERPARTY UNDER SEAL

3

applies with even greater force to a Settlement Agreement made in a confidential mediation governed by California's mediation confidentiality statute and expressly conditioned on strict confidentiality. Moreover, the Settling Firm, the L&E Clients and the Receiver have bound themselves to treat all aspects of the mediation as confidential. The Motion analyzes the specific claims the L&E Clients have made against the Settling Firm and the Settling Firm's defenses thereto.

8. Mediation confidentiality is strictly protected in California by statute. Cal. Evid. Code §§ 1119 *et seq.*; *Cassel v. Superior Court*, 51 Cal. 4th 113, 118 (2011) ("We have repeatedly said that these confidentiality provisions are clear and absolute."). Federal courts have sealed mediated settlement agreements. *See, e.g., Perez v. Ford Motor Co.*, 2012 WL 394187 (E.D. Cal. 2012) (granting sealing order for mediated settlement agreement with motion for good-faith determination). It would undermine the strong public policy favoring settlement through confidential mediation if the Settlement Agreement were not sealed. *See, e.g., Brantley*, 2013 WL 1786585 at *1; *Hasbrouck v. BankAmerica Housing Servs.*, 187 F.R.D. 453, 459 (N.D.N.Y. 1999) (granting protective order for settlement agreement, reasoning "While protecting the confidentiality of settlement agreements encourages settlement, which is in the public interest, permitting disclosure would discourage settlements, contrary to the public interest…The public interest in maintaining confidentiality of settlements is therefore strong"), *aff'd*, 190 F.R.D. 42 (N.D.N.Y. 1999). A sealing order is thus both necessary and appropriate.

9. The Receiver will serve redacted copies of the Settlement Motion and its exhibits on parties in interest, copies of which are attached to the Banich Declaration as Exhibits 1R-6R and 7.

## Conclusion

10. For the foregoing reasons and those given in the Banich Declaration, the Receiver respectfully requests that the Court enter an order (substantially in the

Case No. 2:21-cv-02927-CAS-PD
APPLICATION OF RECEIVER MICHELE VIVES TO FILE MOTION TO APPROVE SETTLEMENT WITH CONFIDENTIAL COUNTERPARTY UNDER SEAL

4

proposed form submitted herewith): (a) granting the Application; (b) authorizing the Receiver to file under seal the Settlement Motion (Banich Decl. Exhibit 1U), its four exhibits (Banich Decl. Exhibits 2U-5U), the proposed order (Banich Decl. Exhibit 6U) and the form of publication notice (Banich Decl. Exhibit 7); (c) directing the Clerk of the Court to file under seal any response or objection to the Settlement Motion, any reply in support of the Settlement Motion and the order granting the Settlement Motion; and (d) granting such further relief as the Court deems necessary and appropriate.

Dated: September 1, 2023

Respectfully submitted,

**KATTEN MUCHIN ROSENMAN LLP**

By:  /s/*Terence G. Banich*
     Terence G. Banich

*Attorneys for the Receiver*
Michele Vives

Case No. 2:21-cv-02927-CAS-PD
APPLICATION OF RECEIVER MICHELE VIVES TO FILE MOTION TO APPROVE SETTLEMENT WITH CONFIDENTIAL COUNTERPARTY UNDER SEAL

5

# PROOF OF SERVICE

**STATE OF ILLINOIS, COUNTY OF COOK**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Cook, State of Illinois. My business address is 525 W. Monroe St., Chicago, Illinois 60661. On September 1, 2023, I served the following document(s) described as:

**APPLICATION OF RECEIVER MICHELE VIVES TO FILE MOTION TO APPROVE SETTLEMENT WITH CONFIDENTIAL COUNTERPARTY UNDER SEAL**

as follows:

**[ ]    BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Katten Muchin Rosenman LLP practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

**[ ]    BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused the document(s) to be sent from e-mail address terence.banich@katten.com to the persons at the e-mail address(es) listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**[ ]    BY OVERNIGHT MAIL (FedEx):** I enclosed said document(s) in an envelope or package provided by FEDEX and addressed to the persons at the addresses listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of FEDEX or delivered such document(s) to a courier or driver authorized by FEDEX to receive documents.

**[ ]    BY PERSONAL SERVICE:** I caused said document to be personally delivered the document(s) to the person at the addresses listed above by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office.

**[X]    E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

I declare under penalty of perjury under the laws of the State of Illinois that the foregoing is true and correct.

Executed on September 1, 2023, at Winnetka, Illinois.

*/s/Terence G. Banich*
Terence G. Banich