Terence G. Banich (SBN 212173)
terence.banich@katten.com
Allison E. Yager (*pro hac vice*)
allison.yager@katten.com
**KATTEN MUCHIN ROSENMAN LLP**
525 W. Monroe St.
Chicago, IL 60661
Telephone:  (312) 902-5200
Facsimile:   (312) 902-1061

*Attorneys for the Receiver*
Michele Vives

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. 2:21-cv-02927-CAS-PD |
| Plaintiff, | **RESPONSE OF RECEIVER MICHELE VIVES TO SUPPLEMENTAL OBJECTION OF JEFFREY ASK TO MOTION FOR ORDER APPROVING SETTLEMENT WITH THE JJM PARTIES** |
| v. | |
| ZACHARY J. HORWITZ and 1inMM CAPITAL, LLC, | |
| Defendants. | Judge:       Hon. Christina A. Snyder<br>Courtroom:  8D |

KATTEN MUCHIN ROSENMAN LLP
525 W. MONROE ST.
CHICAGO, IL 60661
(312) 902-5200

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Michele Vives, not individually, but solely as the federal equity receiver (the "Receiver") of defendant of 1inMM Capital, LLC and its subsidiaries, affiliates and over the assets more particularly described in the *Order on Appointment of Permanent Receiver*, dated January 14, 2022 [ECF #70], hereby responds to the supplemental objection submitted by Jeffrey Ask [ECF #268-1] (the "Supplemental Objection"), a net losing investor in the 1inMM Ponzi Scheme, to the Receiver's *Motion for Order Approving Settlement With Joseph deAlteris, Jacob Wunderlin, Matthew Schweinzger and JJMT Capital, LLC and for Related Relief*, dated July 31, 2023 [ECF #235] (the "Motion"), which also replies to the Receiver's response to his original objection, dated September 8, 2023 [ECF #262] (the "Response").[1]

## Response to the Supplemental Objection

1.     The Supplemental Objection is a sur-reply submitted without leave of Court,[2] adds nothing of consequence to the relevant analysis, unnecessarily wastes the Court's time and causes the Estate to incur needless attorney's fees and costs in responding to it. It should therefore be overruled.

2.     First, Mr. Ask persists in his incorrect assertion that the Receiver did not submit any evidence in support of the Motion. (Supp. Obj. ¶ 1.) As the Receiver pointed out (Resp. ¶ 9), she submitted an extensive declaration from herself as well as counsel for the Investors (Mr. Loftus). Declarations under penalty of perjury *are* evidence. 28 U.S.C. § 1746; *see, e.g., Eng. v. Estes Express Lines*, No. 5:16-CV-01353-CAS, 2017 WL 5633037, at *7 (C.D. Cal. Nov. 21, 2017) (Snyder, J.). And, more to the point, courts routinely admit declarations by receivers to establish facts resulting from the receiver's investigation and accounting of the receivership

---

[1] Capitalized terms not defined herein have the meanings ascribed to them in the Motion.

[2] LR 7-10 ("Absent prior written order of the Court, the opposing party shall not file a response to the reply."). Mr. Ask's original Objection was a response to the Motion, and the Receiver's Response was the reply in support of the Motion. The Supplemental Objection is thus a sur-reply that the Court did not permit him to file, so the Court should disregard it.

KATTEN MUCHIN ROSENMAN LLP
525 W. MONROE ST.
CHICAGO, IL 60661
(312) 902-5200

KATTEN MUCHIN ROSENMAN LLP
525 W. MONROE ST.
CHICAGO, IL 60661
(312) 902-5200

entities. *See, e.g., Seaman v. Richardson*, No. CV-18-00538-CJC, 2019 WL 4452976, at *1 n.2 (C.D. Cal. May 13, 2019), *aff'd*, 845 F. App'x 493 (9th Cir. 2021); *Sec. & Exch. Comm'n v. Total Wealth Mgmt., Inc.*, No. 15-CV-226-BAS-RNB, 2018 WL 3456007, at *4 (S.D. Cal. July 18, 2018). That is exactly what the Receiver has done here. (Mot. Ex. 2.) Mr. Ask simply demands "more" proof, which is an invalid basis to oppose the Settlement. (Resp. ¶ 7.)

3.    <u>Second</u>, Mr. Ask continues to suggest that $9 million is insufficient settlement consideration because he asserts that one of the JJM Parties allegedly has $29 million in stock options. (Supp. Obj. ¶ 1(a).) But Mr. Ask avowedly bases that information on something his former lawyer allegedly told him, which is obviously inadmissible hearsay. Fed. R. Evid. 802. Mr. Ask has no personal knowledge of this matter, as is necessary to be competent evidence. Fed. R. Evid. 602. So the Court should ignore those assertions. And they are irrelevant anyway. Determining an appropriate settlement amount is a "risk-weighted calculation," not a function of how much money the settling defendant has. (Resp. ¶ 9.) Moreover, the Receiver has already explained that she specifically examined the JJM Parties' ability to pay an adverse judgment, and concluded that they lacked the liquidity to do so. (Mot. at 12; Resp. ¶ 11.) Mr. Ask has, once again, presented no contrary evidence.

