LATHAM & WATKINS LLP
  Joshua G. Hamilton (Bar No. 199610)
    *joshua.hamilton@lw.com*
  Chandler S. Howell (Bar No. 325329)
    *chandler.howell@lw.com*
10250 Constellation Blvd, Suite 1100
Los Angeles, California 90067
Telephone: +1.424.653.5500
Facsimile: +1.424.653.5501

LATHAM & WATKINS LLP
  Manuel A. Abascal (Bar No. 171301)
    *manny.abascal@lw.com*
355 South Grand Avenue, Suite 100
Los Angeles, California 90071-1560
Telephone: +1.213.485.1234
Facsimile: +1.213.891.8763

Attorneys for Non-Party
City National Bank

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ZACHARY HORWITZ, et al.,<br><br>Defendants. | Case No. 2:21-cv-02927-CAS-PD<br><br>**SUR-REPLY OF NON-PARTY CITY NATIONAL BANK IN SUPPORT OF OPPOSITION TO RECEIVER'S MOTION FOR REVIEW OF MAGISTRATE JUDGE'S DISCOVERY ORDER (DKT. 250) PURSUANT TO FED. R. CIV. P. 72**<br><br>**FILED PURSUANT TO ORDER OF THE COURT DATED 10/8/2023 (DKT. 280)**<br><br>Hearing Date: October 16, 2023<br>Hearing Time: 10:00 a.m.<br>Courtroom: 8D<br>Address: 350 W. First Street, 8th Fl.<br>    Los Angeles, CA 90012<br><br>Hon. Christina A. Snyder |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

CASE NO. 2:21-CV-02927-CAS-PD
NON-PARTY CITY NATIONAL BANK'S
SUR-REPLY ISO OPP. TO MOT. FOR REVIEW

## I. INTRODUCTION

Non-Party City National Bank ("CNB") submits this narrow sur-reply to address two issues the Receiver raised for the first time in her Reply brief in support of her Motion for Review of Magistrate Judge's Discovery Order Pursuant to Fed. R. Civ. P. 72. [Dkt. 275] ("Motion"). Specifically, the Receiver for the first time on Reply:

- Asserted that the District Court should apply de novo review to Magistrate Judge Patricia Donahue's August 11, 2023 Order Granting Non-Party City National Bank's Motion to Quash ("Order"), which directly contradicts her position in her moving papers that the "clearly erroneous and contrary to law" standard applies to this Court's review of the Order.
- Relied upon a new Ninth Circuit opinion, *Winkler v. McCloskey*, 2023 WL 6301667 (9th Cir. Sept. 28, 2023), decided three days after CNB submitted its Opposition on September 25, 2023.

In sum, the Receiver's untimely and legally unsound request to review the Order under a de novo standard should be rejected because it is contrary to well-settled authority that orders granting motions to quash are reviewed under the "clearly erroneous and contrary to law" standard. Further, the Ninth Circuit's recent decision in *Winkler* supports the Magistrate Judge's reasoned Order granting CNB's Motion to Quash and reversed a district court opinion that the Receiver had asked the Magistrate Judge to follow.

## II. ARGUMENT

### A. The Reply Brief Incorrectly Asserts For the First Time that Review Should Be De Novo, But The Proper Standard for Review Is "Clearly Erroneous and Contrary to Law"

The law is clear that this Court's review of the Order must be conducted under the "clearly erroneous and contrary to law" standard. Indeed, the Receiver argued in her Notice of Motion that "pursuant to Fed. R. Civ. P. 72(a) and Local

2

Rule 72-2.1 [Motions for Review of Nondispositive Rulings] . . . the Magistrate Judge's ruling was clearly erroneous and contrary to law." (ECF #251 at 1.) The Receiver's memorandum of points and authorities in support of her Motion similarly conceded that "[r]econsideration is appropriate 'where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.'" (Mot. at 17 (citing 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a)).) As both the Receiver and CNB argued in their moving and opposition papers, respectively, this standard that applies to non-dispositive rulings by a Magistrate Judge is "significantly deferential." (Mot. at 13-15, 19-23); *Green v. Baca*, 219 F.R.D. 485, 489 (C.D. Cal. 2003); *Diaz v. Heredia*, 2022 WL 18278590, at *1 (C.D. Cal. Nov. 21, 2022) ("A magistrate judge's decision in non-dispositive matters 'is entitled to *great deference* by the district court.'" (emphasis original)).

But after reviewing CNB's Opposition to her Motion, the Receiver took a complete 180-degree turn in her Reply brief filed on October 2, 2023. There, the Receiver *for the first time* argues that the District Court should apply a de novo review to the Magistrate Judge's Order pursuant to 28 U.S.C. § 636(b)(1)(C), which applies only to the review of certain *dispositive rulings* by a Magistrate Judge. The Receiver's about face on the standard of review, and failure to even argue in Reply that she can satisfy the "clearly erroneous and contrary to the law" standard for which she previously advocated, demonstrates that the Receiver has failed to satisfy this burden.

