Terence G. Banich (SBN 212173)
terence.banich@katten.com
Allison E. Yager (*pro hac vice*)
allison.yager@katten.com
**KATTEN MUCHIN ROSENMAN LLP**
525 W. Monroe St.
Chicago, IL 60661
Telephone: (312) 902-5200
Facsimile: (312) 902-1061

*Attorneys for the Receiver*
Michele Vives

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>        v.<br><br>ZACHARY J. HORWITZ and 1inMM CAPITAL, LLC,<br><br>    Defendants. | Case No. 2:21-cv-02927-CAS-PD<br><br>**APPLICATION OF RECEIVER MICHELE VIVES TO FILE MOTION TO APPROVE SETTLEMENT WITH CONFIDENTIAL COUNTERPARTY UNDER SEAL**<br><br>Judge: Hon. Christina A. Snyder<br>Courtroom: 8D |

      Receiver Michele Vives (the "Receiver"), pursuant to Local Rule 79-5.2.2, hereby applies (the "Application") for an order sealing (a) her *Motion to Approve Settlement with Confidential Counterparty and for Related Relief* and all declarations and exhibits thereto (the "Settlement Motion"), (b) any response to or reply in support of the Settlement Motion and (c) the order granting the Settlement Motion. In support of the Application, the Receiver files herewith under seal the *Declaration of Terence G. Banich* (the "Banich Declaration"), which attaches the materials required by Local Rule 79-5.2.2(a). The Receiver respectfully states:

## Factual Background

1. A group of investors in 1inMM Capital, LLC represented by Loftus & Eisenberg, Ltd. (collectively, the "L&E Clients"), the Receiver, the settling counterparty (the "Settling Entity") and their respective counsel were parties to a confidential, private mediation governed by California Evidence Code §§ 1119 *et seq.* before a JAMS mediator on May 3, 2023. (Banich Decl. ¶¶ 6-7.)

2. As set forth below and in more detail in the Banich Declaration and the Settlement Motion, the Settling Entity, the L&E Clients and the Receiver have executed a settlement agreement (the "Settlement Agreement"), the material terms of which include strict confidentiality and the filing of the Settlement Motion and all related documents under seal. (Banich Decl. ¶¶ 7-9; Banich Decl. Ex. 2U, ¶¶ 56-62; Sett. Mot. at 2-3.)

3. Preserving confidentiality through a sealing order is a material term of the settlement. (Banich Decl. ¶ 9.) The Settlement Agreement contains seven paragraphs of detailed provisions regulating the confidentiality of the settlement. (*Id.*; Banich Decl. Ex. 2U, Sett. Agmt. ¶¶ 56-62.) The Settlement Agreement requires the Receiver to seek Court approval of the settlement with an application for a sealing order in order to maintain its confidentiality requirements. (Banich Decl. ¶ 9; Banich Decl. Ex. 2U, Sett. Agmt. ¶ 58(b).) Indeed, the Settlement Agreement expressly provides:

KATTEN MUCHIN ROSENMAN LLP
525 W. MONROE ST.
CHICAGO, IL 60661
(312) 502-9200

> [The Settling Entity] represents and warrants that it would not be willing to enter into this Agreement without the promises of confidentiality set forth in this Section XIV [of the Settlement Agreement]. The Parties agree that the following terms addressing confidentiality are material, bargained-for terms of their Settlement and this Agreement.

(Banich Decl. Ex. 2U, Sett. Agmt. ¶ 56.)

4. The Settlement Motion and its supporting declarations and exhibits, including the Settlement Agreement itself, discuss matters made confidential by the Settlement Agreement. (Banich Decl. ¶¶ 9, 11; *see generally* Banich Decl. Ex. 1U.) The Receiver therefore requests permission to file the Settlement Motion and its supporting declarations and exhibits under seal. (Banich Decl. ¶¶ 10, 14.) Publicly filing these documents would violate the Settlement Agreement's express terms without which the settlement would not have been made, and would risk irreparable harm to the professional reputation of the Settling Entity and jeopardize the compromise generally. (*Id.* ¶¶ 10, 12, 15.)

