# RESURGENCE
## MEDIA GROUP

12711 Ventura Blvd., Suite 300, Studio City, CA 91604

Michael Dwyer
EVP of Worldwide Sales and Distribution
E-mail: mdwyer@resurgencemedia.com

August 5, 2024, 2024

VIA EMAIL (mvives@douglaswilson.com)
Michele Vives
Receiver of 1inMM Capital, LLC
c/o Douglas Wilson Companies
1620 Fifth Avenue, Suite 400
San Diego, CA 92101

Re: **Resurgence Sales Agency – Rogue Black Assets**

Michele:

This letter shall set forth the terms of agreement between Michele Vives, solely in your capacity as Court Appointed Receiver as defined below (the "Receiver"), on the one hand, Resurgence Media Group, LLC ("Resurgence"), on the other hand, pursuant to which the Receiver shall engage the services of Resurgence in connection with the following facts:

Recitals

A. Pursuant to the Order on Appointment of a Permanent Receiver issued on January 14, 2022 by The Honorable Christina A. Synder of the United States District Court (the "Court"), Central District of California (the "Order"), in Case No. 2:21-cv-02927-CAS-PD entitled *Securities and Exchange Commission* ("SEC") *v. Zachary J. Horwitz* ("Horwitz") *and 1inMM Capital, LLC* ("1inMM" and together with Horwitz, collectively "Defendants"), Michele Vives of Douglas Wilson Companies ("DWC") was appointed the permanent receiver over the following (collectively, the "Subject Assets"): (A) 1inMM, which is a California limited liability company; and (B) over assets that are attributable to funds derived from investors or clients of the Defendants or were fraudulently transferred by the Defendants. The Order also empowers Vives, as Receiver of the Subject Assets, "to identify any other significant assets that may be available to compensate investors."

B. Defendant Horwitz, prior this date of issuance of the Order, was a one-half (1/2) owner of one-hundred percent (100%) of the Membership Interest in Rogue Black, LLC, a Delaware limited liability company ("Rogue Black"), a special purpose entity which had invested funds into certain motion picture assets (the "Pictures"). On September 29, 2022, the Court entered

Michele Vives
Douglas Wilson Companies
August 5, 2024
Page 2 of 4

an order appointing Michele Vives to be the Receiver of Rogue Black. The source of the invested monies into Rogue Black came from 1inMM. The other one-half (1/2) owner of Rogue Black was owned by ANLE Productions, Inc. until it forfeited its equity in Rogue Black to the Receiver. As a consequence, the Receiver owns 100 percent of the equity interests in Rogue Black.

C.       The Pictures include, without limitation, the eight (8) motion pictures listed on the Schedule "1" attached hereto and incorporated herein by this reference. Rogue Black, as well as all right, title and interest Rogue Black has in and to the Pictures, if any (the "Rogue Black Assets"), are therefore Subject Assets and, as such, the Receiver is empowered to exercise broad and sweeping powers over such assets which are enumerated in the Order (the "Powers").

D.       Pursuant to the terms and conditions set forth in this Agreement the Receiver wishes to engage Resurgence to arrange for the sale of the Rogue Black Assets (the "Sale").

Agreement

NOW, THEREFORE, in consideration of the foregoing which is hereby acknowledged sufficient and the mutual covenants contained in this Agreement, the Parties agree as follows:

1.       Services.       The Receiver hereby engages Resurgence as its exclusive agent with the power to arrange for the sale of the Rogue Black Assets, which shall include rendering some, or all, of the following services (the "Services"):

(a)       soliciting third-parties who may potentially be interested in acquiring the Rogue Black Assets ("Potential Buyer[s]");

(b)       assembling an on-line virtual data room ("Data Room") containing information necessary to facilitate reasonable due diligence requests of Potential Buyers, which Data Room may include:

(i)    a comprehensive set of Subdistribution Agreements pursuant to which each of the Pictures have been licensed;
(ii)   accounting statements from each Subdistributor reporting as to the Gross Receipts for each Picture and any portion to which Rogue Black and/or its subsidiaries may be entitlement to receive; and
(iii)  an inventory of the licensing availabilities for each of the Pictures.