4.    And even if one of the JJM Parties actually had $29 million of liquidity[3]—which, again, the Receiver does not believe is true—that would merely mean that one of the *A&C Properties* factors (collection difficulties) swings from favoring settlement to being neutral. The Receiver need not satisfy each of the *A&C Properties* factors for the Court to approve the Settlement (Mot. at 7), so ultimately

---

[3] Stock options are not necessarily liquid assets, and in fact are oftentimes illiquid for a variety of reasons, including because they have yet to vest *or may never vest*. Mr. Ask simply assumes that that these alleged stock options—which he fails to identify—are liquid.

Case No. 2:21-cv-02927-CAS-PD
RESPONSE OF RECEIVER MICHELE VIVES TO SUPPLEMENTAL OBJECTION
OF JEFFREY ASK TO MOTION TO APPROVE SETTLEMENT WITH JJM PARTIES

2

Mr. Ask's assertion—even if correct—would not change the outcome.[4]

5.     <u>Third</u>, Mr. Ask suggests that it was wrong for the Receiver to state that all creditors other than him support the Settlement because they did not object to it, remarking that "[s]he interprets silence as support." (Supp. Obj. ¶ 2.) But so does the law. Receivers and bankruptcy trustees often use a negative notice procedure (like the Receiver did here) whereby courts deem a creditor's failure to object within a certain time period as an expression of non-opposition. *See, e.g., In re Erde*, No. 09-01829-PC, 2012 WL 603740, at *3 (B.A.P. 9th Cir. Jan. 31, 2012).[5] There is no substantive difference between saying "no other creditor objected to the Settlement" and "all other creditors support" it, as "[a] failure to oppose an argument permits an inference of acquiescence and acquiescence operates as a waiver." *Wojtas v. Cap. Guardian Tr. Co.*, 477 F.3d 924, 926 (7th Cir. 2007). Those semantics aside, the fact remains that *113 creditors of the Estate have affirmatively supported the Settlement* by becoming parties to the Settlement Agreement and expressly assenting to its terms. (Mot. Ex. 1 ¶ 20; Mot. Ex. 1 Schedule 5 at ¶ 5.) That leaves Mr. Ask as the sole objecting member of a creditor body that otherwise supports the Settlement.

6.     <u>Fourth</u>, Mr. Ask states that it is "quite simple" to determine net winners, net losers and the amount of the winnings. (Supp. Obj. ¶ 4.) This flippant assertion reveals that Mr. Ask is evidently not reading the Receiver's quarterly reports. Those reports explain the extraordinary amount of forensic accounting work the Receiver and her professional staff performed *to be in the position to calculate* net winnings and net losses resulting from the 1inMM Ponzi Scheme. For example, in the

---

[4] Mr. Ask "maintain[s]" that the JJM Parties are somehow "retaining" $15.3 million of their net winnings from the 1inMM Ponzi Scheme. (Supp. Obj. ¶ 1(e).) He is simply rehashing a point that the Receiver already answered. (Resp. ¶¶ 11-13.) And saying "I maintain" without personal knowledge, as Mr. Ask does, obviously has no evidentiary value. Fed. R. Evid. 602.

[5] The Local Rules similarly provide that "[t]he failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of [a] motion…." LR 7-12.

KATTEN MUCHIN ROSENMAN LLP
525 W. MONROE ST.
CHICAGO, IL 60661
(312) 902-5200

Case No. 2:21-cv-02927-CAS-PD
RESPONSE OF RECEIVER MICHELE VIVES TO SUPPLEMENTAL OBJECTION
OF JEFFREY ASK TO MOTION TO APPROVE SETTLEMENT WITH JJM PARTIES

3

1    Receiver's most recent report, she noted that:

2        To prepare for the JJMT Mediation, the Receiver and her
3        professional staff had to review and analyze *tens of*
         *thousands of banking transactions and hundreds of*
4        *financial records* associated with 1inMM, JJMT, JJ&M,
         Crookston and Horwitz covering a several-year period,
5        and then verify those transactions against the 1inMM
         financial transactions and banking records already in the
6        Receiver's possession.

7    [ECF #238 at 4 (emphasis added)] So Mr. Ask is simply wrong about the accounting

8    complexities attendant to the Settlement.