As a threshold point, the Court need not even consider the Receiver's belated standard of review argument raised for the first time on Reply. *See Kharti v. Wilkinson*, 835 Fed. Appx. 938, 939 n.1 (9th Cir. 2021) ("Although Khatri recognized in his opening brief that our review is for substantial evidence, he argued for the first time in his reply that a different standard of review applies. We decline to address that argument."). But even if the Court does consider it, it should be rejected. The proper standard of review of the Order is "clearly

erroneous and contrary to law" as a motion to quash is "non-dispositive because it disposes of an ancillary discovery issue, and not a party's claim or defense." *Tchrs. Ins. & Annuity Ass'n of Am. v. Munro*, 2022 WL 2234972, at *2 (C.D. Cal. May 9, 2022). Countless court decisions have found that a Magistrate Judge's decision on a motion to quash is reviewed under the clear error and contrary to law standard, and the Receiver fails to cite even a single case on point otherwise. *See e.g*, *Goldwater Bank, N.A. v. Elizarov*, 2023 WL 4295095, at *1 (C.D. Cal. May 8, 2023) (reviewing magistrate judge's order granting "non-dispositive" motion to quash subpoena under "clearly erroneous and contrary law standard"); *Doe v. Guillod*, 2023 WL 3432153, at *1 (C.D. Cal. Mar. 6, 2023) (same); *Delgado v. ILWU-Pma Welfare Plan*, 2020 WL 4760169, at *2 (C.D. Cal. July 14, 2020) (same); *Friedman v. Old Republic Home Prot. Co., Inc.*, 2014 WL 12845131, at *1 (C.D. Cal. June 24, 2014) (same); *Pickett v. Schwarzenegger*, 2010 WL 140386, at *3 (C.D. Cal. Jan. 11, 2010) (same); *Kumandan v. Google LLC*, , 2022 WL 4282622, at *1 (N.D. Cal. Aug. 25, 2022) (reviewing magistrate judge's order partially granting motion to quash under "clearly erroneous and contrary law" standard); *Wi-Lan, Inc. v. LG Elecs., Inc.*, 2011 WL 841271, at *1 (N.D. Cal. Mar. 8, 2011) (same).

The Receiver's request for a de novo standard of review is supported only by a footnote citation to a single inapposite case that did not involve a motion to quash. (Reply at 1 n.1 (citing *United States v. Reyna-Tapia*, 328 F.3d 1114, 1118 (9th Cir. 2003) (holding court did not err in declining to apply de novo review to a dispositive report recommending acceptance of a guilty plea)).) With regard to the standard of review, the Receiver was right in her Motion, but flat-out wrong in her Reply.

**B.    The Receiver's Reply Mischaracterizes the Ninth Circuit's Recent Ruling in *Winkler*, Which Affirms The Magistrate Judge's Ruling**

The Receiver's Reply fails to note that the new Ninth Circuit opinion in

4

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

CASE NO. 2:21-CV-02927-CAS-PD
NON-PARTY CITY NATIONAL BANK'S
SUR-REPLY ISO OPP. TO MOT. FOR REVIEW

*Winkler v. McCloskey*, 2023 WL 6301667 (9th Cir. Sept. 28, 2023) reversed and remanded a district court opinion on which the Receiver had heavily relied before the Magistrate Judge.  In *Winkler*, the Ninth Circuit unequivocally joined its sister circuits in holding that a "[r]eceiver is acting on behalf of the receivership entities, not other defrauded creditors" and "thus can be bound by an [arbitration] agreement signed by that entity." *Id.* at *1, *6.  The Receiver fails to even mention, let alone address, that this now-controlling precedent is fatal to the positions the Receiver took before the Magistrate Judge.

In opposing CNB's Motion to Quash before the Magistrate Judge, the Receiver cited to the district court's decision in *Winkler v. McCloskey*, 2022 WL 4355308, at *2 (C.D. Cal. Sept. 6, 2022) to argue that the Receiver had authority to reject all the 1inMM Related Clients' ADR agreements.  (ECF # 202 at 14.) In *Winkler*, the defendants moved to compel to arbitration an SEC equity receiver's claims based on agreements to arbitrate between a receivership entity and at least one of the defendants, which was alleged to be a successor-in-interest of the party to the arbitration agreements.  Relying on precedent interpreting the statutory powers of a bankruptcy trustee, the district court denied the motion to compel arbitration on the basis that the receiver was not bound by the arbitration agreements because the receiver was supposedly representing the interests of certain defrauded creditors, who had not signed the arbitration agreements.