## Legal Standards

5. In assessing whether documents may be filed under seal, there is a "strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). However, the Ninth Circuit has "carved out an exception to the presumption of access to judicial records" for "court records attached only to non-dispositive motions." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (cleaned up; internal citations omitted). These include, for example, "private documents" exchanged between the parties. *See, e.g., In re Seracare Life Scis., Inc.*, No. 05-CV-2335-H (CAB), 2007 WL 935583, at *15 (S.D. Cal. Mar. 19, 2007). "[T]he public has less of a need for access" to such documents "because those documents are often unrelated, or only tangentially related, to the underlying cause of action." *Kamakana*, 447 F.3d at 1179 (quoting *Foltz*, 331 F.3d at 1135) (cleaned up).

Case No. 2:21-cv-02927-CAS-PD
APPLICATION OF RECEIVER MICHELE VIVES TO FILE MOTION TO APPROVE SETTLEMENT WITH CONFIDENTIAL COUNTERPARTY UNDER SEAL

2

6. A party seeking to seal a judicial record must demonstrate "compelling reasons" to overcome the presumption of public access. *See, e.g., Kamakana*, 447 F.3d at 1178. But when the document to be sealed is unrelated or only tangentially related to the merits of the case, a party need only establish that "good cause" exists to file it under seal. *See, e.g., Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). The "'good cause' standard presents a lower burden for the party wishing to seal documents than the 'compelling reasons' standard." *Id.* Whether good cause exists is governed by Federal Rule of Civil Procedure 26(c), under which the Court may seal documents "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id.* (quoting Fed. R. Civ. P. 26(c)(1)).

7. Local Rule 79-5.2.2 regulates applications to file documents under seal in this district. Under that rule, a party must submit a declaration establishing good cause, a proposed order narrowly tailored to seal only sealable material and redacted and unredacted versions of the relevant documents. LR 79-5.2.2(a); *see also Doe v. City of Oxnard*, No. 2:16-cv-5213-CAS, 2016 WL 6583596, at *2 (C.D. Cal. Nov. 7, 2016) (Snyder, J.).

### Relief Requested

8. The Application should be granted. Good cause exists to seal the Settlement Motion, the Settlement Agreement and filings relating to its approval.

9. Courts in the Ninth Circuit have found good cause (or even compelling reasons) to seal confidential settlement materials. *See, e.g., Milliner v. Mut. Secs., Inc.*, No. 15-CV-03354-DMR, 2021 WL 2645794, at *5 (N.D. Cal. June 28, 2021) (finding that good cause existed to seal confidential settlement agreement given that the "interest in fostering settlement through the use of confidentiality provisions outweighs any interest in the public having access to the settlement agreement"); *Perez v. MEC Holding Co.*, No. 5:23-cv-00279-SSS, 2023 WL 4865538, at *2 (C.D. Cal. July 31, 2023) (inviting parties to file application to file confidential settlement

Case No. 2:21-cv-02927-CAS-PD
APPLICATION OF RECEIVER MICHELE VIVES TO FILE MOTION TO APPROVE SETTLEMENT WITH CONFIDENTIAL COUNTERPARTY UNDER SEAL

3

under seal), *granting application to file under seal*, No. 5:23-cv-00279-SSS at ECF #36 (unreported); *United Tactical Sys., LLC v. Real Action Paintball, Inc.*, No. 14-CV-04050-MEJ, 2015 WL 13390186, at *3 (N.D. Cal. Nov. 10, 2015) (sealing confidential settlement agreement where parties would not have agreed to settle absent confidentiality provision); *Boware v. Levi Strauss Distrib. Ctr.*, No. 2:23-cv-00579-GMN, 2023 WL 8435983, at *3 (D. Nev. Nov. 16, 2023) (finding compelling reasons to seal exhibits to motion to enforce settlement agreement, including agreed settlement terms and related communications, in order to strike balance between maintaining confidentiality and revealing nature of parties' dispute); *Prosurance Grp., Inc. v. Liberty Mut. Grp., Inc.*, No. 10-CV-02600-LHK, 2011 WL 704456, at *1 (N.D. Cal. Feb. 18, 2011) (applying good cause standard with respect to motion to enforce confidential good faith settlement, which was "only tangentially related to the merits of the underlying cause of action," and finding good cause to seal any documents discussing or disclosing settlement terms); *Facebook, Inc. v. ConnectU, Inc.*, No. C 07-01389 JW, 2008 WL 11357787, at *3 (N.D. Cal. July 2, 2008) (as "the presumption of public access to settlement conferences, settlement proposals, and settlement conference statements is very low or nonexistent under either constitutional or common law principles…allowing a confidential settlement to remain privileged serves a sufficiently important public interest") (cleaned up; internal citations omitted).