(c)       arranging for Potential Buyers to execute customary Non-Disclosure Agreements as a condition precedent to accessing the Data Room; and

Michele Vives
Douglas Wilson Companies
August 5, 2024
Page **3** of **4**

    (d)  advising the Receiver in connection with negotiation of the terms and conditions pursuant to which 1inMM shall sell, transfer and assign some or all of the Rogue Black Assets to Potential Buyers (a "Transaction").

    The Receiver hereby engages Resurgence to render the Services during the Term. The Receiver shall an absolute right of approval with respect to all matters in connection with the Transaction, if any, which approval shall be exercised in the Receiver's sole discretion. For avoidance of doubt, no Transaction shall be effective unless and until (x) a written agreement, in form and substance acceptable to the Receiver, is duly executed by the Receiver and the Potential Buyer, and (y) the Court enters an order approving the Transaction and authorizing the Receiver to consummate it. Resurgence shall not have the authority to enter into any agreements on behalf of the Receiver, or to otherwise bind the Receiver or its affiliates in any way. Resurgence shall not make any representations to third parties that Resurgence in fact has such authority. Any agreements entered into with respect to the Rogue Black Assets shall provide that all amounts due to the Receiver thereunder are paid directly by the applicable third party to the Receiver. If Resurgence receives any sums pursuant to any such agreements in error, Resurgence shall hold such sums in trust for the sole benefit of the Receiver and shall immediately remit such sums to the Receiver.

2.  <u>Term</u>. The duration of Resurgence's engagement hereunder shall be ninety (90) days from the date hereof ("Term"), though the Parties may mutually agree to extend the Term in writing.

3.  <u>Sales Fee</u>. Resurgence shall be entitled to receive a fee in connection with any Transaction the Receiver enters into during the Term ("Sales Fee"), the amount of which Sales Fee shall be equal to twenty percent (20%) of one hundred percent (100%) any cash consideration actually received by the Receiver as consideration for the sale, transfer and/or assignment of the Rogue Black Assets to a third party ("Purchase Price"); provided that in no event shall the Sales Fee be an amount less than Twenty Thousand US Dollars (US$20,000). For avoidance of doubt, Resurgence shall not be entitled to any Sales Fee unless and until the Receiver actually receives the Purchase Price.

4.  <u>Key Men</u>. In the event that either Ray Reyes ("Reyes") or Michael Dwyer ("Dwyer") do not continue to serve in substantially their present capacity for Resurgence, or Reyes and Dwyer do not continue as the primary individuals actively providing services in connection with this agreement, then Receiver shall have the option, exercisable by written notice given to Resurgence, to terminate this agreement effective on the date of such notice, with Resurgence retaining no further rights or entitlements hereunder. Resurgence shall promptly notify Receiver in writing if and when any such event occurs.

5.  <u>No Binding Authority</u>. Resurgence shall have no power or authority to bind Receiver, 1inMM, Rogue Black or its subsidiaries and affiliates or to assume or create any obligation or

Michele Vives
Douglas Wilson Companies
August 5, 2024
Page 4 of 4

responsibility, expressed or implied, on their behalf, nor shall Resurgence represent to anyone that it has such power or authority.

6. <u>Non-Disclosure Agreement</u>. Resurgence shall simultaneously with the execution of this Agreement enter into a separate Non-Disclosure Agreement outlining Resurgence's obligation to maintain the confidentiality of the information obtained in connection with the engagement hereunder.

7. <u>General</u>.

(a) <u>Court Approval</u>. The validity of this Agreement, and the Parties' obligations hereunder, are subject to the condition precedent that the Court enters an order approving its material terms and authorizing the Receiver to perform thereunder (the "Approval Order"). Resurgence will support the entry of the Approval Order and will, upon the Receiver's reasonable request, submit a declaration in support thereof and attend any hearing in connection therewith.