9        7.    And that issue is beside the point anyway. The complexity of *the*

10   *disputes being settled*—not the accounting work underlying a particular claim—is

11   what matters when approving a compromise. (Mot. at 6, 12.) Mr. Ask does not

12   explain why he thinks it was not complex to resolve the parties' claims and defenses.

13   Nor could he, as the Receiver already explained, and as the two-day marathon

14   mediation session alone demonstrates. (*Id.* at 1-3, 8-11.) It bears repeating that three

15   different groups of Investor Plaintiffs had sued the JJM Parties on various theories

16   pertaining to the 1inMM Ponzi Scheme, and the Receiver had asserted large UVTA

17   claims against the same defendants. (*Id.* at 1-2.) The Receiver and Investor Plaintiffs

18   were competing for the same group of assets, and did not always have harmonious

19   strategies or legal positions. (*Id.* at 4-5.) The JJM Parties, meanwhile,

20   understandably focused on achieving finality with a settlement, which only the

21   Receiver could realistically provide by way of a bar order. (*Id.* at 5.) That interplay

22   made it complex and difficult to settle these disputes. (*Id.*) Mr. Ask was not involved

23   in the litigation or mediation, so it is immaterial that he views the matter differently.

24       8.    Fifth, Mr. Ask again takes issue with the Receiver's analysis of the JJM

25   Parties' asserted defenses, which the Receiver has already addressed. (Resp. ¶¶ 12,

26   14-15.) Mr. Ask now wonders if the Receiver's claims against the JJM Parties are

27   potentially weakened by their defenses, "then why should the [R]eceiver handle

28   these claims in the first place instead of allowing victims to sue as a class?" (Supp.

KATTEN MUCHIN ROSENMAN LLP
525 W. MONROE ST.
CHICAGO, IL 60661
(312) 902-5200

Obj. 5.) That is a rhetorical question, not an argument against the Settlement. And it is not germane to boot. The issue of whether the Court should have appointed a receiver in this case is not before the Court. The Court's wisdom of doing so, however, is evidenced by the Receiver's adroit administration of the Estate, as recounted in her various quarterly reports, and the settlements—including this one—that will yield meaningful value to pay holders of allowed claims.

## Conclusion

9.     For the reasons stated above and in the Response, the Receiver respectfully requests that the Court enter an order overruling both the Objection and the Supplemental Objection, granting the Motion and awarding such further relief as the Court deems necessary and appropriate. The Receiver will separately lodge a revised proposed order to this effect.

Dated: September 14, 2023          Respectfully submitted,

**KATTEN MUCHIN ROSENMAN LLP**

By:    /s/*Terence G. Banich*
       Terence G. Banich

*Attorneys for the Receiver*
Michele Vives

KATTEN MUCHIN ROSENMAN LLP
525 W. MONROE ST.
CHICAGO, IL 60661
(312) 902-5200

## PROOF OF SERVICE

**STATE OF ILLINOIS, COUNTY OF COOK**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Cook, State of Illinois. My business address is 525 W. Monroe St., Chicago, Illinois 60661. On September 14, 2023, I served the following document(s) described as:

**RESPONSE OF RECEIVER MICHELE VIVES TO SUPPLEMENTAL OBJECTION OF JEFFREY ASK TO MOTION FOR ORDER APPROVING SETTLEMENT WITH THE JJM PARTIES**

as follows:

**[ ]   BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Katten Muchin Rosenman LLP practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

**[X]   BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused the document(s) to be sent from e-mail address terence.banich@katten.com to the persons at the e-mail address(es) listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

Mr. Jeffrey Ask (jeffask@gmail.com)

**[ ]   BY OVERNIGHT MAIL (FedEx):**  I enclosed said document(s) in an envelope or package provided by FEDEX and addressed to the persons at the addresses listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of FEDEX or delivered such document(s) to a courier or driver authorized by FEDEX to receive documents.

**[ ]   BY PERSONAL SERVICE:**  I caused said document to be personally delivered the document(s) to the person at the addresses listed above by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office.

**[X]   E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

I declare under penalty of perjury under the laws of the State of Illinois that the foregoing is true and correct.

Executed on September 14, 2023, at Chicago, Illinois.

*/s/Terence G. Banich*
Terence G. Banich

<div style="text-align:left; font-style:italic;">KATTEN MUCHIN ROSENMAN LLP<br>525 W. MONROE ST.<br>CHICAGO, IL 60661<br>(312) 902-5200</div>

Case No. 2:21-cv-02927-CAS-PD
RESPONSE OF RECEIVER MICHELE VIVES TO SUPPLEMENTAL OBJECTION
OF JEFFREY ASK TO MOTION TO APPROVE SETTLEMENT WITH JJM PARTIES