In proceedings before the Magistrate Judge, the Receiver relied heavily on the now-overturned *Winkler* district court decision to request that the Magistrate Judge "deem the arbitration clauses rejected as an executory contract that has been repudiated." (ECF #202 at 14.)  CNB argued to the Magistrate Judge that the district court's decision in *Winkler* was incorrect and should not be followed.  The Magistrate Judge agreed with CNB and declined to follow it.  In her request for review of the Order, the Receiver repeated these arguments made to the Magistrate Judge (although this time without citing to the *Winkler* district court decision) to

claim "the Receiver has rejected" the ADR agreements and that "[i]t is inequitable to hold an equitable receiver to such terms and require her to use arbitration or other ADR." (Mot. at 23.)

A few days after CNB filed its Opposition, the Ninth Circuit issued its opinion reversing the *Winkler* district court decision. The Ninth Circuit's opinion is fully consistent with the arguments made by CNB to the Magistrate Judge and the Magistrate Judge's analysis. In light of the Ninth Circuit's devastating blow to the Receiver's arguments before the Magistrate Judge and her pending Motion, the Receiver's Reply desperately asserts new lines of argument, including that this Court should find the 2020 Amendment to the Account Agreement to be the operative, enforceable agreement between the parties. (Reply at 1-2.) The Receiver never asked the Magistrate Judge to issue such a finding, but rather asked that the Magistrate Judge find that the Receiver is entitled to repudiate *all* of the 1inMM Related Clients' agreements with CNB. (ECF # 202 at 14.)

The Receiver's new arguments must be rejected. "Motions to reconsider a magistrate judge's ruling 'are not the place for parties to make new arguments not raised in their original briefs.'" *Stoyas v. Toshiba Corp.*, 2022 WL 3030523, at *2 (C.D. Cal. July 29, 2022) (court "cannot" grant motion for review based on arguments not presented to magistrate judge) (quoting *In re Midland Credit Mgmt.*, 2020 WL 6504416, at *5 (S.D. Cal. Nov. 5, 2020)). Indeed, "[t]he purpose of the Federal Magistrate's Act is to relieve courts of unnecessary work. It would defeat this purpose if the district court was required to hear matters anew on issues never presented to the magistrate." *United States v. Boyce*, 2014 WL 7507240, at *7 (C.D. Cal. May 2, 2014) (citation omitted). Accordingly, "[p]arties must take before the magistrate, 'not only their 'best shot' but all of their shots.'" *Id.* ("This concept is premised on the same basis as the rule that an appellate court will not consider arguments not raised below except in the most compelling circumstances.").

Although the Ninth Circuit reaffirmed that a receiver may be bound by the receivership entity's agreements, it remanded the case for the district court to consider several factually intensive defenses the Receiver had raised to the arbitration agreements, including whether the individual defendants (as non-signatories) could be bound by the arbitration agreement, and whether the corporate defendant was in fact a successor-in-interest of the signatory to the arbitration agreement. These unresolved factual determinations and the applicability of certain defenses, which necessitated the Ninth Circuit's remand in *Winkler*, are completely absent here. Here, the Magistrate Judge specifically found, and Receiver does not dispute, that each of the 1inMM Related Clients executed Account Agreements that contained mandatory ADR provisions. (*See* Order at 3; ECF # 195-10–195-15, 195-18–195-26; *see also* Mot. at 5-8.)

The Receiver's Reply nevertheless cherry picks language from the Ninth Circuit's instructions on remand to argue that "the ADR provisions in the Account Agreements do not bind the Receiver" due to defenses not previously raised, including "unclean hands." (Reply at 4.) The notion that a receiver can somehow repudiate a contract based *on its own* "unclean hands" makes no sense. Moreover, it appears to be yet another about-face by the Receiver. In the Motion, she argued: "*In pari delicto* [a doctrine premised on unclean hands] is a defense that CNB, not the Receiver, would assert, ***and is a defense inapplicable to the issues raised in this matter***." (Mot. at 22 (emphasis added).)

Thus, far from mandating "revers[al] of the Discovery Order," Mot. at 19, the Ninth Circuit's recent decision in *Winkler* confirms the correctness of the Magistrate Judge's reasoning and her ruling.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

CASE NO. 2:21-CV-02927-CAS-PD
NON-PARTY CITY NATIONAL BANK'S
SUR-REPLY ISO OPP. TO MOT. FOR REVIEW

## III. CONCLUSION

For the foregoing reasons, as well as those in CNB's Opposition to the Motion, the Receiver's Motion should be denied.

Dated: October 9, 2023

Respectfully submitted,

**LATHAM & WATKINS LLP**

By /s/ Joshua G. Hamilton
  Joshua G. Hamilton
  *Attorneys for Non-Party*
  *City National Bank*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

8

CASE NO. 2:21-CV-02927-CAS-PD
NON-PARTY CITY NATIONAL BANK'S
SUR-REPLY ISO OPP. TO MOT. FOR REVIEW