      10.    Good cause exists particularly where a settlement results from a mediation subject to California's mediation confidentiality statute.[1] *See, e.g., Perez v. Ford Motor Co.*, No. 1:10-CV-02213-LJO, 2012 WL 201849, at *3 (E.D. Cal.

---

[1] Mediation confidentiality is strictly protected in California. Cal. Evid. Code §§ 1119 *et seq.*; *Cassel v. Sup. Ct.*, 51 Cal. 4th 113, 118 (2011) ("We have repeatedly said that these confidentiality provisions are clear and absolute.").

Case No. 2:21-cv-02927-CAS-PD
APPLICATION OF RECEIVER MICHELE VIVES TO FILE MOTION TO APPROVE
SETTLEMENT WITH CONFIDENTIAL COUNTERPARTY UNDER SEAL

4

Jan. 23, 2012) (granting sealing order for mediated settlement agreement with motion for good-faith determination), *report and recommendation adopted*, No. 1:10-CV-02213-LJO, 2012 WL 394187 (E.D. Cal. Feb. 6, 2012); *cf. Troyer v. Liebherr Cranes, Inc.*, No. SACV 17-00414-CJC, 2019 WL 1460629, at *2 (C.D. Cal. Feb. 11, 2019) (noting that confidential settlement agreement resulting from two-day confidential mediation was filed under seal; order finding good cause to grant application to file settlement agreement under seal entered at ECF #98 (unreported)).

11.   Public policy strongly favoring compromises likewise supports sealing confidential settlement agreements. *See, e.g., United Tactical Sys.*, 2015 WL 13390186, at *3 ("[C]onfidential settlements benefit society and the parties involved by resolving disputes relatively quickly, with slight judicial intervention, and presumably result in greater satisfaction to the parties. Sound judicial policy fosters and protects this form of alternative dispute resolution.") (internal citation omitted); *Facebook*, 2008 WL 11357787, at *3 (similar); *Villa v. Cole*, 4 Cal. App. 4th 1327, 1338 (1st Dist. 1992) ("[I]t is a well-established public policy in this state that settlements of litigation are favored and should be encouraged."); *Fisher v. Sup. Ct.*, 103 Cal. App. 3d 434, 441 (2d Dist. 1980) ("Settlement agreements are highly favored as productive of peace and goodwill in the community, and reducing the expense and persistency of litigation.") (cleaned up; internal citations omitted). Indeed, as the California Supreme Court recently recognized:

> The privacy of a settlement is generally understood and accepted in our legal system, which favors settlement and therefore supports attendant needs for confidentiality. . . . Routine public disclosure of private settlement terms would chill the parties' ability in many cases to settle the action before trial. Such a result runs contrary to the strong public policy of this state favoring settlement of actions.

Case No. 2:21-cv-02927-CAS-PD
APPLICATION OF RECEIVER MICHELE VIVES TO FILE MOTION TO APPROVE SETTLEMENT WITH CONFIDENTIAL COUNTERPARTY UNDER SEAL

5

*Monster Energy Co. v. Schechter*, 7 Cal. 5th 781, 793 (2019) (internal quotations and citations omitted).

12. Here, there is good cause to grant the Application and seal the Settlement Motion and other materials pertaining to the Settlement Agreement. The settlement is the result of a confidential mediation subject to California Evidence Code § 1119. (Banich Decl. ¶¶ 6-7.) The Settlement Motion contains an extensive discussion of the allegations and threatened claims against the Settling Entity that have not been made public, as well as various other matters related to the confidential mediation. (*Id.* ¶¶ 9, 11; *see generally* Banich Decl. Ex. 1U.) And, critically, the Settling Entity would not have settled absent an agreement to keep its identity and the settlement amount confidential, and to file under seal the court documents necessary to effectuate the settlement. (Banich Decl. ¶¶ 7, 10, 12-13.)