(b) <u>Entire Agreement</u>. This Agreement contains the entire understanding and agreement of the Parties with respect to the subject matter hereof, supersedes all prior agreements and understandings relating to the subject matter hereof and shall not be amended except by a written instrument hereafter signed by the Parties.

(c) <u>Choice of Law / Forum</u>. This Agreement shall be subject to the laws of the State of California applicable to agreements wholly executed and performed therein, and all parties hereby irrevocably consent to the exclusive jurisdiction of the Court that appointed the Receiver for any court matters arising hereunder.

(d) <u>No Implied Rights or Remedies</u>. Nothing herein express or implied is intended or shall be construed to confer upon or to give any person or entity (other than the Parties), any rights or remedies under or by reason of this Agreement.

(e) <u>Severability</u>. If any provision of this agreement is held to be void, invalid or inoperative, the remaining provisions of this agreement shall continue in full force and effect and the invalid portion of any provision shall be deemed modified to the least degree necessary to remedy such invalidity while retaining the original intent of the parties.

(f) <u>Assignment</u>. The Receiver may freely assign, delegate or otherwise transfer this agreement and any of its rights, obligations or benefits herein (either in whole or in part) to any third party. Resurgence may not assign, delegate or otherwise transfer all or any part of, or any interest in, its rights, obligations or benefits under this agreement to any third party. This agreement shall inure to the benefit of and be binding upon the Receiver and Resurgence, and their respective successors and assigns.

Michele Vives
Douglas Wilson Companies
August 5, 2024
Page 5 of 4

    (g)    <u>Paragraphs, Paragraph Headings and Defined Terms</u>. All enumerated subdivisions of this Agreement are herein referred to as "Paragraphs". The headings of the Paragraphs are for reference only and shall not limit or control the meaning thereof.

    (h)    <u>Counterparts</u>. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same agreement. Any Party may execute and deliver a counterpart of this Agreement by delivering by facsimile or other electronic transmission a signature page of this Agreement signed by such Party, and any such facsimile, PDF or similar electronic signature shall be treated in all respects as having the same effect as an original signature.

    If all the terms are satisfactory, please indicate your agreement by signing this letter and returning it to me.

    I very much look forward to working with you.

                Very truly yours,

                Michael Dwyer

**Receivership Estate of 1inMM**

By: _____
Name:  Michele Vives
Its:     Court Appointed Receiver

cc:    Ryan C. Baker (Rbaker@douglaswilson.com)
       Ray J. Reyes (rreyes@resurgencemedia.com)

Schedule "1"
Pictures

| No. | Picture | Yr of Release | Director | Principal Cast |
|---|---|---|---|---|
| 1. | *The White Crow* | 2018 | Ralph Fiennes | Oleg Ivenko<br>Ralph Fiennes<br>Louis Hofmann |
| 2. | *Farming* | 2018 | Adewale Akinnuoye-Agbaje | Kate Beckinsale<br>Adewale Akinnuoye-Agbaje<br>Theo Barklem-Biggs<br>Jaime Winstone<br>Damson Idris |
| 3. | *My Zoe* | 2019 | Julie Delpy | Julie Delpy<br>Richard Armitage<br>Daniel Brühl<br>Gemma Arterton<br>Lindsay Duncan |
| 4. | *Last Moment of Clarity* | 2020 | Colin Krisel<br>James Krisel | Samara Weaving<br>Brian Cox<br>Carly Chaikin<br>Udo Kier<br>Hal Ozsan |
| 5. | *Georgetown* | 2019 | Christoph Waltz | Christoph Waltz<br>Vanessa Redgrave<br>Annette Bening |
| 6. | *The Quarry* | 2019 | Scott Teems | Shea Whigham<br>Michael Shannon<br>Catalina Sandino Moreno |
| 7. | *The Gateway* | 2020 | Michele Civetta | Shea Whigham<br>Olivia Munn<br>Zach Avery |
| 8. | *Minamata* | 2020 | Andrew Levitas | Akiko Iwase<br>Kogarashi Wakasugi<br>Johnny Depp |