13. Disclosure of any terms of the settlement, including but not limited to the settlement payment, would likely irreparably injure the Settling Entity's unblemished professional reputation and standing. (*Id.* ¶ 12.) The Receiver understands that disclosure of the settlement terms would expose the Settling Entity to significant embarrassment, damage to its reputation and potential loss of business because outsiders might construe the amount of the settlement payment, without more, to be an admission of liability, which it is not. (*Id.*)

14. In light of the foregoing, it would undermine the strong public policy favoring settlement through confidential mediation if the Settlement Motion and Settlement Agreement were not sealed. A sealing order is thus both necessary and appropriate.[2] *See, e.g., United Tactical Sys.*, 2015 WL 13390186, at *3 (finding compelling reasons to seal confidential settlement agreement "[g]iven the

---

[2] Indeed, the Court has previously authorized the Receiver to file a confidential settlement under seal in this case for nearly identical reasons. [ECF #274]

Case No. 2:21-cv-02927-CAS-PD
APPLICATION OF RECEIVER MICHELE VIVES TO FILE MOTION TO APPROVE
SETTLEMENT WITH CONFIDENTIAL COUNTERPARTY UNDER SEAL

6

importance of protecting confidential settlement agreements and the description by [] counsel of the potential prejudice or harm that could result if the settlement terms were made public"); *Fireman's Fund Ins. Co. v. Cunningham Lindsey Claims Mgmt., Inc.*, No. 03CV0531 (DLI), 2005 WL 1522783, at *3-4 (E.D.N.Y. June 28, 2005) (sealing confidential mediated settlement agreement in light of the "important policy interest[s] involved in protecting the expectations of confidentiality belonging to parties who have chosen an alternative means of dispute resolution").

15. The Receiver will serve redacted copies of the Settlement Motion and its exhibits on parties in interest, copies of which are attached to the Banich Declaration as Exhibits 1R-6R and 7. (Banich Decl. ¶ 17.)

## Conclusion

16. For the foregoing reasons and those given in the Banich Declaration, the Receiver respectfully requests that the Court enter an order substantially in the proposed form submitted herewith: (a) granting the Application; (b) authorizing the Receiver to file under seal the Settlement Motion (Banich Decl. Ex. 1U), its four exhibits (*Id.* Exs. 2U-5U), the proposed order (*Id.* Ex. 6U) and the form of publication notice (*Id.* Ex. 7); (c) directing the Clerk of the Court to file under seal any response or objection to the Settlement Motion, any reply in support of the Settlement Motion and the order granting the Settlement Motion; and (d) granting such further relief as the Court deems necessary and appropriate.

Dated: March 19, 2024

Respectfully submitted,

**KATTEN MUCHIN ROSENMAN LLP**

By:  /s/*Terence G. Banich*
     Terence G. Banich

*Attorneys for the Receiver*
Michele Vives

Case No. 2:21-cv-02927-CAS-PD
APPLICATION OF RECEIVER MICHELE VIVES TO FILE MOTION TO APPROVE SETTLEMENT WITH CONFIDENTIAL COUNTERPARTY UNDER SEAL

7

# PROOF OF SERVICE

**STATE OF ILLINOIS, COUNTY OF COOK**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Cook, State of Illinois. My business address is 525 W. Monroe St., Chicago, Illinois 60661. On March 19, 2024, I served the following document(s) described as:

**APPLICATION OF RECEIVER MICHELE VIVES TO FILE MOTION TO APPROVE SETTLEMENT WITH CONFIDENTIAL COUNTERPARTY UNDER SEAL**

as follows:

**[ ]   BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Katten Muchin Rosenman LLP practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

**[ ]   BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused the document(s) to be sent from e-mail address terence.banich@katten.com to the persons at the e-mail address(es) listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**[ ]   BY OVERNIGHT MAIL (FedEx):**  I enclosed said document(s) in an envelope or package provided by FEDEX and addressed to the persons at the addresses listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of FEDEX or delivered such document(s) to a courier or driver authorized by FEDEX to receive documents.

**[ ]   BY PERSONAL SERVICE:**  I caused said document to be personally delivered the document(s) to the person at the addresses listed above by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office.

**[X]   E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

I declare under penalty of perjury under the laws of the State of Illinois that the foregoing is true and correct.

Executed on March 19, 2024, at Chicago, Illinois.

*/s/Terence G. Banich*
Terence G. Banich